# PX 48

CHARGEBACK LOSS
PREVENTION SERVICE

CREDIT POWER LLC                                                              12/23/2013
MOHAN BAGGA
1401 PEACH TREE STREET
ATLANTA, GA 303090000

This is a notification of a chargeback initiated by:          WOODFOREST NATIONAL BANK

**CHARGEBACK ADJUST ADVICE**                                 **Respond By:  12/28/2013**

Reason:  Non-receipt of Merchandise

| CODE: | 4855 | CASE NO: | 2334812357 1 0 |
|---|---|---|---|
| TYPE: | Retail Sale | CARDHOLDER NO: | REDACTED0409 |
| MERCHANT NO: | 8788370013280 | REFERENCE NO: | 55421353309987187974872 |
| TRANSACTION AMOUNT: | USD 50.00 | TRANSACTION DATE: | 11/04/2013 |
| CHARGEBACK AMOUNT: | USD 50.00 | POSTING DATE: | 11/05/2013 |
| INVOICE/TICKET NO: | | RESOLVED DATE: | 12/20/2013 |
| ORIGINAL REF NO: | 30935239 | GL AMOUNT: | |
| UNIQUE ID:   CREDIT POWER LL | | | |

**ACTION TAKEN BY MERCHANT SERVICES**

- Verified this chargeback is valid and has been received within timeframes established by Visa/Mastercard rules and regulations.

- The above Chargeback Adjustment Advice Information is accurate.

- Your account has been adjusted because:

  Cardholder claims merchandise was not received. Please provide signed proof that the cardholder or a person authorized by the cardholder received the merchandise.

**Please Be Aware:**

- Review the "Merchant Action Necessary to Remedy Chargeback" section of the accompanying Chargeback Adjustment Reversal Request form. This will aid you in identifying the proper information or documents needed for us to make every effort to resolve this chargeback and collect your funds.

- Complete and return the Chargeback Adjustment Reversal Request form with your rebuttal documentation.

- You must supply chargeback rebuttal documentation no later than 12/28/2013 . Failure to do so will result in the forfeiture of your reversal rights established by current Visa/Mastercard rules and regulations.

- Your business checking account has been debited for the chargeback amount.

- Should you have further questions, a Merchant Services Representative is available to assist you Monday through Friday from 7am until 9pm at (800) 367-2638.

**CHARGEBACK ADJUSTMENT REVERSAL REQUEST**

For faster processing of your chargeback reversal request, please complete and attach this form to any documentation supporting your case. Please submit documents by 12/28/2013 .

Mail documents to:                                or fax to: FAX (443) 394-1915
_____Global Payments

Department CBD
10705 Red Run Boulevard
Owings Mills, MD 21117

**CHARGEBACK ADJUST ADVICE**

**Respond By:  12/28/2013**

| | | | |
|---|---|---|---|
| CODE: | 4855 | CASE NO: | 2334812357 1 0 |
| TYPE: | Retail Sale | CARDHOLDER NO: | REDACTED 0409 |
| MERCHANT NO: | 8788370013280 | REFERENCE NO: | 55421353309987187974872 |
| TRANSACTION AMOUNT: | USD 50.00 | TRANSACTION DATE: | 11/04/2013 |
| CHARGEBACK AMOUNT: | USD 50.00 | POSTING DATE: | 11/05/2013 |
| INVOICE/TICKET NO: | | RESOLVED DATE: | 12/20/2013 |
| ORIGINAL REF NO: | 30935239 | GL AMOUNT: | |
| UNIQUE ID:  CREDIT POWER LL | | | |

**MERCHANT ACTION NECESSARY TO REMEDY CHARGEBACK**

Please provide the following information:

> Merchant Name:  CREDIT POWER LLC

> Contact Person: _____

> Telephone No: _____    Fax No: _____

Reversal Reason (if insufficient space, please attach a separate page with your reason:)

_____

_____

_____

| Transaction Record(s) | | |
|---|---|---|
| ACQUIRER REFERENCE NUMBER:<br>55421353309987187974872 | CARDHOLDER ACCOUNT:<br>REDACTED 0409 | MERCHANT NUMBER:<br>8788370013280 |
| TRANSACTION AMOUNT:<br>USD 50.00 | TRANSACTION CODE:<br>05 | TRAN DATE: 11/04/2013 | INVOICE/TICKET NO: |
| AUTH SOURCE:<br>0 | CARDHOLDER ID METHOD:<br>5 | TRAN ID:<br>MDJK47EYR 1104 |
| CURRENCY CODE:<br>840 | MCC CODE:<br>8999 | POS ENTRY MODE:<br>81 |
| ORIGINAL REFERENCE NUMBER:<br>30935239 | BATCH DATE: | BATCH NUMBER: BATCH AMOUNT: |

PX48-000003

FPC000132.000003

## WOODFOREST DEBIT CARD DISPUTE FORM

Cardholder's Full Name: _Janice Murphy_

Card Number: **REDACTED** 0404

Dollar Amount Of Dispute: $50.??

Merchant Name: _Credit Power LLC_

Date of Transaction: _11/04/03_

Employee Accepting Dispute, Phone Number, and Branch #: _Case # 1297164U_

---

### MARK THE APPLICABLE REASON FOR THE DISPUTED TRANSACTIONS BELOW:

I participated in the tranaction listed above; however, I am disputing the transaction for the following reason:

☐ **I did not receive all the money from the ATM**
I requested $_____ but only received $_____

☐ **I cancelled the RECURRING transaction**
I had a recurring transaction arrangement with this merchant, but I cancelled the arrangement.
Date Cancelled: _____ Cancellation number: _____
Select method of cancellation: ○ (Phone) ○ (On-Line) ●(Mail)

☐ **The amount debited is not correct**
I authorized $_____ but was charged $_____
I made the payment/purchase: ○ In Person ○ Phone or Internet
○ I have a copy of my receipt or confirmation. ○ I DO NOT have a copy of my receipt or confirmation
*please provide details of your attempt to resolve your billing issue with the merchant, dates, times, contact name and their response*
_____
_____

☐ **I authorized one charge but the merchant processed multiple charges**
Are the charges for the same dollar amount, merchant name and transaction date?
○ YES ○ NO
*"If you answered NO, you must complete the dispute under section "paid by other means"*

☐ ~~I paid for the services or merchandise by another means~~*(must provide copy of alternate payment)*
I engaged in a transaction with this merchant; however, I paid for the same services or merchandise by another means:
○ Check ○ Cash ○ ACH Debit ○ Debit/Credit Card through *(bank name)*_____

☑ **I or my authorized representative did not receive the goods or services that were shipped, delivered or otherwise provided**
○ I authorized the transaction but I (or somone authorized by me) have not received the goods or services that were provided:
○ I authorized the transaction but cancelled the merchandise order and have not received the merchandise or credit from the merchant
○ I cancelled my request for services before the services were rendered and have not received a credit from the merchant

The services or goods were to be delivered on _11/04/13_
~~Date I cancelled the merchandise order or cancelled the services~~ _____
Provide a detailed description of the merchandise or services purchased *(may not be generic desicription such as "software")*
_was paying debt was informed by actual company as_
_payments have been applied to my debt, Can't reach_
_anyone at this company number given is disconnected._

☐ **I authorized the transaction but returned the merchandise or cancelled the service**
○ I have not received credit ○ The credit was less than what I expected
○ I have a copy of my return receipt or void slip ○ I DO NOT have a copy of my return receipt or void slip
I returned the merchandise or cancelled the service on _____, per the merchant's instructions, and the merchant accepted the merchandise or cancellation of services and it has failed to issue a credit, partial credit, or in-store credit or has withheld funds without proper closure, or reduced the refund amount without my consent

☐ ~~I was improperly assessed a motel/hotel "no show" fee~~
I made a reservation with this motel/hotel but I cancelled the reservation on date _____
○ Cancellation number _____ ○ No cancellation number received ○ Not advised of "no show' fee

☐ **The merchandise was defective or not as described to me**
Explain your dispute in detail, including your attempts to resolve the issue with the merchant and the merchant's response
_____
_____
_____
_____

Customer Signature: _Janice Murphy_

Date Customer Initiated Dispute: _____

PX48-000004

FPC000132.000004

## WOODFOREST DEBIT CARD DISPUTE FORM

Janice Murphy

REDACTED 0409

**Cardholder's Full Name**

**Card Number**

$120

Credit Power LLC

**Dollar Amount Of Dispute**

**Merchant Name**

12/03/13

Case # 12711690

**Date of Transaction**

**Employee Accepting Dispute, Phone Number, and Branch #**

---

**MARK THE APPLICABLE REASON FOR THE DISPUTED TRANSACTIONS BELOW:**

I participated in the tranaction listed above; however, I am disputing the transaction for the following reason:

- [ ] **I did not receive all the money from the ATM**
  I requested $ _____ but only received $ _____

- [ ] **I cancelled the RECURRING transaction**
  I had a recurring transaction arrangement with this merchant, but I cancelled the arrangement.
  Date Cancelled: _____ Cancellation number: _____
  Select method of cancellation: ○ (Phone) ○ (On-Line) ◉ Mail)

- [ ] **The amount debited is not correct**
  I authorized $ _____ but was charged $ _____
  I made the payment/purchase: ○ In Person ○ Phone or Internet
  ○ I have a copy of my receipt or confirmation. ○ I DO NOT have a copy of my receipt or confirmation
  *please provide details of your attempt to resolve your billing issue with the merchant, dates, times, contact name and their response*
  _____
  _____

- [ ] **I authorized one charge but the merchant processed multiple charges**
  Are the charges for the same dollar amount, merchant name and transaction date?
  ○ YES ○ NO
  *If you answered NO, you must complete the dispute under section "paid by other means"*

- [ ] **I paid for the services or merchandise by another means** *(must provide copy of alternate payment)*
  I engaged in a transaction with this merchant; however, I paid for the same services or merchandise by another means:
  ○ Check ○ Cash ○ ACH Debit ○ Debit/Credit Card through *(bank name)* _____

- [✓] **I or my authorized representative did not receive the goods or services that were shipped, delivered or otherwise provided**
  ○ I authorized the transaction but I (or somone authorized by me) have not received the goods or services that were provided;
  ○ I authorized the transaction but cancelled the merchandise order and have not received the merchandise or credit from the merchant
  ○ I cancelled my request for services before the services were rendered and have not received a credit from the merchant
  The services or goods were to be delivered on **12/03/13**
  ~~Date I cancelled the merchandise order or cancelled the services~~ _____
  Provide a detailed description of the merchandise or services purchased *(may not be generic description such as "software")*
  Was paying a debt but was informed by actual
  company my debt has not been paid merchant
  number no longer valid Cant reach anyone.

- [ ] **I authorized the transaction but returned the merchandise or cancelled the service**
  ○ I have not received credit ○ The credit was less than what I expected
  ○ I have a copy of my return receipt or void slip ○ I DO NOT have a copy of my return receipt or void slip
  I returned the merchandise or cancelled the service on _____, per the merchant's instructions, and the merchant accepted the merchandise or cancellation of services and it has failed to issue a credit, partial credit, or in-store credit or has withheld funds without proper closure, or reduced the refund amount without my consent

- [ ] **I was improperly assessed a motel/hotel "no show" fee**
  I made a reservation with this motel/hotel but I cancelled the reservation on date _____
  ○ Cancellation number _____ ○ No cancellation number received ○ Not advised of 'no show' fee

- [ ] **The merchandise was defective or not as described to me**
  Explain your dispute in detail, including your attempts to resolve the issue with the merchant and the merchant's response
  _____
  _____
  _____
  _____

Janice Murpl

**Customer Signature**

**Date Customer Initiated Dispute**

RX48.000005

# PX 49

# Transaction Dispute Form

## Transaction Dispute Form

**Name:** MIRANDA WALLACE
**Dispute Number:** 694201
**User ID:** 3069166
**Card Number:** REDACTED 0483   Status: Canceled
**Merchant Name:** CREDIT POWER LLC
**Dispute Method:** Customer Service Filed
**Transaction Date:** 12/09/2013
**Transaction Amount:** $225.00
**Email Address:** mwall81@charter.net
**Address:** 9530 Bear Cub Ct NE
Rockford, MI 49341-7560

## Dispute Details

| Dispute Details - MIRANDA WALLACE | 12/10/2013 18:48 (EST) |
|---|---|

```
+--- Online Form Submission -------------------+
|
| I did not authorize this transaction.
| I became aware of the unauthorized activity on 12/10/2013.
| I do not recognize the merchant transaction.
|
| Merchant Name: CREDIT POWER LLC
+----------------------------------------------+
+----Questions & Answers-----------------------+
```

-Did you have the card in your possession when the reported transaction was performed? Yes
Specific Details:
Yes

-Was the card lost, stolen or out of your possession at any time? No
Specific Details:
No, it is with me all the time

-Did you share your card or your card information (PIN) with anyone? No
Specific Details:
No

-Did you give anyone authorization to use your card? No
Specific Details:
No I did not

-Can you think of any other circumstance when someone other than you could have known your PIN or card number? No
Specific Details:
No, my PIN has never been shared.

-Have you provided your card number or PIN over the phone, via the internet, written a check, paid a bill, or agreed to a promotional offer for the amount of this transaction? No
Specific Details:
No, I certainly did not!

-How did you become aware of the erroneous activity on your account?
Specific Details:
I logged onto my online banking this morning to balance my check book and noticed the charge.

-When and where was the last time you used your card?
Date: 12/10/2013

PX49-000001

Where (Merchant Name): Founders Bank and Trust ATM
+---------------------------------------------+

Additional Details:
I did not give this merchant any permission to auto debit my account for any matter. This claim seems to be continued off my dispute from November of 2013 regarding my original dispute of the $100.00 charge on 11/08/13 for this same merchant.

I have made multiple attempts to contact this merchant at the number they called me from and have been unsuccessful. I have left multiple messages and not received a call back yet.

| Administrator Comment - Cynthia Hoehn | 12/10/2013 09:26 (EST) |
|---|---|

Why does the customer believe the transaction is in error?
The customer says she believes the transaction is in error because during her communication with the merchant, she never made arrangements for payments to be removed from her account. The customer has made attempts to contact the merchant and each time their voice mails answers. She has left multiple voice mails since the earlier part of November and the merchant has not returned her calls.

Did the customer authorize this transaction (at any time)? **No**

If customer authorize this transaction , was the merchant contacted? Yes

When and how did the customer first become aware of the unauthorized activity?
The customer first became aware of the activity today, 12/10/13, while reviewing her Higher One account online. There is another transaction the customer filed a claim on regarding this merchant as well regarding the same situation.

Was the card lost/stolen? No

Is the card in CHs possession? Yes

This form was submitted by the cardholder logging in to Higher One's secure website, which requires authentication of the cardholder's credentials. The cardholder generated an electronic message from their website account using the verified email address noted above.

PX49-000002

# PX 50

Bagga
Universal Debt & Payment Solutions, LLC                    4/15/2014

 1    business, the business of Universal Debt, and to
 2    figure out what relationship, if any, you have with,
 3    with LRS and debt collectors.
 4          With that said, what's your, your permanent
 5    address currently?
 6      A    6375 Whitestone Place, Duluth, Georgia
 7    30097, slash, 8076.
 8      Q    Do you have any seasonal residence?
 9      A    No, sir.
10      Q    Are you the owner of that, the house at
11    Whitestone Place?
12      A    No, sir.
13      Q    Who is the owner?
14      A    My ex-wife.
15      Q    What is her name, please?
16      A    It's a long name.  V-A-R-I-N-D-E-R-G-I-T,
17    that's the first name; middle initial K; last name
18    Bagga, B-A-G-G-A.
19      Q    Okay.  Before we go any further, I failed
20    to ask you a few preliminary questions.
21          Are you under the influence of any
22    substance that would prevent you from testifying
23    truthfully today?
24      A    No.  I just take regular medicine every
25    day.

PX50-000001

Bagga
Universal Debt & Payment Solutions, LLC                    4/15/2014

```
 1       Q    Okay.  And that medicine shouldn't
 2   influence your memory; is that right?
 3       A    No, sir.  It's a high blood pressure
 4   medicine.
 5       Q    Okay.  Thank you.
 6            Are you currently married?
 7       A    No.
 8       Q    When did you -- did you divorce from -- is
 9   it Varindergit?  Is that how you pronounce the name?
10       A    Yes.  Yes, sir.
11       Q    When did you and Varindergit divorce?
12       A    1985.
13       Q    And the house is in -- is still in
14   Varindergit's name; is that right?
15       A    That's right.
16       Q    Does Varindergit still live at the
17   residence?
18       A    Yes.
19       Q    And you live there as well; is that right?
20       A    Yes.
21       Q    Does anyone else live there?
22       A    My son, his wife, my two grandsons, and my
23   son's mother-in-law.
24       Q    What's your son's name?
25       A    Ishpal, I-S-H-P-A-L; middle initial S; last
```

For The Record, Inc.
(301) 870-8025 - www.ftrinc.net - (800) 921-5555

PX50-000002

# PX 51

Secretary of State.
Control No.: 14025167
Date Filed:3/14/2014 2:12:01 PM

# Articles of Organization

**The Name of the Limited Liability Company:**
VS PAYMENT SOLUTIONS LLC.

**The Principal Place of Business:**
6375 Whitestone Pl.
JONES CREEK, Georgia 30097

**Registered Agent's Name and Address:**
sumant khan
6375 White Stone Pl.
JONES CREEK, Georgia 30097, Fulton County

**Effective Date:** March 10, 2014

**Organizer(s):**

Varinderjit Bagga

6375 Whitestone Pl.
Jones Creek, Georgia 30097

sumant khan

3008 Oak Park Circle
Atlanta, Georgia 30324

**Optional Provisions:**

The purpose of this company is to collect all kinds of debt on a contingency basis, commercial receivables liquidations, extensive debt collections and to engage in corporate credit functions for businesses. The company will also perform the following services, credit reporting and background checks on customers, and applicants, skip tracing and asset and liability investigations, filing law suits through a law firm and attorney to exhaust collection agency start-up or expansion, feasibility of plans and project, promote the business, market portfolios, debt for buyers, debt for sellers, debt products and related software, training, publications, including sale of leads, placing any commercial debts for collection on a contingency basis, including but not limited to consumer debt, legal collection of accounts. Buying account receivables, consumer debt, buying mortgages, buying judgments, tax liens, finance of lease equipment, processing debt payments, and to engage in any related lawful act or activity for which LLC. may be organized.

**IN WITNESS WHEREOF, the undersigned has executed these Articles of Organization on the date set forth below:**
**Signed by:**
**Varinderjit Bagga Organizer**

**Date: 14 March, 2014**

**A person who signs a document submits an electronic filing he or she knows is false in any material respect with the intent that the document be delivered to the Secretary of State for filing shall be guilty of a misdemeanor and, upon conviction thereof, shall be punished to the highest degree permissible by law. [O.C.G.A. § 14-2-129.]**

PX51-000001
Khan, Sumant
Khan000019

# PX 52

## MERCHANT PROCESSING ACCOUNT

This agreement is made on 29 day of April 2014 by and between Marcus Brown resident of State of New York, residing at 142 Stratford Road, Buffalo, NY 14216, also the designated address on the New York drivers license ID ███0755 at 39 Ritt Ave, Buffalo, NY 14216 (hereinafter referred as "Marcus ") and V S PAYMENT SOLUTIONS LLC. represented by Ms varinderjit k Bagga incorporated under the laws of Georgia.

### WITNESSETH

WHEREAS, Marcus and and V.S. PAYMENT SOLUTIONS LLC. have reached an agreement individually as represented by him or through his company to process payments for debt collection practice companies.

WHEREAS, the company will be processing payment only through its account;

NOW THEREFORE, in consideration of mutual covenants, agreements and understandings, intending to be legally bound hereby, the parties agree as follows:

1.      Marcus or any of his affiliated represented companies or his involvement in the company managed by his family member to which he unconditionally consents and represents that he will not run any payments collected from leads through the company, which is illegal or will not run any payments through the designated companies gateway which are illegal or violative of the Federal Debt Practices Act in any form or manner. Marcus Brown brokering an account to process the payment through the company's gateway will also make Mr. Marcus Brown liable as accepted by him and executing this agreement.

2.      All disclosures of the debt payments being processed through the company's gateway and the through the company's merchant account will be given in the form of a written report at the end of the month to the company to Ms. Varinderjit k. Bagga and the reports can be submitted via e-mail on vkbagga@hotmail.com or another designated account sent by Ms Varinderjit k Bagga; If required by the company or its representative, Ms. Varinderjit k Bagga's demand for a written report on a weekly basis will be complied by Marcus Brown or any of his affiliated companies or companies where he could potentially be involved in the management of the debt collection practice.

3.      For any violations caused or exposing the merchant account through liability or for any illegal violations either tagged on the company as a result of processing debt payments will be the responsibility of Marcus Brown. Marcus Brown will be responsible for all the violations and the legal expenses, including any charge backs from another merchant account linked to the V S PAYMENT SOLUTIONS LLC. gateway. Incase of any violations and any form or misrepresentation, fraud or omission of any fact necessarily committed by Mr. Marcus Brown or any affiliated company would be the liability and responsibility

1



PX52-000001
Khan, Sumant
Khan000013

of Mr. Marcus Brown. Further Mr. Marcus Brown will be responsible to VS PAYMENT SOLUTIONS LLC, Ms Varinderjit k Bagga   and Mr. Sumant Khan personally for any fines assessed related to any form of violations.

4.      Any investigation by the FTC commission or the Consumer Financial Protection Bureau (CFPB) for any violations will be the responsibility for Marcus Brown and he will indemnify the company and Mr. Sumant Khan and Ms. Veena Bagga incase of any violations, including violations for processing payments and any fines assessed based on a Civil Investigative Demand by CFPB. Also the company strictly only processes payments and is not involved in collection of the debt in any form or manner.

5.      The commission paid to V S PAYMENT SOLUTIONS LLC. represented by Veena Bagga is five (5%) percent for processing of payments and otherwise. If the payment being processed exceeds a million dollars ($1,000,000) then the payments would be four (4%) percent, any amount below one million dollars ($1,000,000) will be charged at five percent.

6.      This agreement is valid for a period of one year, to be renewed at the option of and Mr. Sumant Khan only and subject to Marcus Brown resolving any and all possible violations as necessary.

7.      Incase of any dispute between the parties, it will be resolved through mediation between Marcus Brown and V S PAYMENT SOLUTIONS LLC. before resorting to any claims in court.

9.      This agreement is to be governed and construed in accordance with the laws of State of Georgia and United States of America.

10.    This agreement sets forth the understanding between the parties with respect to its subject matter, and supersedes and replaces any and all prior or contemporaneous warranties, representations, or agreements, whether oral or written, other than those contained in the agreement.

11.    This Agreement contains the entire understanding between the Parties, superseding any and all prior Agreements, and there are no terms, conditions, or covenants other than those expressly contained here.

12.    This Agreement may only be modified with a written agreement signed by the Parties, with the express intent of effecting such modification.

13.    Any provision of this Agreement held by a court with jurisdiction to be unlawful will be deemed severable and will not affect the legality or enforceability of any other provision of this Agreement.

    I HAVE READ AND UNDERSTAND THE FOREGOING AGREEMENT AND AGREE TO EACH OF ITS PROVISIONS in this agreement

2

PX52-000002
Khan, Sumant
Khan000014

I HAVE READ AND UNDERSTAND THE FOREGOING AGREEMENT AND AGREE TO EACH OF ITS PROVISIONS in this agreement

IN WITNESS of the agreements set forth herein, and being duly sworn and cautioned, the parties have signed this release on the following lines and on the following dates:

Marcus Brown                        V S PAYMENT SOLUTIONS LLC.

By: _____  By: _____

                                    Ms. Varinderjeet Bagga

Date: _____  Date: _4/29/14_

5

PX52-000003
Khan, Sumant
Khan000015

# PX 53

Attorney General Cuomo Announces Criminal Charges Against 12 Buffalo Debt Collectors | Attorney...

Case 1:15-cv-00852-RWS   Document 4-5   Filed 03/20/15   Page 20 of 58

# Attorney General
# Eric T. Schneiderman

OUR OFFICE    MEDIA CENTER    DIVISIONS    RESOURCES    INITIATIVES    CONTACT US    SEARCH

*Home* » *Media Center* » *Press Releases* » *September 29th 2009*

## Attorney General Cuomo Announces Criminal Charges Against 12 Buffalo Debt Collectors

BUFFALO, N.Y. (September 29, 2009) - Attorney General Andrew M. Cuomo today announced the filing of criminal charges against 12 employees of several Buffalo-area debt collection companies for posing as law enforcement officials and threatening to have consumers thrown in jail unless they immediately paid off the debts that they supposedly owed.

All of the individuals charged today worked for one or more of the debt collection companies owned by Buffalo resident Tobias Boyland, which were shut down in June under an order obtained by Cuomo's office. Since announcing that case during the summer, the Attorney General's Office has compiled more than 1,000 complaints against Boyland and his companies. Today's charges and arrests are a part of the Attorney General's ongoing probe into unlawful debt collection practices.

"The tactics allegedly used here are some of the worst of the worst in the debt collection business," said Attorney General Cuomo. "The defendants' alleged lies, deceit and intimidation caused many innocent people to pay money they didn't owe just to stop the terrifying calls. My office will continue to seek out and punish companies that prey on consumers and violate clearly written laws regarding debt collection."

According to the felony complaints, the defendants stole thousands of dollars from consumers from across the country by using the threat of criminal charges and incarceration to collect debts that often did not exist, had passed the statute of limitations or had been previously discharged through bankruptcy. The collectors also regularly inflated the amount owed on an actual debt and would falsely tell consumers that they were being sued in civil court.

The complaints allege that the collectors used false law enforcement identities to coerce and cajole terrified consumers into agreeing to make the payments. Frightened at the prospect of arrest and humiliation, consumers authorized withdrawals from their checking accounts, wired money, or sent money orders to the collectors. Consumers were intentionally given misleading names, addresses and telephone numbers that led them to believe the businesses were located far from the Buffalo area.

The 12 individuals were charged in Town of Cheektowaga Court with multiple counts of grand larceny in the 4th degree (class E felony), which carries a maximum sentence of 4 years in prison for each count. The following individuals were charged today:

➤ Tina Almond, 30, of Marsdale Road, Cheektowaga
➤ Marcus Brown, 32, of Hoyt Street, Buffalo
➤ Andrew Brzyski, 25, of Mary Lou Lane, Depew
➤ Boris Burch, 49, of Kenmore Avenue, Buffalo
➤ Rhonda DeSonsa, 44, of Thornton Avenue, Buffalo
➤ Jeremy Hapka, 22, of E. Rouen Drive, Buffalo
➤ Kenneth MacGregor, 33, of Hodge Avenue, Buffalo
➤ Danielle Miller, 33, of Highgate Avenue, Buffalo
➤ Tracey Pritchett, 39, of Humboldt Parkway, Buffalo

New York City Press Office: (212) 416-8060 ☏

Albany Press Office: (518) 473-5525 ☏

nyag.pressoffice@ag.ny.gov

Twitter: @AGSchneiderman

**Featured Video - A.G. Schneiderman Releases Report Raising Questions About How Charities Are Spending Almost Half A Billion Dollars In Sandy-Related Donations**

SHARE THIS:  🄵 🄶

**Featured Video - A.G. Schneiderman, MLB Commissioner Selig Announce New Anti-Discrimination Efforts**

SHARE THIS:  🄵 🄶

**Press Releases**

➤ 2013

   ➤ January
   ➤ February
   ➤ March
   ➤ April
   ➤ May

PX53-000001

LRS Litigation
LRS-002053

> ❯ Jammiea Simpson, 35, of Elmer Avenue, Buffalo
> ❯ Bennie Davis, 47, Howard Street, Buffalo
> ❯ Meghan Williams, 30, of Hussey Avenue, Buffalo

According to the criminal charges and a civil lawsuit filed by Cuomo's office in June, Boyland and three other individuals – Kayla Pritchett, Dellian Sharp and Dorian Wills - operated numerous collection companies in at least four locations in Western New York. The debt collection agencies operated under several names across the Buffalo area, including: Central Resource Management, Final Claims Asset Locators, Final Control Asset Locators, Interchange Payment Solutions, Next Step Services, Portfolio Asset Assurance, Silverbay Services, and Teleport. Boyland was recently indicted by an Erie County Grand Jury on weapon charges.

The federal Fair Debt Collection Practices Act and the New York State debt collection and consumer protection laws prohibit the following conduct: posing as an attorney, threatening lawsuits or other legal action which cannot be taken, saying a consumer committed a crime or will be arrested, and talking with third parties except to get location information. The law further requires collection agencies to send a written notice within five days of initial communication with the consumer explaining how he or she can dispute the debt. If properly disputed, the collection agency must stop all collection attempts and send verification.

The arrests and charges are part of an ongoing investigation by Attorney General Cuomo into unlawful debt collection practices. In recent months, Cuomo has shut down multiple debt collection companies and required others to reform their deceptive practices. Lawsuits against several other collection companies are pending.

Cuomo urges consumers to visit www.NYDebtHelp.com to learn their rights. The site allows victims of debt collection and debt settlement companies quick access to the Attorney Generals office to file complaints, and outlines the stages of the Attorney General's investigation.

The criminal case is handled by Assistant Attorney General Paul F. McCarthy under the supervision of Deputy Bureau Chief of the Criminal Prosecutions Bureau Richard Ernst and Executive Deputy Attorney General for Criminal Justice Robin L. Baker. The investigation was handled by Investigators Michael G. McCartney, Paul R. Scherf, Jr. and Sandra Migaj under the supervision of Deputy Chief Investigator James Domres. Staff from the Attorney General's Buffalo Regional Office is assisting in the case. The Attorney General thanked the Erie County Sheriff's Office for their help during the execution of the court ordered search warrants and the arrests of the defendants.

The charges against the defendants are merely accusations, and the defendants are presumed innocent unless and until proven guilty.

> ❯ June
> ❯ July

> ❯ 2012

> ❯ January
> ❯ February
> ❯ March
> ❯ April
> ❯ May
> ❯ June
> ❯ July
> ❯ August
> ❯ September
> ❯ October
> ❯ November
> ❯ December

> ❯ 2011

> ❯ January
> ❯ February
> ❯ March
> ❯ April
> ❯ May
> ❯ June
> ❯ July
> ❯ August
> ❯ September
> ❯ October
> ❯ November
> ❯ December

**Archived**

> ❯ 2010
> ❯ 2009
> ❯ 2008
> ❯ 2007
> ❯ 2006
> ❯ 2005
> ❯ 2004
> ❯ 2003
> ❯ 2002
> ❯ 2001
> ❯ 2000
> ❯ 1999
> ❯ 1998

PX53-000002

LRS Litigation
LRS-002054



| Executive | Criminal Justice | Economic Justice | Social Justice | State Counsel | Administration |
|---|---|---|---|---|---|
| Community and Intergovernmental Affairs<br><br>FOIL<br><br>Press<br><br>Regional Offices<br><br>Solicitor General<br><br>Criminal Appeals and Opinions<br><br>Conviction Review Bureau | Automobile Insurance Fraud<br><br>Criminal Prosecution Bureau<br><br>Organized Crime Task Force<br><br>Medicaid Fraud Control Unit<br><br>Public Integrity Bureau<br><br>Investigations Bureau<br><br>Taxpayer Protection Bureau | Antitrust Bureau<br><br>Consumer Frauds Bureau<br><br>Internet Bureau<br><br>Investor Protection Bureau<br><br>Real Estate Finance Bureau | Charities Bureau<br><br>Civil Rights Bureau<br><br>Environmental Protection Bureau<br><br>Health Care Bureau<br><br>Labor Bureau<br><br>Tobacco Compliance Bureau | Civil Recoveries Bureau<br><br>Claims Bureau<br><br>Litigation Bureau<br><br>Real Property Bureau<br><br>Sex Offender Management Bureau | Budget & Fiscal Management Bureau<br><br>Legal Recruitment<br><br>Human Resources |

## WWW.AG.NY.GOV
**Home | Contact Us | Privacy Policy | Disclaimer**

© 2012 NEW YORK STATE ATTORNEY GENERAL. All Rights Reserved.

PX53-000003

LRS Litigation
LRS-002055

# PX 54

CERTIFICATE OF CONVICTION-IMPRISONMENT          Sec. 380.60 C.P.L.

AT A TERM OF THE SUPREME COURT
held in and for the County of Erie, at the Erie County Hall,
In the City of Buffalo, on the 25TH day of JULY, 2005

Present-Honorable CHRISTOPHER J. BURNS, JSC
INDICTMENT # 2004-1671
SCI NO. 25147

THE PEOPLE OF THE STATE OF NEW YORK

                                         ADA: C. VOGEL

                                         DC: J. GLENN DAVIS

                    AGAINST              CR: S. THIE

MARCUS BROWN, Jr.
DOB REDACTED 969
DATE OF ARREST: 05-05-2005

                    (pled guilty)
The defendant above having (xxxxxxxxxx) in this court, on the 5TH day of MAY, 2005
of the crime COUNT 1: GRAND LARCENY IN THE SECOND (2ND) DEGREE, PL. 155.40, 20.00, "C" FELONY;
COUNT 2: SCHEME TO DEFRAUD IN THE FIRST (1ST) DEGREE, PL. 190.65-1b, 20.00, "E" FELONY;
COUNT 3: IDENTITY THEFT IN THE FIRST (1ST) DEGREE, PL. 190.80-1, "D" FELONY;

personally appears this day for judgment, the Court informs the defendant, the defendant's counsel and the District
Attorney of their rights to make statements and rebuttal to the Courts remarks under Section 380.50 of the C.P.L.

Judgment is thereupon pronounced that the said defendant be imprisoned in the
        At          N.Y., for the term of CUSTODY TIME: COUNT 1: THREE (3) YEARS, MAXIMUM
NINE (9) YEARS; COUNT 2: ONE AND ONE THIRD (1 $^1/_3$) YEARS, MAXIMUM FOUR (4) YEARS;
COUNT 3: TWO AND ONE THIRD (2 $^1/_3$) YEARS, MAXIMUM SEVEN (7) YEARS; CONCURRENT TO EACH
OTHER; $105,000.00 RESTITUTION; $200.00/$10.00 MANDATORY SURCHARGE/ CVAF IMPOSED.

I HEREBY CERTIFY the foregoing to be a true copy of the entry of Judgment upon the minutes in the above-
entitled action.

WITNESS my hand and the seal of said court this
16TH day of MARCH, 2015.

                                         CHRISTOPHER L. JACOBS
                                         Erie County Clerk

PX54-000001

716+858+8610                                                    :57:19 a.m.   03-17-2015        3 /13

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF ERIE

THE PEOPLE OF THE STATE OF NEW YORK          WAIVER OF INDICTMENT
                    vs.                       S.C.I. NO. 25147
                                              File No. 01671-2004
MARCUS O. BROWN, JR.

I, the defendant named above, having been held for action of a Grand Jury on
the charge(s) of:
1.  SCHEME TO DEFRAUD IN THE FIRST DEGREE, P.L. $190.65(1)(b), 20.00
2.  IDENTITY THEFT IN THE FIRST DEGREE, P.L. $190.80(1)
3.  GRAND LARCENY IN THE SECOND DEGREE, P.L. $155.40(1), 20.00
4.  GRAND LARCENY IN THE SECOND DEGREE, P.L. $155.40(1), 20.00
5.  COMPUTER TRESPASS, P.L. $156.10(2)

I hereby waive indictment and consent to be prosecuted by a Superior Court
Information charging the following offense(s):
1.  GRAND LARCENY IN THE SECOND DEGREE, P.L. $155.40(1), 20.00
2.  SCHEME TO DEFRAUD IN THE FIRST DEGREE, P.L. $190.65(1)(b), 20,00
3.  IDENTITY THEFT IN THE FIRST DEGREE, P.L. $190.80(1)

A.  September 1, 2002 - September 1, 2004
Approximate Date and Time of the commission of above offense
B.  Various addresses in Erie and Niagara Counties, including 150 Crosspointe
    Pkwy., Village of Getzville and 2350 N. Forest Rd., Village of Getzville,
    State of New York
Approximate Place of the commission of the above offense

I am aware that:
(a)  under the Constitution of the State of New York I have the right to be
prosecuted by indictment filed by a Grand Jury;
(b)  I waive such right and consent to be prosecuted by Superior Court
Information to be filed by the District Attorney;
(c)  the Superior Court Information to be filed by the District Attorney will
charge the offenses in this waiver; and
(d)  the Superior Court Information to be filed by the District Attorney will
have the same force and effect as an indictment filed by a Grand Jury.
This Waiver was signed by the defendant in open Court and in my presence.

                                             _____
                                             Signature
                                             MARCUS O. BROWN, JR.
I, the District Attorney of the              Defendant
County specified above, hereby
consent to this waiver                       _____
                                             Signature
                                             GLENN DAVIS, ESQ.
_____              Defense Attorney
FRANK J. CLARK
DISTRICT ATTORNEY OF ERIE COUNTY             _____
                                             Signature
                                             CANDACE K. VOGEL
                                             Assistant District Attorney

This **GRANTED**isfied that this waiver complies with the provisions of
Sections 195.10 and 195.20 of the Criminal Procedure Law, it is
~~April 27, 2005~~  MAY 05 2005 ORDERED, that this waiver is approved

BY _____          Enter.  _____
   SHARON A. MEIRA                          HON. CHRISTOPHER J. BURNS, J.S.C.
   COURT CLERK

                                                                    PX54-000002

SUPREME COURT : COUNTY OF ERIE

---

THE PEOPLE OF THE STATE OF NEW YORK

vs.

MARCUS O. BROWN, JR.

---

SUPERIOR COURT INFORMATION
No. 25147
File No. 01671-2004

FRANK J. CLARK, District Attorney of the County of Erie, by this Information accuses MARCUS O. BROWN, JR. of the following crimes:

FIRST COUNT: GRAND LARCENY IN THE SECOND DEGREE, in violation of §155.40(1), 20.00 of the Penal Law, in that he, the said MARCUS O. BROWN, JR., being intentionally aided by others, between on or about the 1st day of September, 2002 and on or about the 1st day of September, 2004, in this County, stole certain property, to wit: a sum of money from DISCOVER CARD having a value in excess of fifty thousand dollars ($50,000.00).

SECOND COUNT: SCHEME TO DEFRAUD IN THE FIRST DEGREE, in violation of §190.65(1)(b), 20.00 of the Penal Law, in that he, the said MARCUS O. BROWN, JR., being intentionally aided by others, between on or about the 1st day of September, 2002 and on or about the 1st day of September, 2004, engaged in a scheme constituting a systematic, ongoing course of conduct with intent to defraud more than one person or to obtain property from more than one person by false or fraudulent pretenses, representations or promises, and so obtained property with a value in excess of one thousand dollars ($1,000.00) from one or

more such persons, to wit: DISCOVER CARD, CHASE MANHATTAN BANK, CITIGROUP, PROVIDIAN BANK, BANK OF AMERICA, GM (HOUSEHOLD CREDIT SERVICES), U.S. BANK, TARGET CORPORATION, individual true nameholders and several private businesses who honored the fraudulently obtained credit cards.

THIRD COUNT: IDENTITY THEFT IN THE FIRST DEGREE, a class "D" felony, contrary to the provisions of Section 190.80(1) of the New York State Penal Law, in that he, the said MARCUS O. BROWN, JR., being intentionally aided by others, between on or about the 26th day of June, 2004 and on or about the 21st day of July, 2004, at various addresses in Erie and Niagara Counties, he knowingly and with intent to defraud assumes the identity of another person by presenting himself as that other person, or by acting as that other person or by using personal identifying information of that other person and thereby obtains goods, money, property or services or uses credit in the name of such other person in an aggregate amount that exceeds two thousand dollars ($2,000.00), to wit: obtained DISCOVER credit card in the name of JIMMY PORTER and charged $26,502.63.

FRANK J. CLARK
DISTRICT ATTORNEY OF ERIE COUNTY

PX54-000004

BUFFALO CITY COURT  :  COUNTY OF ERIE

THE PEOPLE OF THE STATE OF NEW YORK

                  FELONY COMPLAINT

       vs.

                  File No. 01671-2004

MARCUS O. BROWN, JR.,

              Defendant

I, Assistant District Attorney CANDACE K. VOGEL, the complainant herein, charge that one MARCUS O. BROWN, JR., the defendant, did commit the crimes of:

FIRST COUNT: SCHEME TO DEFRAUD IN THE FIRST DEGREE, a class "E" felony, contrary to the provisions of Section 190.65(1)(b), 20.00 of the New York State Penal Law, in that he, the said MARCUS O. BROWN, JR., being intentionally aided by others, between on or about the 1st day of September, 2002 and on or about the 1st day of September, 2004, at various addresses in Erie and Niagara Counties, engaged in a scheme constituting a systematic, ongoing course of conduct with intent to defraud more than one person or to obtain property from more than one person by false or fraudulent pretenses, representations or promises, and so obtained property with a value in excess of one thousand dollars ($1,000.00) from one or more such persons, to wit: DISCOVER CARD, CHASE MANHATTAN BANK, CITIGROUP, PROVIDIAN BANK, BANK OF AMERICA, GM (HOUSEHOLD CREDIT SERVICES), U.S. BANK, TARGET CORPORATION, individual true nameholders and several private businesses who honored the fraudulently obtained credit cards.

SECOND COUNT: IDENTITY THEFT IN THE FIRST DEGREE, a class "D" felony, contrary to the provisions of Section 190.80(1) of the New York State Penal Law, in that he, the said MARCUS O. BROWN, JR., being intentionally aided by others, between on or about the 26th day of June, 2004 and on or about the 21st day of July, 2004, at various addresses in Erie and Niagara Counties, he knowingly and with intent to defraud assumes the identity of another person by presenting himself as that other person, or by acting as that other person or by using personal identifying information of that other person and thereby obtains goods, money, property or services or uses credit in the name of such other person in an aggregate amount that exceeds two thousand dollars ($2,000.00), to wit: obtained DISCOVER credit card in the name of JIMMY PORTER and charged $26,502.63.

THIRD COUNT: GRAND LARCENY IN THE SECOND DEGREE, a class "C" felony, contrary to the provisions of Section 155.40(1), 20.00 of the New York State Penal Law, in that he, the said MARCUS O. BROWN, JR., being intentionally aided by others, between on or about the 1st day of September, 2002 and on or about the 28th day of October, 2004, at various addresses in Erie and Niagara Counties, stole certain property, to wit: a sum of money from DISCOVER CARD having a value in excess of fifty thousand dollars ($50,000.00).

FOURTH COUNT: GRAND LARCENY IN THE SECOND DEGREE, a class "C" felony, contrary to the provisions of Section 155.40(1), 20.00 of the New York State Penal Law, in that he,

PX54-000006

the said MARCUS O. BROWN, JR., being intentionally aided by others, between on or about the 28th day of October, 2002 and on or about the 1st day of September, 2004, at various addresses in Erie and Niagara Counties, stole certain property, to wit: a sum of money from CHASE MANHATTAN BANK having a value in excess of fifty thousand dollars ($50,000.00).

FIFTH COUNT: COMPUTER TRESPASS, a class "E" felony, contrary to the provisions of Section 156.10(2) of the New York State Penal Law, in that he, the said MARCUS O. BROWN, JR., between on or about the 28th day of October, 2002 and on or about the 1st day of September, 2004, at various addresses in Erie and Niagara Counties, knowingly uses or causes to be used a computer service without authorization and does so with an intent to commit or attempt to commit a felony, to wit: Identity Theft in the Second Degree.

The facts on which this accusation is made are of my own knowledge, upon my information and belief and based on the supporting papers which are attached hereto and made a part hereof.

CANDACE K. VOGEL
Assistant District Attorney

Sworn to before me this
24th day of April, 2005.

Karen F. Boelmon
Notary Public, State of New York
Qualified in Erie County.
My Commission Expires ___2 / 07 / 06___.

# CERTIFICATE OF CONVICTION OR DISCHARGE
## SUPERIOR COURT
## ERIE COUNTY
## BUFFALO, NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

INDICTMENT NO. 2004-1671
SCI NO. 25153

AGAINST

ADA: C. VOGEL

DC: J. JOHNSON

CR: S. THIE

TASHA PRATCHER
DOB: 03-17-1977
DATE OF ARREST: 05-05-2005

The above named defendant having been brought before the Honorable CHRISTOPHER J. BURNS, JSC

A JUSTICE of the SUPREME Court of Erie County, charged with **COUNT 1: GRAND LARCENY IN THE FOURTH (4TH) DEGREE,** PL. 155.30, 20.00; **COUNT 2: SCHEME TO DEFRAUD IN THE FIRST (1ST) DEGREE,** PL. 190.65-1b, 20.00; **COUNT 3: IDENTITY THEFT IN THE FIRST (1ST) DEGREE,** PL. 190.80-1, 20.00;

**And the above defendant having:**

Entered a plea of guilty on 05-05-2005

Been convicted after trial on ----------

Been acquitted after trial on -----------------

To a charge of **PETIT LARCENY, PL. 155.25, 20.00, "E" FELONY;**

And sentenced on 07-25-2005 to THREE (3) YEARS PROBATION; 100 HOURS COMMUNITY SERVICE; $8,000.00 RESTITUTION; $140.00/$20.00 MANDATORY SURCHARGE /CVAF WAIVED.

Charges dismissed and sealed per 160.50 cpl on ---------------

NO BILLED by the Grand Jury on ------------------

**WITNESS** my hand and the seal of said court this 17TH day of MARCH, 2015

CHRISTOPHER L. JACOBS
Erie County Clerk

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

THE PEOPLE OF THE STATE OF NEW YORK            WAIVER OF INDICTMENT
                    vs.                        S.C.I. NO. 25153
                                               File No. 01671-2004

TASHA PRATCHER

I, the defendant named above, having been held for action of a Grand Jury on
the charge(s) of:
1.  GRAND LARCENY IN THE FOURTH DEGREE, P.L. §155.30, 20.00
2.  SCHEME TO DEFRAUD IN THE FIRST DEGREE, P.L. §190.65(1)(b), 20.00
3.  IDENTITY THEFT IN THE FIRST DEGREE, P.L. §190.80(1), 20.00

I hereby waive indictment and consent to be prosecuted by a Superior Court
Information charging the following offense(s):
1.  PETIT LARCENY, P.L. §155.25, 20.00

A.  July 26, 2004
Approximate Date and Time of the commission of above offense

B.  Various locations in the County of Erie, State of New York
Approximate Place of the commission of the above offense

I am aware that:
(a)   under the Constitution of the State of New York I have the right to be
prosecuted by indictment filed by a Grand Jury;
(b)   I waive such right and consent to be prosecuted by Superior Court
Information to be filed by the District Attorney;
(c)   the Superior Court Information to be filed by the District Attorney will
charge the offenses in this waiver; and
(d)   the Superior Court Information to be filed by the District Attorney will
have the same force and effect as an indictment filed by a Grand Jury.
This Waiver was signed by the defendant in open Court and in my presence.

                                                    Signature
                                                    TASHA PRATCHER
I, the District Attorney of the                     Defendant
County specified above, hereby
consent to this waiver
                                                    Signature
                                                    JULIAN JOHNSON, ESQ.
                                                    Defense Attorney
FRANK J. CLARK
DISTRICT ATTORNEY OF ERIE COUNTY
                                                    Signature
                                                    CANDACE K. VOGEL
                                                    Assistant District Attorney

This Court being satisfied that this waiver complies with the provisions of
Sections 195.10 and 195.20 of the Criminal Procedure Law, it is
**GRANTED** ORDERED that this waiver is approved.
April 27, 2005

    MAY 05 2005              Enter.
                                    HON. CHRISTOPHER J. BURNS, J.S.C.
BY

SUPREME COURT : COUNTY OF ERIE

THE PEOPLE OF THE STATE OF NEW YORK

vs.

SUPERIOR COURT INFORMATION
No. 25153
File No. 01671-2004

TASHA PRATCHER

FRANK J. CLARK, District Attorney of the County of Erie, by this Information accuses TASHA PRATCHER of the following crime:

PETIT LARCENY, in violation of $155.25, 20.00 of the Penal Law, in that she, the said TASHA PRATCHER, being intentionally aided by another, on or about the 26th day of July, 2004, in this County, stole certain property, to wit: Services valued at $209.00 from AAA.

FRANK J. CLARK
DISTRICT ATTORNEY OF ERIE COUNTY

BUFFALO CITY COURT : COUNTY OF ERIE

THE PEOPLE OF THE STATE OF NEW YORK

FELONY COMPLAINT

vs.

File No. 01671-2004

TASHA PRATCHER,

Defendant

I, Assistant District Attorney CANDACE K. VOGEL, the complainant herein, charge that one TASHA PRATCHER, the defendant, did commit the crimes of:

FIRST COUNT: GRAND LARCENY IN THE FOURTH DEGREE, a class "E" felony, contrary to the provisions of Section 155.30 of the New York State Penal Law, in that she, the said TASHA PRATCHER, being intentionally aided by another, on or about the 26th day of July, 2004, in the County of Erie, stole certain property, to wit: services from AAA having a value in excess of one thousand dollars ($1,000.00).

SECOND COUNT: SCHEME TO DEFRAUD IN THE FIRST DEGREE, a SCHEME TO DEFRAUD IN THE FIRST DEGREE, in violation of §190.65(1)(b), 20.00 of the Penal Law, in that she, the said TASHA PRATCHER, being intentionally aided by another, on or about the 26th day of July, 2004, engaged in a scheme constituting a systematic, ongoing course of conduct with intent to defraud more than one person or to obtain property from more than one person by false or fraudulent pretenses, representations or promises, and so obtained property with a value in excess of one thousand dollars ($1,000.00) from

DISCOVER CARD, CHASE MANHATTAN BANK, CITIGROUP, PROVIDIAN BANK, BANK OF AMERICA, GM (HOUSEHOLD CREDIT SERVICES), U.S. BANK, TARGET CORPORATION, individual true nameholders and several private businesses who honored the fraudulently obtained credit cards.

THIRD COUNT: IDENTITY THEFT IN THE FIRST DEGREE, a class "D" felony, contrary to the provisions of Section 190.80(1), 20.00 of the New York State Penal Law, in that she, the said TASHA PRATCHER, being intentionally aided by another, between on or about the 22nd day of January, 2004 and on or about the 1st day of September, 2004, in the County of Erie, knowingly and with intent to defraud assumes the identity of another person by using personal identifying information of that other person and thereby obtains goods, money, property or services or uses credit in the name of such other person in an aggregate amount that exceeds two thousand dollars ($2,000.00), to wit: JASON FOX in the amount of $4,686.37.

The facts on which this accusation is made are of my own knowledge, upon my information and belief and based on the supporting papers which are attached hereto and made a part hereof.

CANDACE K. VOGEL
Assistant District Attorney

Sworn to before me this
27th day of April, 2005.

Notary Public, State of New York
Qualified in Erie County.
My Commission Expires  10 / 31 / 05.

# PX 55



**Attorneys at Law**
800 Kennesaw Avenue, Suite 400
Marietta, Georgia 30060-7946
(770) 426-4619
Facsimile (770) 426-4846
dgrisham@evict.net

John J. Wiles
*(Also admitted in Colorado, Florida, Tennessee & Texas)*
Janet Hughes Wiles
*(Also admitted in Florida & Colorado)*
N. Jackson Cotney, Jr.

October 30, 2014

Victor W. Newmark

*Via Federal Express –Standard Delivery*
Ms. Cynthia Simms
The Simpson Organization
1401 Peachtree Street, Suite 400
Atlanta, Georgia 30309

      Re:    Midtown Two TSO, LLC v. Universal Debt & Payment Solutions LLC
               and Mahan Singh Bagga; Case No. 14DD000133
               *Our File No M97.10*

Dear Cynthia:

      Enclosed, please find our trust account check numbered 12436 in the amount of $5,000.00. This check represents the payment pursuant to the Consent Order.

      If you have any questions, please do not hesitate to contact our office.

                               Very truly yours,

                               Debbie K. Grisham
                               Paralegal

DKG/dkg
Enclosure
M97/10lt3-cs.doc

## SETTLEMENT AGREEMENT INCLUDING A TERMINATION OF LEASE

This Settlement Agreement including a Termination of Lease (hereinafter referred to as the "Agreement") is made and entered into this the _15_ day of _October_, 2014, among and between Midtown Two TSO, LLC (hereinafter referred to as "Landlord"), and Universal Debt & Payment Solutions, LLC, a Georgia limited liability company (hereinafter referred to as "Tenant") and Mahan Singh Bagga, individually (hereinafter referred to as "Guarantor") and provides as follows:

### WITNESSETH:

WHEREAS, by virtue of that certain Office Lease Agreement dated June 27, 2013 (said Lease Agreement, as amended by a First Amendment to Lease Agreement, is hereinafter referred to as the "Lease"), Tenant leased from Landlord premises known as Suite 238 (hereinafter referred to as the "Premises") containing approximately 2,370 rentable square feet located at 1401 Peachtree Street, Atlanta, Georgia; and

WHEREAS, in conjunction with the Lease, Guarantor executed and delivered to Landlord a Guaranty of Lease (the "Guaranty"); and

WHEREAS, Tenant has failed to pay rent as same has come due pursuant to the Lease and there is currently pending in the State Court of Fulton County a Proceeding Against Tenant Holding Over, Civil Action File No. 14-DD000133 (hereinafter referred to as the "Dispossessory"); and

WHEREAS, Tenant desires that the Lease be terminated prior to the Expiration Date set forth therein; and

WHEREAS, Landlord, Tenant and Guarantor desire to settle all claims between them with regard to the Lease, the Guaranty, the Premises and the Dispossessory.

NOW THEREFORE, for and in consideration of the mutual covenants and agreements hereinafter set forth, the receipt and sufficiency whereof being hereby acknowledged, the parties hereto intending to be legally bound agree as follows:

1

1. The parties acknowledge and agree that the recitals set forth above are true and correct and are hereby incorporated herein in their entirety.

2. The Lease and Guaranty shall be deemed terminated effective October 31, 2014 (the "Early Termination Date"), and neither party shall have any further duty or obligation under the Lease except as set forth herein and except for indemnifications for third party claims and environmental claims which pursuant to the terms of the Lease would survive lease expiration/termination.

3. Tenant shall vacate the Premises on or before the Early Termination Date in the manner required by the Lease and return possession thereof to Landlord.

4. Contemporaneously herewith, Tenant and Guarantor shall execute a Consent Order, a copy of which is attached hereto and incorporated herein by reference (hereinafter referred to as the "Consent Order") which shall provide for payment of rent through the Early Termination Date and for a Writ of Possession to issue effective November 1, 2014 in the event Tenant shall fail to timely vacate the Premises in the manner required by the Lease.

5. Contemporaneously with the execution of this Agreement, as provided by the Consent Order, Tenant shall pay to Landlord the sum of $5,000, and Landlord shall apply funds in the amount of $2,835.69 being held as a Security Deposit pursuant to the Lease to Tenant's past due rent. Provided Tenant vacates the Premises as provided herein, Landlord will accept these payments totaling $7,835.79 as payment of rent in full through the Early Termination Date.

6. The parties hereby represent, warrant and confirm that before executing this Amendment, they fully informed themselves of the terms, covenants, contents and effects hereof, that no promise or representation of any kind has been made other than is expressly stated herein, and that they fully understand the considerations and covenants agreed to herein by the parties.

7. The parties acknowledge that there are no other agreements, conditions or representations between the parties and that all prior negotiations and understandings between the parties shall be deemed to have been merged into this Amendment, and that this Amendment shall be binding upon and inure to the benefit of the parties hereto, their successors and assigns.

2

8.    This Amendment shall be governed and construed according to the laws of the State of Georgia.

IN WITNESS whereof, Landlord, Tenant and Guarantor have executed this agreement as of the day and year first above written.

LANDLORD:  Midtown Two TSO, LLC

A Georgia Limited Liability Company

By:  TSO Peachtree, LLC
Its:  Manager

By: _____

Its Authorized Signatory


TENANT: Universal Debt & Payment Solutions, LLC

a Georgia limited liability company

By: _____

Its: _____Member_____

GUARANTOR: _____

Mahan Singh Bagga, individually


M97.10set-agr.doc

3

PX55-000004

# PX 56

Brown

Universal Debt & Payment Solutions, LLC                                    4/16/2014

1          the movement that happens with a -- transactions
2          with a debt collection account and simply a
3          Wal-Mart having the ability to process your
4          MasterCard or Visa.
5                    And your merchant, the processor, is going
6          to see that movement being different.  And once
7          they say, hey, you're, you're doing something
8          different than debt collections -- excuse me,
9          you're doing something different than -- cause
10         people lie and they say we're just doing
11         consolidation loans and they get a merchant
12         account because it's not as high risk.  Okay?
13                   So you say you have to have a debt
14         collection merchant account specifically
15         designed to process payments for debt
16         collection.  All right?  So when you identify
17         yourself, it's, it's better to be upfront and
18         say we're doing debt collections, although
19         myself and Mr. Bagga aren't doing debt
20         collections, but we have to identify ourself as
21         a debt collection company in order to get the
22         type of merchant account that sees the volume
23         and the movement into it.  Because if they find
24         out it's different than that, they'll shut the
25         account down.

PX 56-000001

# PX 57

Bagga

 1    Debt?
 2          A     No.  At least I don't have any knowledge.
 3    If you want --
 4          Q     Did you --
 5          A     Excuse me.
 6          Q     Yes.
 7          A     Let me make it very clear.  Universal Debt
 8    & Payment Solution is not a collection agency.  We
 9    don't have any employees.  We don't have any
10    location.  We only have a bank account number and
11    Gateway.  That's all.
12          Q     Did you, did you undertake any search for
13    communications with governmental authorities, or did
14    you just presume that you -- that Universal does not
15    have those?
16          A     I don't -- I never got any letters from
17    anybody except from you --
18          Q     Okay.
19          A     -- you know.
20          Q     Moving on to request 7, that asks for
21    documents concerning your authority to withdraw funds
22    from a consumer's account on behalf of LRS.  What
23    search did you undertake to identify documents
24    responsive to that request?
25          A     I don't even know who LRS is.

PX 57-000001

# PX 58

## INTERROGATORIES

S Payment Processing & Solutions LLC. & VS Payments Solutions LLC. are not Khan entities. S Payment Processing & Solutions LLC. is owned by Sumant Khan and VS Payment Solutions LLC. has two members, namely Sumant Khan and Varinderjit Bagga.

1. S Payment Processing & Solutions LLC. is only a merchant processing company and not involved in any form debt collection whatsoever. VS Payment Solutions LLC. is currently an incorporated entity and has not done any processing currently or conducted any business currently. S Payment Processing & Solutions LLC has provided services to WNY, Buffalo, NY through Mr. Marcus Brown and Mr. Marcus Brown, whereby he had access to the S Payment Processing & Solutions LLC's payment gateway.

2. Sumant Khan is a member of S Payment Processing & Solutions LLC. Ms. Varinderjit Bagga and Sumant Khan are managing members of VS Payment Solutions LLC. WNY is an independent contractor represented by Marcus Brown. Ken Sokolov at Wagner, Johnston, & Rosenthal, P.C. is the attorney for Sumant Khan and S Payment Processing & Solutions LLC. currently, unless communicated otherwise in writing.

3. S Payment Processing & Solutions LLC. is not a debt collection company and is only a payment processing company. Mr. Marcus Brown has access to the payment gateway of S Payment Processing & Solutions LLC. and the company processed payments for WNY and for Marcus Brown. VS Payment Solutions LLC. has not provided any service or done any business and has no merchant processing account. Also VS Payment Solutions LLC. has two members, Sumant Khan and Varinderjit Bagga.

4. S Payment Processing & Solutions LLC has received 5% for payments which have run through the merchant account. The payment is the amount spent from

1

S Payment Processing LLC's Account, a total upto $2400 for months of May 1, June 1, July 1 and August 1, 2014.

5. S Payment Processing & Solutions LLC has never collected any debt at all, not in the business of collecting debt.

6.  No compensation has been received from Marcus Brown. No compensation has ever been received from Ms. Tasha Pratcher. Sumant Khan has never met Tasha Pratcher.

No compensation has ever been received from Ms. Sarita Brown.

No compensation has been received from Mr. Mohan Bagga.

No compensation has been received from Ms. Varinderjit Bagga.

No Compensation has been received by WNY Account Solutions Group LLC.

No compensation has been received by Universal Debt Solutions LLC.

No compensation taken from Universal Debt and Payment Solutions LLC. No compensation taken from Mr. Mohan Bagga but taken a loan for $1300 unrelated to this CID.

No compensation has ever been collected by Credit Power LLC.

No compensation has ever been received by Check and Recovery LLC.

No compensation has ever been received by Direct Processing LLC.

2

Not provided any service to any of the theses entities and have not sold any goods.

7. PNC Bank, Account No. REDACTED 8413 for S Payment Processing LLC. Have not conducted business through any other account. VS Payment Solutions LLC. has an account with PNC bank and the account number is REDACTED 0562.

8. Paid Suite is the payment processor. Marcus Brown initiated the merchant account application. No other existing merchant account.

9. E-mail used is sumantkhan@gmail.com, never sent any communication from any mailing address. The phone number 2022565683 was lost in Albany, NY on August 1, 2014 at the Hertz Rental Car Albany counter or at Albany International Airport. The other cell phone number no. is 4049443985.

10. The communication between Sumant Khan, and Mr. Marcus Brown and Ms. Veena Bagga resulted in an execution of a contract. Further there are communications, where Mr. Sumant Khan coordinated with Mr. Ken Sokolov to track Mr. Marcus Brown to get him to cooperate with Ms. Sarita Browns deposition dates. Also to correspond on documents with respect to Ms. Sarita Brown's scheduled deposition. No communication with Ms. Sarita Brown, Mrs. Tasha Pratcher, Mr. Mohan Bagga and Ms. Varinderjit Bagga regarding debt collection. No communication with Mr. Marcus Brown regarding debt collection.

The merchant account with Ms. Veena Bagga for VS Payment Solutions LLC has not been set up and the company has not done any business at all.

No other party to the best of knowledge of Sumant Khan has any information regarding debt collection or payment processing practices.

3

11. Attorney is Ken Sokolov currently. Mr. Marcus Brown is an independent contractor. No documents are destroyed or deleted. Sumant Khan and S Payment Processing & Solutions LLC. is not in debt processing . The contract executed by Mr. Marcus Brown with S Payment Processing and Solutions LLC. is attached for your review.

12. No documents are destroyed or deleted. The contracts executed with Mr. Marcus Brown and S Payment Processing and Solutions LLC. and contract with Mr. Marcus Brown and VS Payment Solutions are attached for your review.

13. Mr. Ken Sokolov and Mr. Sumant Khan have worked on responding to this CID.

## **REQUEST FOR DOCUMENTS**

All documents in possession, custody and control responsive to production of documents are attached hereto:

1. All certificate of incorporation documents responsive to this request are attached hereto.

2. No documents responsive to this request.

3. Document responsive to the certificate of incorporation for payment processing is attached hereto.

4. All documents responsive are attached hereto.

5. Document responsive to merchant processing application pertaining to this request is attached hereto.

4

6.  No documents in possession, custody or control pertaining to this request no.6.

7.  No documents pertaining to this request in possession, custody or control responsive to request no. 7.

8.  No documents with respect to communication with Mohan Bagga in possession, custody or control responsive to no. 8.

9.  No documents with respect to communication with Marcus Brown in possession, custody or control responsive to no. 9.

10. No documents with respect to communication with Tasha Pratcher in possession, custody or control responsive to no. 10.

11. No documents with respect to communication with Sarita Brown in possession, custody or control responsive to no. 11.

12. No documents with respect to communication with Varinderjit Bagga in possession, custody or control responsive to no. 12.

13. No documents with respect to communication with Maurice Sessum in possession, custody or control responsive to no. 13. Sumant Khan does not know who Maurice Sessum is and has never spoken to him.

14. No documents with respect to communication with Laurence Sessum in possession, custody or control responsive to no. 14. Sumant Khan does not know who Laurence Sessum is and has never spoken to him.

15. No documents pertaining to this request in possession, custody and control responsive to no. 15.

5

16. No documents pertaining to this request in possession, custody or control responsive to no. 16.

17. No policies and procedures pertaining to this request in possession, custody or control responsive to no. 17.

6

## CERTIFICATE OF COMPLIANCE – INTERROGATORY ANSWERS

I, _Sumant Khan_ , pursuant to 28 U.S.C. § 1746, declare that:

1. In preparing all answers and reports in response to the enclosed Civil Investigative Demand, I have made a diligent inquiry of all persons who likely has possession of responsive documents and information, and I have confirmed that a diligent search has been made of all of the locations and files that likely contained responsive documents and information in the possession, custody, control, and knowledge of Sumant Khan.

2. All answers and reports prepared in response to the enclosed Civil Investigative Demand are true, correct, and complete.

3. If an interrogatory or a portion of an interrogatory has not been fully answered or a report or a portion of a report has not been completed, a claim of privilege in compliance with 12 C.F.R. § 1080.8 has been submitted.

I certify under penalty of perjury that the foregoing is true and correct. Executed on
_March 24_ , 2014.

_____t Khan_
Signature

PX58-000007

Supplemental Responses to Interrogatories

## Response to Interrogatory No. 1

SPP&S processes ACH and credit card payments for merchants by virtue of its account with Paid Suite, Inc. ("Paid Suite"). SPP&S provides no goods. SPP&S provided its services to Marcus Brown from approximately May, 2014 through August, 2014. SPP&S currently processes no transactions for Marcus Brown, or his company.

## Response to Interrogatory No. 4

Sumant Khan and SPP&S are not compensated based on individual transactions, but on a percentage fee that is paid on the total amount of the transactions over a certain period. Sumant Khan further clarifies his initial interrogatory response as follows:

Sumant Khan received compensation for payment processing from WNY Account Solutions Group, LLC ("WNY") (Marcus Brown's company) in the total amount of $7,800. These funds were paid in two separate checks, one dated April 28, 2014 and one dated June 15, 2014.

Further, $3,000 was given by Mohan Bagga through Universal Debt and Payment Solutions LLC as money owed by Mohan Bagga to Sumant Khan for staying at his apartment. Also, a loan of $1,300 was taken by Sumant Khan from Mohan Bagga, which loan has been almost entirely repaid. Sumant Khan has not been paid any compensation by Mohan Bagga or Universal Debt and Payment Solutions, LLC for transaction processing services.

Copies of the bank statements and supporting records for SPP&S are attached for your review.

Response to Interrogatory No. 6

Sumant Khan refers to and incorporates its supplemental response to Interrogatory No. 4. In addition, Sumant Khan states the following:

No compensation for transaction processing has ever been received from Varinderjit Bagga, Universal Debt Solutions, LLC, Credit Powers, LLC, Check and Recovery, LLC, Direct Processing, LLC, or Mrs. Tasha Pracher.

Response to Interrogatory No. 7

BB&T personal account Number: REDACTED 8531, statements attached. Citibank (68197049, Checking Account) and Chase Bank Account REDACTED 9239), statements attached. Sumant Khan never conducted business through any of his personal bank accounts. SPP&S opened SunTrust account number: REDACTED 8937, transaction activity summary for other, general business needs.

Response to Interrogatory No. 8

All information responsive to this interrogatory is contained in the attachment furnished with the original interrogatory response regarding the merchant account application and correspondence with the merchant processor Paid Suite. Based on a review of the online documents maintained by the Nevada Secretary of State, Paid Suite's office is 9383 East Bahia Drive, Suite 225, Scottsdale, Arizona, 85260. Its officers are Justin Gray, secretary, treasurer and director, and Michael Loscavio, president and director. - mail was sent to Paid Suite via Geoff Chamberlain with the merchant processing application. A copy of the email is attached for your review. No further information regarding name, address and entities of other person is available. Sumant Khan never contracted with any other payment processor.

### Response to Interrogatory No. 9

E-mail address as identified is sumantkhan@gmail.com. SPP&S has no dedicated telephone numbers. My cell phone numbers are 4049449385 and 2022565683. My physical mailing address is 3008 Oak park Circle, Atlanta, GA 30324.

### Response to Interrogatory No. 10

Sumant Khan has made a diligent search (including reviewing his personal files and his email account), and has produced all documents referencing any such communications, and will supplement this response if he can locate any further relevant documents .At the present time, every communication regarding payment processing has been disclosed or produced. While spaymentservices@gmail.com was identified on the application with PaidSuite, Sumant Khan has never used that email for any communication whatsoever.

Initially, Marcus Brown contacted Sumant Khan and mentioned that he needed a merchant processing account. As a result, the account with Paid Suite was established. In order to formalize the business relationship, a contract was drafted with Marcus Brown and WNY.

In addition, Sumant Khan obtained documents from Marcus Brown regarding Sarita's deposition, sent them to Ken Sokolov, and made them available to Mr. Jonathan Engel in an effort to assist with the resolution of the investigation. Prior to Marcus Brown's deposition, Marcus Brown contacted Sumant Khan to express that he was in Atlanta and would appear for his deposition, and Sumant Khan relayed this information to Jonathan Engel.

During Marcus Brown's deposition, Sumant Khan spoke with Marcus Brown and Marcus Brown indicated that the deposition was strenuous, but no specific information was

provided either way. Subsequently, Sumant Khan discussed the investigation with Marcus Brown in person on one occasion and expressed to Marcus Brown that cooperation with the CFPB was critical.

Sumant Khan has had no relevant communication with Veena Bagga or Mohan Bagga (the extent of any actual communications was limited to health issues faced by Mohan Bagga). Sumant Khan has had no communication at all with Tasha Pratcher or Sarita Brown.

Response to Interrogatory No. 13

Persons participating in the response to the CID are Sumant Khan, Ken Sokolov and Mr. Dylan Howard. Sumant Khan researched the requests, located and gathered responsive documents, and drafted responses. Ken Sokolov assisted with the preparation of the initial responses based on information provided by Mr. Khan. Dylan Howard reviewed documents provided by Mr. Khan and assisted with revising the Supplemental Responses.

## CERTIFICATE OF COMPLIANCE – INTERROGATORY ANSWERS

I, ___Sumant Khan_____, pursuant to 28 U.S.C. § 1746, declare that:

1. In preparing all answers and reports in response to the enclosed Civil Investigative Demand, I have made a diligent inquiry of all persons who likely has possession of responsive documents and information, and I have confirmed that a diligent search has been made of all of the locations and files that likely contained responsive documents and information in the possession, custody, control, and knowledge of Sumant Khan.

2. All answers and reports prepared in response to the enclosed Civil Investigative Demand are true, correct, and complete.

3. If an interrogatory or a portion of an interrogatory has not been fully answered or a report or a portion of a report has not been completed, a claim of privilege in compliance with 12 C.F.R. § 1080.8 has been submitted.

I certify under penalty of perjury that the foregoing is true and correct. Executed on

___November 17___, 2014.

_____tkhan

Signature

## DECLARATION CERTIFYING RECORDS OF
## REGULARLY CONDUCTED BUSINESS ACTIVITY
### Pursuant to 28 U.S.C. § 1746

I, _Sumant Khan_____, pursuant to 28 U.S.C. § 1746, declare that:

1. I am employed by _SSPLS_____ as _president_____ and by reason of

   my position am authorized and qualified to certify the authenticity of the records

   produced by Sumant Khan, and submitted with this Declaration.

2. The documents produced and submitted with this Declaration by Sumant Khan are true

   copies of records of regularly conducted activity that were:

   a. made at or near the time of the occurrence of the matters set forth, by, or from

      information transmitted by, a person with knowledge of those matters;

   b. kept in the course of the regularly conducted business activity; and

   c. made by the regularly conducted business activity as a regular practice.

I certify under penalty of perjury that the foregoing is true and correct. Executed on

_November 17____, 2014.

_____t Khan

Signature