**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL DEBT & PAYMENT SOLUTIONS, LLC; et al.,<br><br>Defendants. | ) | CASE NO. 1:15-CV-0859-RWS |

**REQUEST FOR ORAL ARGUMENT ON**
**DEFENDANT GLOBAL PAYMENTS' MOTION TO DISMISS**

In accordance with Section 10 of the Court's Standing Order Regarding Civil Litigation, Global Payments Inc. ("Global") hereby requests that the Court conduct oral argument on Global's Motion to Dismiss Complaint with Prejudice. *See* Doc. No. 93.

Global's motion to dismiss raises several complex legal issues, which the CFPB concedes are issues of first impression. Furthermore, the resolution of Global's motion to dismiss could have significant and far-reaching effects in the electronic payments industry. Oral argument on the important and novel issues raised in Global's motion will provide an opportunity for the parties to fully

present their positions and to answer any questions the Court may have. For these reasons and the additional reasons presented below, Global respectfully requests oral argument on Global's Motion to Dismiss.[1] Global respectfully suggests that the Court may consider holding oral argument on July 30, during the hearing it has already scheduled in this case.

## ARGUMENT

The Consumer Financial Protection Bureau ("CFPB") filed this action to halt an apparently extensive fraudulent scheme perpetrated by several defendants known collectively as the "Debt Collector Defendants" and to seek restitution for the victims of that scheme. Global is not one of the Debt Collector Defendants. Rather, Global simply provides electronic payment processing services worldwide to more than 1.5 million merchants, and the Debt Collector Defendants used Global's electronic platform in the course of their scheme.

Most of the CFPB's Complaint does not relate to Global in any way. Nine of the counts in the eleven-count Complaint have nothing to do with Global. Counts Eight and Nine, which are largely the same, are the only counts that pertain to Global and are based on a single theory—that Global is liable for violating the

[1] Global conferred with the CFPB regarding this request for oral argument. The CFPB declined to join Global in requesting oral argument.

Consumer Financial Protection Act ("CFPA") because the Debt Collector Defendants used Global's payment processing technology platform to process payments collected through the Debt Collector Defendants' fraudulent scheme.

Global promptly moved to dismiss the CFPB's claims against Global. *See* Doc. No. 93. In its motion to dismiss, Global showed that the CFPB's claims should be dismissed because (1) the CFPB failed to allege that Global knowingly or recklessly provided substantial assistance to the Debt Collector Defendants (Count Eight), (2) the CFPB failed to state a claim that Global engaged in unfair acts or practices (Count Nine), and (3) the CFPB failed to plead its fraud-related claims against Global with sufficient particularity (Counts Eight and Nine). *Id.* Global explained in its motion that there are no published cases addressing the pleading standards for stating a violation of 12 U.S.C. § 5536(a)(3), the provision governing the CFPB's "substantial assistance" claim against Global. *Id.* at 15 and 21.

The CFPB filed a single, consolidated opposition brief opposing Global's motion to dismiss as well as motions to dismiss filed by Defendants Frontline and Pathfinder. Doc. No. 114, at 3. The CFPB argues that its generalized allegations against multiple Defendants are sufficient to support its specific claims against Global. *Id.* 8-14. The CFPB implicitly recognizes that there are no reported cases

interpreting the pleading requirements for stating an "unfair acts or practices" claim under the CFPA. *Id.* at 8 ("The cases brought against payment processors under the FTC Act should guide this Court's interpretation of the CFPA's prohibition of unfair acts or practices."). The CFPB similarly recognizes that "[n]o court has yet applied the substantial assistance provision of the [CFPA] . . . ." *Id.* at 15.

As shown by the briefing on Global's motion to dismiss, the CFPB and Global agree there is no directly controlling law on the pleading standards for an "unfair acts or practices" claim or a "substantial assistance" claim under the CFPA, which are the only two claims the CFPB asserted against Global. As a result, this Court's decision on Global and certain other Defendants' motions to dismiss will be the first federal court ruling addressing this relatively new statutory scheme. The lack of controlling law combined with the threadbare factual accusations against Global requires close scrutiny of the CFPB's claims against Global.

In addition, the importance of the Court's ultimate ruling on Global's motion to dismiss also supports conducting oral argument. As explained in Global's motion to dismiss, the CFPB's claims against Global effectively seek to hold Global liable for violating the CFPA merely because the Debt Collector Defendants used Global's payment processing technology in the course of

conducting their fraudulent scheme. Allowing the CFPB's claims to proceed would constitute an unprecedented expansion of liability under the CFPA and grant the CFPB authority far beyond what Congress ever intended. Oral argument on Global's motion to dismiss will help address the effects of a ruling on Global's motion and allow the parties to fully present their positions and to answer any questions the Court may have.

Global will make itself available for oral argument at the Court's convenience. Global points out that judicial economy may best be served by conducting oral argument on Global's motion to dismiss in conjunction with the upcoming hearing on Defendant Marcus Brown's motion to amend the preliminary injunction, currently scheduled for 10:30 a.m. on July 30, 2015.

## CONCLUSION

For the foregoing reasons, Global Payments Inc. requests that the Court conduct oral argument on Global Payments Inc.'s Motion to Dismiss the CFPB's Complaint with Prejudice.

[signature on following page]

Dated: July 8th, 2015

Respectfully submitted,

*/s/ Michael A. Caplan*
Michael A. Caplan (Bar No. 601039)
Benjamin W. Cheesbro (Bar No. 648368)
**CAPLAN COBB, LLP**
Suite 880
1447 Peachtree Street, N.E.
Atlanta, GA 30309
Phone: (404) 596-5610

J. Douglas Baldridge (*pro hac vice*)
Leonard L. Gordon (*pro hac vice*)
Allyson B. Baker (*pro hac vice*)
Michael P. Bracken (*pro hac vice*)
**VENABLE LLP**
575 7th Street, N.W.
Washington, DC 20004
Phone: (202) 344-4000

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned counsel certifies that the foregoing REQUEST FOR ORAL ARGUMENT ON GLOBAL PAYMENTS INC.'S MOTION TO DISMISS was prepared in Times New Roman, 14 point font, in accordance with Local Rule 5.1.

*/s/ Michael A. Caplan*
Michael A. Caplan

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the foregoing REQUEST FOR ORAL ARGUMENT ON GLOBAL PAYMENTS INC.'S MOTION TO DISMISS to be delivered this 8th day of July 2015, to all counsel of record through the Court's ECF filing system.

*/s/ Michael A. Caplan*
Michael A. Caplan