THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA,

ATLANTA DIVISION

**CONSUMER FINANCIAL
PROTECTION BUREAU,**
                **Plaintiff,**

v.

**UNIVERSAL DEBT & PAYMENT
SOLUTIONS, LLC; UNIVERSAL
DEBT SOLUTIONS, LLC; WNY
SOLUTIONS GROUP, LLC; CHECK
& CREDIT RECOVERY, LLC;
CREDIT POWER, LLC; S PAYMENT
PROCESSING & SOLUTIONS, LLC;
MARCUS BROWN; MOHAN BAGGA
SARITA BROWN; TASHA
PRATCHER; VARINDERJIT
BAGGA; SUMANT KHAN; GLOBAL
PAYMENTS, INC; PATHFINDER
PAYMENT SOLUTIONS, INC;
FRONTLINE PROCESSING CORP.;
FRANCIS DAVID CORP. d/b/a
ELECTRONIC MERCHANT
SYSTEMS; and GLOBAL CONNECT,
LLC;**
                **Defendants**

**ANSWER OF
DEFENDANT MARCUS BROWN**
**Case No. 1: 15-CV-0859**

---

Defendant, MARCUS BROWN, by and through his attorneys, SCHRÖDER, JOSEPH & ASSOCIATES, LLP, hereby answers the plaintiff's complaint as follows:

1.      Paragraph 1 of the Plaintiff's complaint is a legal conclusion to which no response is required.

2.    This defendant denies paragraph 2 as it applies to him; Defendant isn't now and has never been in the past engaged in the act or business of debt collection illegally, nor in a scheme to defraud consumers.

3.    Denies paragraph 3 insofar as the term "debt collectors" is deemed to include this defendant.

4.    Admits the allegations of paragraph 46.

5.    As for paragraphs 4 through 45 and 47 through 58, this defendant denies those allegations that refers to the term "debt Collection(tors)" in that defendant was not then and is not now a debt collector and defendant provides no answer to legal conclusions and no answer to those allegations dealing specifically with other cited co-Defendant.

6.    This defendant denies the allegations in paragraph 59 of Plaintiff's Complaint; this defendant is not now and never was engaged in collecting debt related to consumer financial products or services and is not covered under CFPA. 12 U.S.C. §5481 (6), (15) (A) (x).

7.    This defendant denies the allegations in paragraph 60; this defendant is does now and never has participated in the affairs of the Debt collector LLC and is therefore not covered under the CFPA. 12 U.S.C. § 5481 (6), (25).

8.    This defendant denies the allegations in paragraph 61; this defendant does not control now or in the past any entity which has committed any of the allegations raised by the plaintiff either in said District or anywhere else in the United States.

9.    This defendant denies all allegations in paragraph 62 through 344 as they pertain to him and where it pertains to other co-Defendant and cannot provide an answer due to lack of knowledge or information as the factual allegations that do not apply to this defendant and, as to plaintiff's legal conclusions in said paragraphs, no response is required and no response is offered.

## GENERAL DENIAL

**THE DEFENDANT DENIES EACH AND EVERY ALLEGATION OF THE PLAINTIFF'S COMPLAINT NOT HERETOFORE ADMITTED, DENIED OR OTHERWISE CONTROVERTED.**

### DEFENSES, AFFIRMATIVE DEFENSES AND FURTHER ANSWERS

As and for his Defenses and Affirmative Defenses, Defendant states as follows:

1. Plaintiff's complaint assumes that this defendant was/is an agent or on the converse, a principal of several or all of the co-Defendants cited herein, or on the converse, facilitated or assisted the co-defendants or others with respect to the actions and transactions at issue, whereas this defendant is not an agent nor a principal of any of the cited co-Defendants and so cannot be deemed to have acted on their behalf or be in receipt of an agency benefit from them; and conversely has not facilitated or assisted the co-Defendants or others as to the actions and transactions at issue; and hence can't be held liable for any actions said co-Defendants may have committed.

2. Plaintiff's claims in whole or in part, fail to state a claim upon which this Court may grant relief.

3. Plaintiff's claims are barred by reason of its violations of Defendant Marcus Brown's constitutional rights to due process, including without limitation, the implementation of an enforcement initiative—that incorporates a pattern and practice—intended to indiscriminately seek by ex parte TRO seizure in all cases of both personal and corporate assets and that precludes use of personal assets without due process of law and that seizes corporate bank accounts without due process, or the consideration of the facts or an evaluation of the actual

amount allegedly needed in each particular case for restitution (or whether injunctive relief as to alleged violations of the FDCPA would be a sufficient temporary remedy until the matter can be heard on the merits) with the result that: (1) Defendant is literally deprived of counsel to defend himself because of the inability to pay retainer or legal fees; (2) Defendant's business is indiscriminately shut down, good will is destroyed and he is put out of work with no evaluation if such action is a necessary form of temporary or permanent relief; and/or (3) Defendant is deprived of his personal assets without due process of law and stripped of the ability to support his family and pay his day-to-day living expenses.

4.      Plaintiff's claims for equitable relief are barred by reason of unclean hands by reason of the facts alleged in paragraph 2 above and in that Plaintiff has implemented an enforcement initiative—incorporating a pattern and practice—of issuing press and media releases that are intended to destroy Defendant's reputation and future prospects.

5.      Plaintiff's claims are barred by reason of its deprivation of Defendant's constitutional right to counsel by depriving him of personal assets and access to his funds without due process of law with the knowledge that such action will literally deprive Defendant of the right to counsel.

6.      Plaintiff is not entitled to injunctive relief in that it cannot show irreparable harm, inter alia, by reason of Plaintiff's own actions in waiting until after receipt of alleged consumer complaints before seeking an ex parte TRO and preliminary injunction.

7.      Plaintiff's claims are barred by applicable statutes of limitations.

8.   Plaintiff is not entitled to injunctive relief in that it cannot show that a balancing of interests favors the relief it seeks and obtained on an ex parte basis.

9.   Plaintiff's demand for monetary remedies and its ex parte seizure of assets are and were not available as a matter of law and/or are barred in whole or part by the applicable statutes of limitations.

10.  Defendant asserts the affirmative defense of any applicable statutory time bars to Plaintiff's claims.

11.  Plaintiff is estopped from asserting its claims and/or has waived its claims by reason of its conduct including, but not limited to, delaying in taking enforcement action and failing to contact Defendant as to any compliance concerns.

12.  Plaintiff's demand on behalf of consumers for rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement are not available as a matter of law and further has no applicable where, as here, the debts at issue are valid debts which consumers agreed to repay when borrowing the funds in question.

13.  Plaintiff's demands for equitable relief that would deprive the Defendant of his livelihood is not warranted as a matter of law based on the facts as they apply to Defendant Brown.

14.  The injunctive relief sought as to the Defendant Brown, does not comport with the evidence and deprives the Defendant of his ability to earn a living and pursue his chosen career, thereby violating the Defendant's constitutional rights.

15. Plaintiff has violated the Defendant's constitutional right in that it has engaged in a "taking" of Defendant's property without compensation.

**Because Defendant has not yet availed himself of his right to discovery, the Defendant cannot know the full circumstances of the alleged incidents described in the Complaint. The Defendant hereby notifies Plaintiff that, until the Defendant has had the opportunity to avail himself of his right to discovery, he cannot determine whether or not each of the above-stated Affirmative Defenses will, in fact, be asserted at trial. Such defenses, however, are raised in Defendant's Answer to the Complaint in order to preserve the Defendant's right to assert such defenses, and thereby avoid waiver of any such defenses. Defendant further reserves the right, upon completion of his investigation and discovery, to assert such additional defenses as he deems appropriate.**

## DEMAND FOR TRIAL BY JURY

Defendant Marcus Brown hereby demands a jury trial as to all issues on which a jury trial is available.

## RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, the Defendant respectfully requests that the Court dismiss the Complaint filed herein, grant the restoration to him of any seized and/or frozen assets belonging to him, and award him costs and attorney's fees pursuant to the Equal Access to Justice Act, and such other just and equitable relief as the Court deems proper.

Dated: August 14, 2015
Buffalo, New York

Respectfully submitted,

s/ Linda H. Joseph

Linda H. Joseph, Esq.
NYS Bar No. 1594142
Schroder, Joseph & Assocs. LLP
392 Pearl Street, Suite 301
Buffalo, New York 14202
Tel: (716) 881-4900
Fax: (716) 881-4909
ljoseph@sjalegal.com