IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CONSUMER FINANCIAL
PROTECTION BUREAU,

     Plaintiff,

       v.

UNIVERSAL DEBT & PAYMENT
SOLUTIONS, LLC, *et al.*,

     Defendants.

**Civil Action No.**

**1:15-CV-0859-RWS**

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

**1.    Description of Case:**

    (a)  Describe briefly the nature of this action.

      Plaintiff, Consumer Financial Protection Bureau, brings this civil action, alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Consumer Financial Protection Act ("CFPA"), against Universal Debt & Payment Solutions, LLC; Universal Debt Solutions, LLC; WNY Account Solutions, LLC; WNY Solutions Group, LLC; Check & Credit Recovery, LLC; Credit Power, LLC; S Payment Processing & Solutions, LLC; Marcus Brown; Mohan Bagga; Sarita Brown; Tasha Pratcher; Varinderjit Bagga; and Sumant Khan (collectively, "Debt Collectors"); Global Payments, Inc.; Pathfinder Payment Solutions, Inc.; Frontline Processing Corp.; and Francis David Corp. d/b/a Electronic Merchant Services (collectively, "Payment Processors"); and Global Connect, LLC.

***For Defendant Pathfinder***: Defendant Pathfinder Payment Solutions, Inc. ("Pathfinder") denies all allegations that it violated the FDCPA or the CFPA.

(b)  Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

The Bureau alleges that the Debt Collectors used automated telephone broadcasting services, provided by Global Connect, to contact consumers to collect debt. The Bureau alleges that the Debt Collectors utilized services provided by the Payment Processors to collect payment.

***For Defendant Frontline***: Defendant Frontline Processing Corp. continues to maintain that it did not process consumer transactions, but rather provided limited services pursuant to a Merchant Services Agreement with Global Payments, Inc. Frontline denies providing services to the Debt Collectors, with whom it had no contract.

***For Defendant Pathfinder***: To prove its claims against Pathfinder, the Bureau must demonstrate, among other things, that Pathfinder is a covered person or service provider (as those terms are defined by the CFPA); committed or engaged in unfair, deceptive, or abusive acts or practices in connection with a transaction with a consumer; and knowingly or recklessly provided substantial assistance to a covered person or a service provider. Pathfinder disputes that it is a covered person or service provider and that it provided substantial assistance to a covered person or service provider. Pathfinder further disputes that it was involved in any transactions with consumers.

***For Defendant V. Bagga***: Defendant Varinderjit "Veena" Bagga denies the allegations against her in the Complaint and denies having contacted consumers to collect debt and denies having utilized services provided by the Payment Processors to collect debt.

***For Defendant M. Brown***: Defendant Marcus Brown denies the allegations against him in the Complaint and denies having contacted consumers to collect debt and denies he is a covered person or service provider (as those terms are defined by the CFPA); committed or engaged in

unfair, deceptive, or abusive acts or practices in connection with a transaction with a consumer; and knowingly or recklessly provided substantial assistance to a covered person or a service provider. Defendant Brown disputes that he is a covered person or service provider and/or that he provided substantial assistance to a covered person or service provider. Defendant Brown further disputes that he was involved in any transactions with consumers.

(c)   The legal issues to be tried are as follows:

The Bureau's claims against the Defendants raise the following legal issues:

1.   Whether the Debt Collectors engaged in conduct the natural consequence of which was to harass, oppress, or abuse consumers, in violation of Section 806 of the FDCPA, 15 U.S.C. § 1692d;

2.   Whether the Debt Collectors falsely represented the character, amount, or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

3.   Whether the Debt Collectors implied that nonpayment of an alleged debt would result in arrest or garnishment, where the Debt Collectors had no intent or ability to take such action, in violation of 15 U.S.C. § 1692e(4);

4.   Whether the Debt Collectors threatened to take action that they could not legally take, or did not intend to take, in violation of 15 U.S.C. § 1692e(5);

5.   Whether the Debt Collectors falsely represented that a consumer committed the crime of check fraud to disgrace and threaten the consumer, in violation of 15 U.S.C. § 1692e(7);

6.   Whether the Debt Collectors used false representations and deceptive means, by making allegations of fraud, to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692e(10);

7.  Whether the Debt Collectors used business names other than the true name of the Debt Collectors' business, in violation of 15 U.S.C. § 1692e(10);

8.  Whether the Debt Collectors failed to disclose in the initial oral communication with the consumer that the Debt Collectors were attempting to collect a debt and that any information obtained would be used for that purpose, in violation of 15 U.S.C. § 1692e(11);

9.  Whether the Debt Collectors failed to validate alleged consumer debt in violation of Section 809 of the FDCPA, 15 U.S.C. § 1692g;

10. Whether the Debt Collectors' harassment and oppressive and abusive conduct, in violation of Section 806 of the FDCPA, 15 U.S.C. § 1692d; false, deceptive, and misleading representations, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e; and failure to validate debt, in violation of Section 809 of the FDCPA, 15 U.S.C. § 1692g also violated Section 1036(a)(1)(A) of the CFPA, 12 U.S.C. § 5536(a)(1)(A);

11. Whether the Debt Collectors' representations to consumers were false and misleading, and constitute deceptive acts or practices in violation of the CFPA, 12 U.S.C. §§ 5531(a) and 5536(a)(1)(B);

12. Whether the Debt Collectors' acts or practices caused, or were likely to cause, substantial injury to consumers that was not reasonably avoidable by consumers and was not outweighed by countervailing benefits to consumers or to competition, constituting unfair acts or practices in violation of the CFPA, 12 U.S.C. §§ 5531, 5536(a)(1)(B);

13. Whether the individual defendants acted as a common enterprise;

14. Whether the individual defendants knowingly or recklessly provided substantial assistance to the collection scheme, in violation of 12 U.S.C. § 5536(a)(3);

15. Whether the Payment Processors knowingly or recklessly provided substantial assistance to the Debt Collectors and other persons who collect debt, in violation of 12 U.S.C. § 5536(a)(3);

16. Whether the Payment Processors' acts or practices caused, or were likely to cause, substantial injury to consumers that was not reasonably avoidable by consumers and was not outweighed by countervailing benefits to consumers or to competition constituting unfair acts or practices in violation of the CFPA, 12 U.S.C. §§ 5531(a) and (c)(1), and 5536(a)(1)(B);

17. Whether Global Connect knowingly or recklessly provided substantial assistance to the collection scheme in violation of 12 U.S.C. § 5536(a)(3); and

18. Whether Global Connect's acts or practices caused, or were likely to cause, substantial injury to consumers that was not reasonably avoidable by consumers and was not outweighed by countervailing benefits to consumers or to competition constituting unfair acts or practices in violation of the CFPA, 12 U.S.C. §§ 5531(a) and (c)(1), and 5536(a)(1)(B).

### *For Defendant Pathfinder:*

1. Whether Pathfinder is a covered person or service provider under 12 U.S.C. § 5536(a)(3);

2. Whether Pathfinder engaged in transactions with "consumers," as that term is used in 12 U.S.C. §§ 5531(a), (c)(1);

3. Whether Pathfinder offered consumer financial products or services used in 12 U.S.C. §§ 5531(a), (c)(1); and

4. Whether the provisions of the CFPA must be interpreted *in pari materia* with, *inter alia*, 15 U.S.C. § 78t(e).

### *For Defendant V. Bagga*:

1. Whether Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted;

2. Whether Plaintiff's claims against the Defendant Varinderjit "Veena" Bagga are barred in whole or in part by the doctrines of estoppel, laches, waiver, acquiescence, and/or ratification;

3.  Whether Plaintiff's complaint pleads causes of action that sound in fraud with the particularity required by Federal Rule of Civil Procedure 9;

4.  Whether Plaintiff's claims are barred in whole or part by the statute of limitations;

5.  Whether Plaintiff lacks standing to seek the scope of relief requested in the Complaint to the extent its allegations improperly plead conduct outside of the time period over which the Bureau has jurisdiction;

6.  Whether any alleged violation of the law was due to the affirmative acts and/or omissions of others;

7.  Whether any damages sustained by consumers were due to the affirmative acts and/or omissions of others;

8.  Whether Plaintiff is an unconstitutional entity;

9.  Whether the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. §§ 5531(a), 5536(a), 5564(a), and 5565, is unconstitutional for vagueness and as applied, and the Bureau's action violates due process because regulated parties lack fair notice of what conduct is prohibited as "unfair" or "abusive" acts or practices;

10. Whether Plaintiff lacks standing under Article III of the U.S. Constitution to bring this action;

11. Whether EMS's crossclaim is barred in whole or in part because EMS fails to state a claim upon which relief can be granted;

12. Whether EMS's crossclaim is barred in whole or in part by the doctrines of estoppel, laches, waiver, acquiescence, unclean hands, and/or ratification;

13. Whether all damages and losses alleged in EMS's crossclaim were solely or partially caused by actions, delays, or inactions of third

parties, not by any action, statement, omission, or inaction of Defendant Varinderjit "Veena" Bagga; and

14. Whether any losses suffered by EMS were, in whole or in part, the result of EMS's own negligence, willful inattention to potential fraud, and/or active participation in the fraud of third parties, and not the result of any action, statement, omission, or inaction of Defendant Varinderjit "Veena" Bagga.

### *For Defendant M. Brown:*

1. Whether Defendant Brown is a covered person or service provider under 12 U.S.C. § 5536(a)(3);

2. Whether Defendant Brown engaged in transactions with "consumers," as that term is used in 12 U.S.C. §§ 5531(a), (c)(1);

3. Whether Defendant Brown offered consumer financial products or services used in 12 U.S.C. §§ 5531(a), (c)(1); and

4. Whether the provisions of the CFPA must be interpreted *in pari materia* with, *inter alia*, 15 U.S.C. § 78t(e).

5. Whether Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted;

6. Whether Plaintiff's claims against the Defendant Brown are barred in whole or in part by the doctrines of estoppel, laches, waiver, acquiescence, and/or ratification;

7. Whether Plaintiff's complaint pleads causes of action that sound in fraud with the particularity required by Federal Rule of Civil Procedure 9;

8. Whether Plaintiff's claims are barred in whole or part by the statute of limitations;

9. Whether Plaintiff lacks standing to seek the scope of relief requested in the Complaint to the extent its allegations improperly plead

conduct outside of the time period over which the Bureau has jurisdiction;

10. Whether any alleged violation of the law was due to the affirmative acts and/or omissions of others;

11. Whether any damages sustained by consumers were due to the affirmative acts and/or omissions of others;

12. Whether Plaintiff is an unconstitutional entity;

13. Whether the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. §§ 5531(a), 5536(a), 5564(a), and 5565, is unconstitutional for vagueness and as applied, and the Bureau's action violates due process because regulated parties lack fair notice of what conduct is prohibited as "unfair" or "abusive" acts or practices;

14. Whether Plaintiff lacks standing under Article III of the U.S. Constitution to bring this action;

15. Whether any crossclaims against Defendant Brown are barred in whole or in part because they fail to state a claim upon which relief can be granted;

16. Whether any crossclaims against Defendant Brown are barred in whole or in part by the doctrines of estoppel, laches, waiver, acquiescence, unclean hands, and/or ratification;

17. Whether all damages and losses alleged in any crossclaim against Defendant Brown were solely or partially caused by actions, delays, or inactions of third parties, not by any action, statement, omission, or inaction of Defendant Brown; and

18. Whether any losses suffered by any cross-claimants were, in whole or in part, the result of such cross-claimant's own negligence, willful inattention to potential fraud, and/or active participation in the fraud of third parties, and not the result of any action, statement, omission, or inaction of Defendant Brown.

(d)  The cases listed below (include both style and action number) are:

(1)   Pending Related Cases:

None.

(2)   Previously Adjudicated Related Cases:

None.

**2.**  **This case is complex because it possesses one or more of the features listed below (please check):**

  x     (1)      Unusually large number of parties
  x     (2)      Unusually large number of claims or defenses
 _____  (3)      Factual issues are exceptionally complex
  x     (4)      Greater than normal volume of evidence
  x     (5)      Extended discovery period is needed
  x     (6)      Problems locating or preserving evidence
 _____  (7)      Pending parallel investigations or action by government
  x     (8)      Multiple use of experts
 _____  (9)      Need for discovery outside United States boundaries
  x    (10)      Existence of highly technical issues and proof
 _____ (11)      Unusually complex discovery of electronically stored information

**3.**  **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff**: Jonathan B. Engel, David Dudley, and Lena Amanti

**Defendant, Universal Debt & Payment Solutions, LLC**: unrepresented

**Defendant, WNY Account Solutions, LLC**: unrepresented

**Defendant, S Payment Processing & Solutions, LLC**: Jason Edgecomb

**Defendant, Marcus Brown**: Linda Joseph [need to withdraw due to financial condition of Mr. Brown]

**Defendant, Mohan Bagga**: pro se

**Defendant, Sarita Brown**: pro se

**Defendant, Tasha Pratcher**: Etido Udousoro

**Defendant, Varinderjit Bagga**: Carolyn "Tippi" Cain Burch

**Defendant, Sumant Khan**: Jason Edgecomb

**Defendant, Global Payments, Inc.**: Allyson B. Baker, James Douglas Baldridge, Michael Bracken, and Leonard L. Gordon

**Defendant, Pathfinder Payment Solutions, Inc.**: John Da Grosa Smith and Kristina Jones

**Defendant, Frontline Processing Corp.**: Bryan R. Freeman and Kirstin D. Kanski

**Defendant, Francis David Corp. d/b/a Electronic Merchant Services**: Benjamin Ockner and Michael Ungar

**Defendant, Global Connect, LLC**: Lauren Marshall Burnette and Andrew M. Schwartz

4.     **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

_____Yes

   x  No

If "yes," please attach a statement, not to exceed one page, explaining  the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.**      **Parties to This Action:**

(a)      The following persons are necessary parties who have not been joined:

None.

(b)      The following persons are improperly joined as parties:

None.

(c)      The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d)      The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.**      **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in LR 15.

(a)      List separately any amendments to the pleadings that the parties anticipate will be necessary:

The parties reserve their rights to amend pleadings consistent with Fed. R. Civ. P. 15.

(b)     Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

## 7.     Filing Times For Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)     *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)     *Summary Judgment Motions:*  within thirty days after the close of expert discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)     *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)     *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

***For Defendant Pathfinder****:* Given the size and complexity of this action, and the substantial amount of discovery that the Bureau has already taken, Pathfinder believes that that parties should have 90 days after the close of discovery to file any motions for summary judgment; responses to such motions should be filed 60 days thereafter; and replies 30 days after that.

## 8.     Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your

initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

The parties, except Pathfinder, do not object to serving initial disclosures and plan to serve them by October 9, 2015.

***For Defendant Pathfinder***: Pathfinder objects to serving initial disclosures in this matter to the extent they are duplicative of information already in the Bureau's possession, custody or control, and are therefore unduly burdensome. In particular, information responsive to Defendant's Initial Disclosures 3, 4, 5, and 7 has already been produced to the Bureau or provided in Pathfinder's Motion to Dismiss.

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The parties do not request a scheduling conference with the Court.

**10.    Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

1.     Each individual defendant's role in the collection of debt;

2.    Each individual defendant's role in the control and management of the Debt Collector LLCs;

3.    The nature of the debts the Debt Collectors sought to collect from consumers;

4.    The content of the Debt Collectors' communications with consumers;

5.    The content of consumers' communications with the Plaintiff or FTC or other Federal agency regarding any of the debts the Debt Collectors sought from consumers;

6.    The number of consumers the Debt Collectors contacted to collect purported debt;

7.    The amount of money the Debt Collectors collected from consumers;

8.    Each party's financial resources, as relevant to a potential civil money penalty under 12 U.S.C. § 5565(3)(A);

9.    The nature and extent of the services the Payment Processors and Global Connect provided to the Debt Collectors;

10.   The rules, policies, agreements, practices, and industry standards that governed the Payment Processors' underwriting and monitoring of merchants;

11.   The Payment Processors' internal controls, compliance management systems, and practices in connection with underwriting and monitoring merchants and handling chargebacks;

12.   The rules, policies, agreements, practices, and industry standards that governed the Payment Processors' handling of chargebacks;

13.   The Payment Processors' internal controls, compliance management systems, and practices in connection with handling chargebacks;

14.   The rules, policies, agreements, practices, and industry standards concerning the  relationships between Frontline and Global Payments and Pathfinder and Global Payments;

15.   The Payment Processors' knowledge of, or recklessness regarding, the Debt Collectors' collection conduct;

16.   The amount of money the Debt Collectors compensated the Payment Processors and Global Connect;

17.   The rules, policies, and agreements that governed Global Connect's underwriting and monitoring of clients;

18.   Global Connect's internal controls, compliance management systems, and practices in connection with the underwriting and monitoring of clients; and

19.   Global Connect's knowledge of, or recklessness regarding, the Debt Collectors' conduct.

***For Defendant Francis David:***

1.   The measures not taken by the Payment Processors, but which should have been taken, in connection with underwriting and monitoring those Debt Collectors for which they provided payment processing services;

***For Defendant Pathfinder:***

1.   The regulatory investigation conducted by the Bureau, the documents produced, and testimony taken.

***For Defendant V. Bagga:***

1.   Plaintiff's investigation;

2.   The information obtained by Plaintiff in the course of its investigation and expedited discovery;

3.   The data collected by Plaintiff on Defendant Varinderjit "Veena" Bagga and the authority pursuant to which such data was collected;

4.   The factual basis for the allegations in Plaintiff's Complaint;

5.    The factual basis for the allegations in the Declaration of Jackyan Bowra;

6.    The factual basis for the allegations in Francis David Corporation dba Electronic Merchant Systems' crossclaims;

7.    The role of the other individual defendants in the alleged collection of debt; and

8.    The role of the other individual defendants in the control and management of the Debt Collector LLCs.

*For Defendant Global Payments, Inc.:*
1.    The Bureau's investigative file and analysis of alleged consumer redress.

The above categories only represent general topics of potentially discoverable information, and all parties reserve their rights to seek additional discovery and to object to the scope of information set forth in the above categories or the discoverability of any particular topic or category of information during the course of discovery in this case.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The parties, except **V. Bagga**, mutually agree that at least eight months from the filing of this report will be required for fact discovery. The parties agree that an additional two months of expert discovery should follow eight months of fact discovery.

The parties believe the additional time for discovery is necessary due to the number of parties and the high volume of consumer transactions at issue.

Defendant **Varinderjit "Veena" Bagga** contends that the four months of discovery according to the assigned discovery track should be more than sufficient.  This is particularly true here in light of Plaintiff's pre-suit

investigation during which it issued numerous civil investigative demands (CIDs) and in light of the fact that Plaintiff sought and conducted expedited discovery in this action.

## 11.    Discovery Limitation and Discovery of Electronically Stored Information:

(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

None.

(b) Is any party seeking discovery of electronically stored information?

  x  Yes

____No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The parties agree to work in good faith to produce documents in file formats that comply with the Consumer Financial Protection Bureau's

Document Submission Standards, which are attached to this Joint Preliminary Report and Discovery Plan as Exhibit A. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the search-ability of documents as part of the document production process. The parties reserve all rights to object to the production and format of production of ESI consistent with the Federal Rules of Civil Procedure.

Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

## 12.    Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties request that the Court enter a confidentiality order.  The parties will jointly provide the Court with a proposed order and motion regarding the same.

## 13.    Settlement Potential:

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conferences that were held on September 22, 2015 (**Global Connect**), September 24, 2015 (**Global Payments, Frontline, Pathfinder, V. Bagga, S. Khan, and S Payment Processing**), September 25, 2015 (**Francis David, Marcus Brown**), and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature):   _/s/ Jonathan B. Engel_____

Other participants:       David Dudley

For defendant Universal Debt & Payment Solutions, LLC: Lead counsel
(signature): _____

Other participants:

For defendant WNY Account Solutions, LLC: Lead counsel (signature):
_____

Other participants:

For defendant S Payment Processing & Solutions, LLC: Lead counsel
(signature):   _____/s/ Jason Edgecomb_____

Other participants:

For defendant Marcus Brown: Lead counsel (signature):
/s/ Linda Joseph_____

Other participants:

For defendant Mohan Bagga: Lead counsel (signature):
/s/ Mohan Bagga (pro se)_____

Other participants:
For defendant Sarita Brown: Lead counsel (signature):
_____

Other participants:

For defendant Tasha Pratcher: Lead counsel (signature):
_____

Other participants:

For defendant Varinderjit Bagga: Lead counsel (signature):
*/s/ Carolyn "Tippi" Cain Burch*

Other participants:

For defendant Sumant Khan: Lead counsel (signature):
*/s/ Jason Edgecomb*

Other participants:

For defendant Global Payments Inc.: Lead counsel (signature):
*/s/ Michael Bracken*

Other participants:      Michael Caplan and Leonard Gordon

For defendant Pathfinder Payment Solutions, Inc.: Lead counsel
(signature): */s/ Kristina Jones*

Other participants:

For defendant Frontline Processing Corp.: Lead counsel (signature):
*/s/ Kirstin Kanski*

Other participants:      Susan Barnes, Brian Freeman

For defendant Francis David Corp.: Lead counsel (signature):
*/s/ Benjamin Ockner*

Other participants:

For defendant Global Connect, LLC: Lead counsel (signature):
*/s/ Lauren Burnette*

Other participants:      Andrew Schwartz

(b)   All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

20

(X)   A possibility of settlement before discovery (**Frontline, Francis David, V. Bagga, S. Khan, S Payment Processing**).

(X)   A possibility of settlement after discovery (**Pathfinder, M. Brown, Global Connect**).

( )   A possibility of settlement, but a conference with the judge is needed.

(X)   No possibility of settlement. (**Global Payments**)

(c)   Counsel do intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is: the week of October 5, 2015 (**V. Bagga**), October 6, 2015 (**Francis David**), October 16, 2015 (**S. Khan, S Payment Processing**), the week of October 26, 2015 (**Frontline**), the week of December 21, 2015 (**Global Connect, Global Payments**), the week of January 4, 2016 (**Pathfinder, M. Brown**).

(d)   The following specific problems have created a hindrance to settlement of this case.

None.

## 14.   Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

The parties do not consent to having this case tried before a magistrate judge of this Court.

_/s/ Jonathan B. Engel_                           _____

Counsel for Plaintiff                      Counsel for Universal Debt & Payment Solutions, LLC

_____

Counsel for WNY Account Solutions, LLC

_/s/ Jason Edgecomb_

Counsel for S Payment Processing & Solutions, LLC

_/s/ Linda Joseph_____
Counsel for Marcus Brown

_/s/ Mohan Bagga (pro se)_____
Counsel for Mohan Bagga

_____
Counsel for Sarita Brown

_____
Counsel for Tasha Pratcher

_/s/ Carolyn "Tippi" Cain Burch_
Counsel for Varinderjit Bagga

_/s/ Jason Edgecomb_____
Counsel for Sumant Khan

_/s/ Michael Bracken_____
Counsel for Global Payments, Inc.

_/s/ Kristina Jones_____
Counsel for Pathfinder Payment
Solutions, Inc.

_/s/ Kirstin Kanski_____
Counsel for Frontline Processing
Corp.

_/s/ Benjamin Ockner_____
Counsel for Francis David Corp.

_/s/ Lauren Burnette_____
Counsel for Global Connect, LLC

\* \* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this \_\_\_ day of _____, 2015.

_____

Richard Story
United States District Judge