**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>     Plaintiff,<br><br>v.<br><br>UNIVERSAL DEBT & PAYMENT SOLUTIONS, LLC, *et al.*,<br><br>     Defendants. | Case No. 1:15-cv-0859-RWS |

**AMENDED CROSS-NOTICE OF
DEPOSITION OF DEFENDANT GLOBAL PAYMENTS, INC.**

TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure

26 and 30(b)(6), Defendant Pathfinder Payment Solutions, Inc. ("Pathfinder") cross-

notices the deposition of Defendant Global Payments, Inc. for September 20 and 27,

2016, at 1:00 p.m., at Venable LLP, 750 East Pratt Street, Suite 900, Baltimore, MD

21202.

The deposition will be taken upon oral examination before an officer

authorized to administer oaths and take testimony. The deposition shall be recorded

by stenographic and audiovisual means. The deposition shall continue from day to day, as necessary, until completed.

Defendant shall designate and produce one or more of its officers, directors, managing agents, attorneys, or other persons who consent to testify on its behalf concerning the topics set forth in "Exhibit A" (attached) and may set out the matters on which each person so designated will testify.

Dated: September 15, 2016

/s/ John Da Grosa Smith
John Da Grosa Smith
Georgia Bar No. 660946
jdsmith@smithlit.com

Kristina M. Jones
kjones@smithlit.com
Georgia Bar No. 435145

SMITH LLC
1320 Ellsworth Industrial Boulevard
Suite A1000
Atlanta, GA 30318
Tel: 404-605-9680
Fax: 404-935-5226

*Counsel for Defendant Pathfinder
Payment Solutions, Inc.*

# EXHIBIT A

*Definitions*

1.  "Global Payments," "Global," "you," "your," "yours," and "yourself" shall mean Defendant Global Payments Direct, Inc., and each of its divisions, affiliates, or anyone acting or purporting to act on its behalf, including any of its respective present and former officers, directors, managing agents, agents, employees, attorneys, accountants, investigators, or other representatives.

2.  "Card Association" shall refer to American Express; Visa USA, Inc.; MasterCard International, Inc.; or Discover Financial Services LLC.

3.  "CFPA" shall refer to the Consumer Financial Protection Act of 2010.

4.  "CFPB" shall refer to Plaintiff Consumer Financial Protection Bureau.

5.  "Complaint" shall mean the Complaint filed by the CFPB on or around March 26, 2015 in the above-captioned action, and includes any subsequent amended Complaints.

6.  "Consumer" or "Consumers" shall have the same meaning as that term is given in the Consumer Financial Protection Act.

7.  "Covered Person" shall have the same meaning as that term is given in the Consumer Financial Protection Act.

8.  "Credit Power" shall mean Credit Power, LLC, its wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all principals, directors, officers, owners, employees, agents, representatives, consultants, attorneys, accountants, independent contractors, including other persons working for or on behalf of the foregoing.

9.  "Defendant Debt Collectors" or "Debt Collectors" shall have the same meaning as that term is given in the Complaint, which includes Universal Debt & Payment Solutions, LLC; Universal Debt Solutions, LLC; WNY Account Solutions, LLC; WNY Solutions Group, LLC; Check & Credit Recovery, LLC; Credit Power, LLC; S Payment Processing & Solutions, LLC; Marcus

Brown; Mohan Bagga; Sarita Brown; Tasha Pratcher; Varinderjit Bagga; and Sumant Khan.

10. "Federal consumer financial law" shall have the same meaning as that term is given in the Consumer Financial Protection Act of 2010.

11. "HSBC" shall mean HSBC Bank USA, N.A., its wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all principals, directors, officers, owners, employees, agents, representatives, consultants, attorneys, accountants, independent contractors, including other persons working for or on behalf of the foregoing.

12. "ISO" shall mean "Independent Sales Organization."

13. The phrase "other persons who collect debt" shall have the same meaning as that term is given in the Complaint.

14.  "Payment Processors" shall have the same meaning as that term is given in the Complaint, which includes Global Payments, Inc., Pathfinder Payment Solutions, Inc., Frontline Processing Corp., and Francis David Corp. d/b/a Electronic Merchant Services.

15. "Relevant Time Period" shall mean January 1, 2011 through present, and all Topics listed in Exhibit A, except where otherwise noted, call for testimony concerning the Relevant Time Period.

16. "Service Provider" shall have the same meaning as that term is given in the CFPA.

17. "Sub-ISO" shall refer to an independent sales organization having an agreement with Global Payments, Frontline, or Pathfinder concerning credit or debit card processing.

18. "Substantial assistance" shall have the same meaning as that term is given in the CFPA.

19. "Substantial injury" shall have the same meaning as that term is given in the CFPA.

20. "Well Fargo" shall mean Wells Fargo Bank, N.A., its wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all principals, directors, officers, owners, employees, agents, representatives, consultants, attorneys, accountants, independent contractors, including other persons working for or on behalf of the foregoing.

21. "UDPS" shall mean Universal Debt & Payment Solutions, LLC, its wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all principals, directors, officers, owners, employees, agents, representatives, consultants, attorneys, accountants, independent contractors, including other persons working for or on behalf of the foregoing.

## *Topics*

1. Global Payments' withholding of Compensation owed to Pathfinder in connection with Global Payments' attorneys' fees and expenses incurred as part of this litigation, including identification of the individuals involved in that decision.

2. Global Payments' knowledge of the payment processing industry or the payment technology services industry, including the nature of your relationships with Defendants, Card Associations, banks, Payment Processors, ISOs, Service Providers, merchants, Consumers, and others with whom you do business.

3. The nature of your relationship to Defendants, Card Associations, banks (including Well Fargo and HSBC), ISOs, Service Providers, merchants, and Consumers.

4. The approval by you of merchant applications submitted to you.

5. Representations made by you to Global Payments' Board of Directors, investors, shareholders, and any regulatory agency concerning; the Complaint and CFPB's allegations against Defendants.

6. The rules, policies, and procedures relating to Global Payments' underwriting, and approval process, and monitoring of merchants.

7.      Global Payments' direct sales efforts to merchants including the Debt Collectors or any merchant who's business type appears on Global Payments' Credit Policy Manual "Prohibited" list.

8.      The rules, policies, and procedures relating to Pathfinder's and Frontline's underwriting and monitoring of merchants, including the Debt Collectors.

9.      Global Payments' conduct in evaluating whether the Debt Collectors, other persons who collect debt, or any merchant submitted by Pathfinder, were bona fide businesses that would comply with Global Payments' obligations under Card Association regulations and applicable law, shadow underwriting performed by you, and the criteria, guidelines, rules, regulations, standards or exceptions Global Payments applied to approve the merchant applications submitted by Pathfinder.

10.     Global Payments' policies and conduct related to approving merchants characterized as "Prohibited," or "High Risk," in the Global Payments' Credit Policy Manual.  including the process for applying exceptions to the Credit Policy Manual.

11.     Global Payments' policies or conduct related to terminating merchants, including policies and conduct related to the reinstatement of merchants previously approved by Global Payments and terminated by Global Payments.

12.     Audits, site visits, or examinations of Global Payments , whether "formal" or "informal," by any person or entity, including but not limited to the CFPB, HSBC, Wells Fargo, or any Card Association, and any internal audits performed by or on Global Payments.

13.     Audits, site visits, or examinations by Global Payments, whether "formal" or "informal," of Pathfinder.

14.     Global Payments' knowledge of Pathfinder's policies, audits, examinations, or other reviews of Pathfinder's policies, concerning credit underwriting and monitoring of merchants for compliance with Federal consumer financial laws.

15.     All guidance issued to, examinations conducted on, reports required of, civil investigative demands, or exemptions issued to you by the CFPB.

16. All facts within your knowledge related to Pathfinder's processing of transactions for the Defendant Debt Collectors or other persons who collect debt.

17. All facts within your knowledge related to the CFPB's contention that there were Consumers who initiated chargebacks through merchants submitted for approval by Pathfinder to Global Payments who did not receive full refunds of their credit card payments.

18. Any Consumer complaint or communication from any Consumer that you received or obtained specifically concerning or naming Pathfinder or Pathfinder's alleged conduct in this litigation.

19. Your responses and objections to all interrogatories or requests for production served on you in this action, including your efforts to preserve, search for, and collect documents responsive to any such interrogatory or document request.

20. Any information, analysis, or facts that have been or will be provided to any expert witness who has been or will be designated to testify at trial in this action on behalf of Global Payments.

21. Global Payments' document retention policies including as they relate to merchant applications and underwriting, merchant monitoring, chargebacks and chargeback investigations, internal audits, and audits by acquirers or Card Associations.

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, | |
|     Plaintiff, | Case No. 1:15-cv-0859-RWS |
| v. | |
| UNIVERSAL DEBT & PAYMENT SOLUTIONS, LLC, *et al.*, | |
|     Defendants. | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 15, 2016, I caused to be electronically filed the foregoing *Amended Cross-Notice of Deposition of Defendant Global Payments, Inc.* with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

/s/ John Da Grosa Smith
John Da Grosa Smith
Georgia Bar No. 660946
jdsmith@smithlit.com