IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CONSUMER FINANCIAL
PROTECTION BUREAU,

    Plaintiff,

v.

UNIVERSAL DEBT
SOLUTIONS, LLC, *et al.*,

    Defendants.

:
:
:
:
:
:   CIVIL ACTION NO.
:   1:15-CV-859-RWS
:
:
:
:
:
:

## ORDER

Rule 30(b)(6) deposition notices have been served on the Consumer Financial Protection Bureau (the "Bureau") by certain of the Defendants. The Bureau objects to the notices. The parties have submitted their positions to the Court.[1] After reviewing the submissions, the Courts enters the following Order.

The Bureau objects to the notices on the grounds that (1) the information sought has already been provided to Defendants by the Bureau in responses to written interrogatories, (2) Defendants inquire into topics within the law

---

[1] The parties' submissions are attached to this Order as Exhibit A.

enforcement and deliberative process privilege, and (3) the depositions are an improper attempt to question Bureau counsel as to counsel's mental impressions and analyses. Defendants assert that a government agency such as the Bureau should be subject to the same discovery obligations as any other party in a case and that the discovery sought is factual in nature and not an attempt to obtain attorney work product.

"Rule 30(b)(6) expressly applies to a government agency and provides neither an exemption from Rule 30(b)(6) nor special consideration concerning the scope of discovery, especially when [the agency] voluntary initiates an action." S.E.C. v. Kramer, 778 F. Supp. 2d 1320, 1327 (M.D. Fla. 2011) (internal citation and quotations omitted). While the Bureau is subject to the same discovery obligations as other parties, it is also entitled to the same protections as other parties, as well as special privileges enjoyed by the Government. S.E.C. v. Merkin, 283 F.R.D. 689, 694 (S.D. Fla. 2012). Thus, witnesses cannot be required to disclose mental impressions, case strategies, or legal opinions. U.S. ex rel. Baklid-Kunz v. Halifax Hosp. Med. Ctr., No. 6:09-cv-1002-Orl-31TBS, 2012 WL 3537070, at *4 (M.D. Fla. Aug. 14, 2012); S.E.C. v. Rosenfeld, No. 97 CIV. 1467 (RPP), 1997 WL 576021, at *3

AO 72A
(Rev.8/82)

(S.D.N.Y. Sept. 16, 1997). However, factual matters are subject to inquiry even if those matters have been disclosed in interrogatory responses. F.D.I.C. v. Brudnicki, No. 5:12-cv-00398-RS-GRJ, 2013 WL 5814494, at *3 (N.D. Fla. Oct. 29, 2013). Also, the Bureau is not required to produce an attorney representative, but even if it does, Defendants may only inquire about, and that representative is only required to disclose, facts, not mental impressions or legal opinions. A.R. ex rel. Root v. Dudek, 304 F.R.D. 668, 670 (S.D. Fla. 2015). Also, the Bureau may assert any privileges to which it is properly entitled. Id. at 671.

Based on the foregoing, the Bureau's objection to Rule 30(b)(6) depositions is **OVERRULED**. Should there be specific objections to topics designated by Defendants, the parties are relieved from following the protocols under the Court's Standing Order. The Bureau may file motions for protective orders as to such topics after conferring with opposing counsel. Responses to such motions shall be due 7 days after service of the motion, and replies shall be due 7 days after service of the response. Should the parties desire an extension of discovery in order to complete Rule 30(b)(6) depositions of the Bureau, counsel should confer and make a proposal to the Court. Should an

AO 72A
(Rev.8/82)

extension be granted, expert disclosures and discovery will be stayed until these Rule 30(b)(6) depositions are completed.

As a separate matter, counsel for Marcus Brown has raised an issue with the Court concerning Mr. Brown's deposition. Counsel should confer regarding that issue and, if it is not resolved, submit their positions to the Court.

**SO ORDERED**, this 21st day of September, 2016.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE