# Exhibit A

 **Consumer Financial Protection Bureau**

1700 G Street NW, Washington, DC 20552

August 22, 2016

**BY EMAIL** [Richard_Goss@gand.uscourts.gov]

Rick Goss
Courtroom Deputy Clerk to the
Honorable Richard W. Story
United States District Court
Northern District of Georgia
Atlanta Division

**RE:** *CFPB v. Universal Debt & Payment Solutions, LLC, et al.*, Case No. 1:15-cv-859-RWS

Dear Mr. Goss:

The Consumer Financial Protection Bureau ("Bureau") writes in response to the August 16, 2016 email of defendant Global Payments Inc. ("GP") regarding GP's Fed.R.Civ.P. 30(b)(6) deposition notice ("Notice") issued to the Bureau.[1] The Notice should be quashed or withdrawn because the information it seeks (i) has already been provided fully to GP in the Bureau's extensive written responses to GP's contention interrogatories; (ii) includes improper inquiries into topics of law enforcement and deliberative process privilege; and (iii) is an improper attempt to depose Bureau counsel as to counsel's mental impressions and analyses. A copy of the Notice is attached as Exhibit A. A copy of GP's first set of contention interrogatories to the Bureau is attached as Exhibit B ("GP's Contention Interrogatories"). Copies of the Burea's second and third supplemental answers to GP's Contention Interrogatories are attached as Exhibits C ("Bureau's Second Answers") and D ("Bureau's Third Answers").

<u>The Information GP Seeks Has Already Been Provided</u>. The Notice lists twenty-one (21) topics of testimony. Leaving aside that the topics are duplicative and redundant as to each other, many topics purport to seek the factual bases for the Bureau's contentions or allegations in the Complaint. *See* Ex. A, Notice topics 3-8, 10-14. The topics therefore are

---

[1] The Bureau has received similar notices, under Rule 30(b)(6), from defendants Pathfinder Payments Solutions, Inc. ("Pathfinder") and Global Connect LLC ("Global Connect"). The Bureau has met and conferred with Global Connect to identify a less burdensome and intrusive means of providing the discovery it seeks, and will similarly engage with Pathfinder.

Mr. Rick Goss
August 22, 2016
Page 2

duplicative of GP's Contention Interrogatories which inquired, among other things, about "the complete factual basis" for the Bureau's allegations in the Complaint. *See* Ex. B. The Bureau responded to GP's Contention Interrogatories fully, including with a thirty-three page narrative setting out the basis for the Bureau's case against GP in detail, including facts, document citations, and specific allegations. *See* Ex. D, Bureau's Third Answers, at pp. 6-39. The Bureau also provided separate narrative responses to GP's Contention Interrogatories concerning GP's role as service provider/covered person, GP's duty to monitor chargebacks, and damages sought. *See* Ex. D. at pp. 39-53; Ex. C, Bureau's Second Answers, at pp. 3-5. GP does not explain why those detailed responses are insufficient.

<u>The Notice Is An Attempt To Invade The Privileged Communications and Opinion Work Product of the Bureau</u>. Other topics in the Notice seek privileged information and communications that are the subject of the Bureau's privilege log, which the Court has previously ruled is adequate. Topic nos. 1, 2, 9 and 16 in the Notice are subjects that are protected by the law enforcement, work product and deliberative process privileges, *see* Bureau's letter to Mr. Goss dated June 17, 2016 and GP's response dated June 24, 2016, and GP is not entitled to take deposition testimony concerning them.[2]

The Notice should also be quashed or withdrawn because it is an attempt to obtain a deposition of opposing counsel, a deposition from which GP could glean no facts beyond those already provided by the Bureau. In an attorney-conducted and -directed law enforcement investigation like the Bureau's, the only witnesses knowledgeable about the factual bases for the Bureau's claims in this action are counsel of record or non-attorneys working at the direction of counsel of record. Courts have generally frowned on 30(b)(6) depositions in just these circumstances. *S.E.C. v. Buntrock*, 217 F.R.D. 441, 444-46 (N.D. Ill. 2003), *aff'd*, No. 02 C 2180, 2004 WL 1470278 (N.D. Ill. June 29, 2004). In *Buntrock*, the court granted a protective order to the plaintiff government agency to preclude a 30(b)(6) deposition sought by the defendants with what amounted to contention interrogatories as topics. There, as here, the defendant was not seeking "facts," but improperly seeking the government's legal theories as to the underlying facts and its belief as to the inferences that could be drawn from those facts. *Id.* at 446. In *Halifax Hosp. Med. Ctr.*, the court denied defendant's motion to compel a Rule 30(b)(6) deposition of the United States, finding it an improper attempt to discover how attorneys for the U.S. intended to marshal facts to support its position, and holding that allowing such a deposition

> risks the disclosure of privileged information, it would increase the burden on the United States to prepare a witness, and it would increase the burden on this Court which would likely have to make many otherwise unnecessary decisions about issues of work product privilege.

---

[2] Other topics in the Notice are irrelevant to any claims or defenses (nos. 15, 17, 18 and 21), and GP makes no case otherwise, or premature (nos. 19 and 20). *See U.S. v. Halifax Hosp. Med. Ctr.*, No. 6:09-cv-1002-Orl-31TBS, 2012 WL 3537070 (M.D. Fla. Aug. 14, 2012), at *4 (proponent of motion to compel discovery bears initial burden of proving that information sought is relevant.)

**consumerfinance.gov**

2012 WL 3537070, at *5. Other courts have held similarly. *See S.E.C. v. Rosenfeld*, No. 97 CIV. 1467 (RPP), 1997 WL 576021, at *3 (S.D.N.Y. Sept. 16, 1997) (rejecting 30(b)(6) deposition of SEC witness on topics that were substantively contention interrogatories as impermissible effort to obtain attorney work product); *S.E.C. v. Morelli*, 143 F.R.D. 42, 47 (S.D.N.Y. 1992) (prohibiting 30(b)(6) deposition of SEC witness to "ascertain how the SEC intends to marshal the facts, documents and testimony in its possession").

In *Buntrock*, the court found that the Rule 30(b)(6) deposition notice "seeks, if not the deposition of opposing counsel, then the practical equivalent thereof." 217 F.R.D. at 445. The court held therefore that a three-part test applied to determine whether the deposition was proper: "(1) no other means exist to obtain the information; (2) the information sought is relevant and non-privileged; and (3) the information sought is crucial to the preparation of the case." *Id*. GP's Notice fails all three prongs of the test. Regarding the first prong, GP already possesses the non-privileged information it seeks because the Bureau has provided detailed answers to GP's Contention Interrogatories and because the Bureau has produced all non-privileged documents relating to its pre-complaint investigation. As to the second prong, whether the deposition seeks relevant and non-privileged information, there are no witnesses at the Bureau with any first-hand knowledge of the facts in the case; the Bureau has simply gathered facts from the Defendants and third-party witnesses. Therefore, the only information beyond that already produced by the Bureau that GP could obtain from taking a deposition of a Bureau witness is, as in *Buntrock*, "legal theories and explanations of those theories: the [government's] legal position in this case, and how it arrived at that position." *Id*. As a result, the only logical conclusion is that GP impermissibly seeks to discover the analyses, mental processes, impressions, and strategies that Bureau counsel has drawn from those facts and documents – *i.e.*, protected opinion work product.

Finally, regarding the third prong, whether the information sought is "crucial" to the case, while it may be helpful to GP to inquire about Bureau counsel's opinions and thought processes in marshalling the facts in the case, such information is far from crucial. More important, such an inquiry is impermissible. As noted above, the only information that GP may properly discover in the course of such a deposition has already been provided in response to GP's Contention Interrogatories and in the Bureau's document productions. Accordingly, as in *Buntrock*, the noticed deposition is no more than "an inappropriate attempt to depose opposing counsel and to delve into the theories and opinions of [government enforcement] attorneys." 217 F.R.D. at 444. Therefore, the Bureau respectfully asks that the Court quash the Notice or order GP to withdraw it.

Respectfully submitted,

CONSUMER FINANCIAL PROTECTION BUREAU
        /s/ *Jonathan B. Engel*

Jonathan B. Engel
Enforcement Attorney
cc: Counsel and pro se parties

**VENABLE** LLP

575 SEVENTH STREET NW   WASHINGTON, DC 20004
T 202.344.4000   F 202.344.8300   www.Venable.com

August 25, 2016

David L. Feinberg

T 202.344.8278
F 202.344.8300
dlfeinberg@venable.com

*Via E-Mail*

Mr. Rick Goss
Courtroom Deputy Clerk to the
Honorable Richard W. Story
United States District Court
Northern District of Georgia
Atlanta Division
Richard_Goss@gand.uscourts.gov

    Re:    *CFPB v. Universal Debt & Payment Solutions, LLC, et al.*
            Case No. 1:15-cv-859-RWS

Dear Mr. Goss:

      We write on behalf of Defendant Global Payments Inc. ("Global Payments") to address the CFPB's refusal to designate a witness for a Rule 30(b)(6) deposition. The CFPB's position is that it will not be deposed because purportedly (a) it has provided certain information in interrogatory responses, and (b) the deposition would invade privilege and work product protections because it would constitute "an improper attempt to depose Bureau counsel as to counsel's mental impressions and analyses."

      The CFPB's position is contrary to the plain language of Rule 30(b)(6) and the weight of authority rejecting the same arguments that the CFPB advances here. *See* Fed. R. Civ. P. 30(b)(6) ("[A] a party may name as the deponent . . . a governmental agency . . . [and t]he named organization <u>must</u> then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf.") (emphasis added); *A.R. ex rel. Root v. Dudek,* 304 F.R.D. 668 (S.D. Fla. 2015); *FDIC v. Brudnicki,* No. 5:12-cv-00398-RS-GRJ, 2013 WL 5814494 (N.D. Fla. Oct. 29, 2013); *SEC v. Merkin,* 283 F.R.D. 689, 694 (S.D. Fla. 2012) (citing cases where government agencies could be compelled to provide designees for a 30(b)(6) deposition); *SEC v. Kramer,* 778 F. Supp. 2d 1320, 1327 (M.D. Fla. 2011) ("Rule 30(b)(6) expressly applies to a government agency and provides neither an exemption from Rule 30(b)(6) nor special consideration concerning the scope of discovery . . . ."); *SEC v. Collins & Aikman Corp.,* 256 F.R.D. 403, 414 (S.D.N.Y. 2009) ("Like any ordinary litigant, the Government must abide by the Federal Rules of Civil Procedure. It is not entitled to special consideration concerning the scope of discovery, especially when it voluntarily initiates an action."); 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure, § 2103, n. 37 (citing other cases where government agencies could be compelled to provide designees for a 30(b)(6) deposition).

**VENABLE**LLP

Mr. Rick Goss
August 25, 2016
Page 2

  First, the CFPB contends that it cannot be deposed because it has previously answered contention interrogatories. The Court's language in ordering the CFPB to answer those interrogatories indicates to the contrary. *See* Ex. 1, Excerpt of Hr'g Tr. 34:8-12, 46:21-47:1, June 10, 2016 (explaining that defendants' 30(b)(6) deposition of the CFPB would "probably [be] the last thing that happens in discovery," and noting that if the CFPB's affirmative discovery was completed near the close of discovery the Court "will grant the request for a brief extension for the defendants to be able to accomplish their 30(b)(6)").

  Furthermore, were the CFPB's position correct, parties would simply produce documents, or answer interrogatories, and would never sit for depositions. But that is not the law, and the CFPB's argument has been roundly rejected by a majority of courts. *See, e.g., Merkin,* 283 F.R.D. at 698 ("Litigants can ordinarily select which available discovery tools they want to use, along with the order in which they want to use them, and courts usually will not force litigants to select another form of discovery (e.g., interrogatories) before permitting a 30(b)(6) deposition."); *New Jersey v. Sprint Corp.,* No. 03-2071-JWL, 2010 WL 610671, at *2-3 (D. Kan. Feb. 19, 2010); *Dongguk Univ. v. Yale Univ.,* 270 F.R.D. 70, 74 (D. Conn. 2000).

  More importantly, Global Payments needs to take the CFPB's deposition. Global Payments seeks, among other things, "the factual bases for the Bureau's contentions or allegations in the Complaint." Global has always emphasized that it seeks to learn facts – including the identity of witness and any exculpatory facts provided by those witnesses – developed by the CFPB in its investigation. *See, e.g., Dudek,* 304 F.R.D. at 670 ("It seems fundamental that a defendant should be able to inquire into the facts upon which a plaintiff relies in support of its complaint."). Furthermore, Global deserves the right to bind the CPFB as to those facts undergirding its allegations. The CFPB has insisted on objecting to all of Global Payments' interrogatories on the bases that those interrogatories are "premature," that the CFPB's "investigation and development of all facts and circumstances relating to this matter remains ongoing," and that the CFPB, even as of August 3, 2016, "reserves its right to supplement" those interrogatory responses. This Court and others have recognized Global Payments' right to ultimately stop the cat-and-mouse game. *See* Ex. 1, Excerpt of Hr'g Tr. 33:18-23, June 10, 2016 ("There was also the suggestion, and this goes to some extent to the issue of contention, contention interrogatories, but the possibility, obviously, that one or more of the defendants will anticipate a 30(b)(6) of the plaintiff where those contentions would be further explored as this develops. So I think, going back to the point we were discussing about the scope of the discovery, <u>it seems obvious to me that one or more of the defendants anticipate discovery from their end in terms of at least a 30(b)(6) of the plaintiff to lock down the contentions and positions that the Bureau is taking as to each of them</u>.") (emphasis added); *see also New Jersey v. Sprint Corp.,* No. 03-2071-JWL, 2010 WL 610671, *2-3; *Brudnicki,* 2013 WL 5814494, at *3 (citation omitted).

  Second, the CFPB contends that a Rule 30(b)(6) deposition would invade privilege and work product protections as "an improper attempt to depose Bureau counsel as to counsel's mental

# VENABLE LLP

Mr. Rick Goss
August 25, 2016
Page 3

impressions and analyses." But this argument also has been roundly rejected. As courts have observed, the CFPB decides which witnesses to designate and those witnesses need not be (and generally are not) attorneys. *See A.R. ex rel. Root*, 304 F.R.D. at 670 (rejecting government's attempt to avoid deposition "because Rule 30(b)(6) does not require a government entity to designate one of its attorneys as its representative"); *accord Merkin*, 283 F.R.D. at 698. That attorneys were or are involved in the preparation of the 30(b)(6) witness does not foreclose all questions of the 30(b)(6) witness. *Merkin*, 283 F.R.D. at 698 ("[T]he argument that a lawyer would be involved in the preparation process is simply a truism which, if sufficient to preclude 30(b)(6) depositions, would eliminate that discovery tool."). As the court explained in *A.R. ex rel. Root*: "The representative would not be prepared to discuss counsels' mental impressions; rather, the representative would be prepared to disclose the facts known to the United States. <u>To create an exception for government entities that choose to use an attorney to investigate the basis of an enforcement action would be unjust and inconsistent with the Rules</u>." *A.R. ex rel. Root*, 304 F.R.D. at 670 (emphasis added). The CFPB, like any other litigant, may protect against the disclosure of work product or privileged information by interposing appropriate objections and giving instructions on a question-by-question basis. *Merkin*, 283 F.R.D. at 698; *Brudnicki*, 2013 WL 5814494; *E.E.O.C. v. Albertson's LLC*, No. 06-cv-01273, 2007 WL 1299194, at *2 (D. Colo. May 1, 2007).

This is the second time that the CFPB has refused usual, customary discovery on its professed basis that as a government agency the Rules of Civil Procedure apply differently to it.[1] On this occasion, the CFPB flatly objected to <u>all</u> of the topics identified in a duly-issued deposition notice and refused to designate a witness.[2] For all of these reasons, Global Payments respectfully requests that the Court not only compel the CFPB to designate a witness for its 30(b)(6) deposition, but also, as an appropriate sanction, to award Global its attorneys' fees incurred in pursuing this discovery and filing this letter brief.

Sincerely,

David L. Feinberg

cc:     Counsel of record

---

[1]     The CFPB's position, to paraphrase George Orwell, appears to be, "All parties before the Court are equal, but some are more equal than others." GEORGE ORWELL, Animal Farm, ch. X (1945) (quoted with approval in *Merkin*, 283 F.R.D. at 694, n.2).

[2]     Global Payments understands that the CFPB has taken a similar approach to the other Defendants who have sought to depose the CFPB.

# Mitch Williamson

| | |
|---|---|
| **From:** | Lauren Burnette |
| **Sent:** | Monday, September 19, 2016 11:00 AM |
| **To:** | Mitch Williamson; Brad Elbein |
| **Subject:** | FW: CFPB v. Universal Debt & Payment Solutions, LLC, et al., Case No. 1:15-cv-859-RWS (N.D. Ga.) - Discovery Dispute |

8/17 email below

Lauren Burnette
(904) 201-9120

**From:** Brad Elbein
**Sent:** Wednesday, August 17, 2016 10:21 AM
**To:** 'Richard_Goss@gand.uscourts.gov' <Richard_Goss@gand.uscourts.gov>
**Cc:** Allyson B. Baker - Venable LLP (abaker@Venable.com) <abaker@Venable.com>; Amanti, Lena (USAGAN) <Lena.Amanti@usdoj.gov>; Andrew E. Bigart (aebigart@Venable.com) <aebigart@Venable.com>; 'bcheesbro@caplancobb.com' <bcheesbro@caplancobb.com>; Benjamin Ockner (bockner@bernsockner.com) <bockner@bernsockner.com>; Black, Lauren (CFPB) <Lauren.Black@cfpb.gov>; Brad Elbein <belbein@bn-lawyers.com>; Brian L. Ponder (brian@brianponder.com) <brian@brianponder.com>; Crittendon, Shira <scrittendon@SWFLLP.com>; Dudley, David (CFPB) <David.Dudley@cfpb.gov>; Dylan W. Howard (dhoward@bakerdonelson.com) <dhoward@bakerdonelson.com>; Edgecombe, Jason (jedgecombe@bakerdonelson.com) <jedgecombe@bakerdonelson.com>; Engel, Jonathan (CFPB) <Jonathan.Engel@cfpb.gov>; Feinberg, David L. <DLFeinberg@Venable.com>; 'frpratcher@gmail.com' <frpratcher@gmail.com>; Horowitz, Benjamin E. <BEHorowitz@Venable.com>; J. Douglas Baldridge (jbaldridge@Venable.com) <jbaldridge@Venable.com>; Joe Gleason <joe@gleason.legal>; John Da Grosa Smith (jdsmith@smithlit.com) <jdsmith@smithlit.com>; Jonathan E. Green (jegreen@bakerdonelson.com) <jegreen@bakerdonelson.com>; Joyce Lewis (jlewis@shinglerlewis.com) <jlewis@shinglerlewis.com>; Kristina Jones (KJones@smithlit.com) <KJones@smithlit.com>; Langton, Tori <vlangton@ulmer.com>; Lauren Burnette <lburnette@bn-lawyers.com>; Leonard L. Gordon (lgordon@Venable.com) <lgordon@Venable.com>; Linda Joseph (ljoseph@sjalegal.com) <ljoseph@sjalegal.com>; Michael A. Caplan (mcaplan@caplancobb.com) <mcaplan@caplancobb.com>; Mohan Bagga <mbagga102@yahoo.com>; Tiffany Rene Johnson (Trj@phrd.Com) <Trj@phrd.Com>; Timothy J. Burson (tjb@boviskyle.com) <tjb@boviskyle.com>; Tippi Burch (tburch@cpblawgroup.com.) <tburch@cpblawgroup.com>; Ungar, Michael <mungar@ulmer.com>; Warren, Mary (CFPB) <Mary.Warren@cfpb.gov>; Allyson B. Baker - Venable LLP (abaker@Venable.com) <abaker@Venable.com>; Amanti, Lena (USAGAN) <Lena.Amanti@usdoj.gov>; Andrew E. Bigart (aebigart@Venable.com) <aebigart@Venable.com>; 'bcheesbro@caplancobb.com' <bcheesbro@caplancobb.com>; Benjamin Ockner (bockner@bernsockner.com) <bockner@bernsockner.com>; Black, Lauren (CFPB) <Lauren.Black@cfpb.gov>; Brad Elbein <belbein@bn-lawyers.com>; Brian L. Ponder (brian@brianponder.com) <brian@brianponder.com>; Crittendon, Shira <scrittendon@SWFLLP.com>; Dudley, David (CFPB) <David.Dudley@cfpb.gov>; Dylan W. Howard (dhoward@bakerdonelson.com) <dhoward@bakerdonelson.com>; Edgecombe, Jason (jedgecombe@bakerdonelson.com) <jedgecombe@bakerdonelson.com>; Engel, Jonathan (CFPB) <Jonathan.Engel@cfpb.gov>; Feinberg, David L. <DLFeinberg@Venable.com>; 'frpratcher@gmail.com' <frpratcher@gmail.com>; Horowitz, Benjamin E. <BEHorowitz@Venable.com>; J. Douglas Baldridge (jbaldridge@Venable.com) <jbaldridge@Venable.com>; Joe Gleason <joe@gleason.legal>; John Da Grosa Smith (jdsmith@smithlit.com) <jdsmith@smithlit.com>; Jonathan E. Green (jegreen@bakerdonelson.com) <jegreen@bakerdonelson.com>; Joyce Lewis (jlewis@shinglerlewis.com) <jlewis@shinglerlewis.com>; Kristina Jones (KJones@smithlit.com) <KJones@smithlit.com>; Langton, Tori <vlangton@ulmer.com>; Lauren Burnette <lburnette@bn-lawyers.com>; Leonard L. Gordon (lgordon@Venable.com) <lgordon@Venable.com>; Linda Joseph (ljoseph@sjalegal.com) <ljoseph@sjalegal.com>; Michael A. Caplan (mcaplan@caplancobb.com)

1

<mcaplan@caplancobb.com>; Mohan Bagga <mbagga102@yahoo.com>; Tiffany Rene Johnson (Trj@phrd.Com) <Trj@phrd.Com>; Timothy J. Burson (tjb@boviskyle.com) <tjb@boviskyle.com>; Tippi Burch (tburch@cpblawgroup.com.) <tburch@cpblawgroup.com>; Ungar, Michael <mungar@ulmer.com>; Warren, Mary (CFPB) <Mary.Warren@cfpb.gov>
**Subject:** CFPB v. Universal Debt & Payment Solutions, LLC, et al., Case No. 1:15-cv-859-RWS (N.D. Ga.) - Discovery Dispute

**Dear Mr. Goss:**

On behalf of Defendant Global Connect, LLC, and pursuant to the provisions on discovery disputes in the Court's Standing Order on Civil Litigation, I am contacting you to request the Court's assistance in resolving a discovery dispute. Global Connect seeks to obtain discovery responses from the CFPB beyond the general, non-specific statements that they have provided. Despite numerous efforts to resolve the dispute, including a detailed letter, e-mails, and telephone conferences, CFPB continues to insist that they do not have a duty to provide anything further. This has left Global Connect unable to evaluate CFPB's claims.

Global Connect requests a telephonic or in camera hearing with the Court to resolve the dispute. We would like to provide a brief statement of the issues in advance of the call or hearing: there are three major issues involved which can be easily summarized, but they involve multiple subsidiary issues which might muddy the waters if debated orally.

**Thanking you in advance for your courtesy--**

Bradley M. Elbein, Esq.
Barron & Newburger, PC
1401 Peachtree St. NE, Suite 500
Atlanta, GA 30309
404-870-8077

**Mitch Williamson**

| | |
|---|---|
| **From:** | Lauren Burnette |
| **Sent:** | Monday, September 19, 2016 10:59 AM |
| **To:** | Mitch Williamson; Brad Elbein |
| **Subject:** | FW: CFPB v. Universal Debt & Payment Solutions, LLC, et al., Case No. 1:15-cv-859-RWS (N.D. Ga.) - Discovery Dispute |

8/26 email below

Lauren Burnette
(904) 201-9120

**From:** Brad Elbein
**Sent:** Friday, August 26, 2016 10:07 AM
**To:** 'Richard_Goss@gand.uscourts.gov' <Richard_Goss@gand.uscourts.gov>
**Cc:** Amanti, Lena (USAGAN <Lena.Amanti@usdoj.gov>; Black, Lauren (CFPB <Lauren.Black@cfpb.gov>; Dudley, David (CFPB <David.Dudley@cfpb.gov>; Engel, Jonathan (CFPB <Jonathan.Engel@cfpb.gov>; Warren, Mary (CFPB <Mary.Warren@cfpb.gov>; Allyson B. Baker - Venable LLP <abaker@Venable.com>; Andrew E. Bigart <aebigart@Venable.com>; 'bcheesbro@caplancobb.com'; Benjamin Ockner <bockner@bernsockner.com>; Brad Elbein <belbein@bn-lawyers.com>; Brian L. Ponder <brian@brianponder.com>; Crittendon, Shira <scrittendon@SWFLLP.com>; Dylan W. Howard <dhoward@bakerdonelson.com>; Edgecombe, Jason <jedgecombe@bakerdonelson.com>; Feinberg, David L. <DLFeinberg@Venable.com>; 'frpratcher@gmail.com'; Horowitz, Benjamin E. <BEHorowitz@Venable.com>; J. Douglas Baldridge <jbaldridge@Venable.com>; Joe Gleason <joe@gleason.legal>; John Da Grosa Smith <jdsmith@smithlit.com>; Jonathan E. Green <jegreen@bakerdonelson.com>; Joyce Lewis <jlewis@shinglerlewis.com>; Kristina Jones <KJones@smithlit.com>; Langton, Tori <vlangton@ulmer.com>; Lauren Burnette <lburnette@bn-lawyers.com>; Leonard L. Gordon <lgordon@Venable.com>; Linda Joseph <ljoseph@sjalegal.com>; Michael A. Caplan <mcaplan@caplancobb.com>; Mohan Bagga <mbagga102@yahoo.com>; Tippi Burch <tburch@cpblawgroup.com.>; Ungar, Michael <mungar@ulmer.com>; Michael Bresnick <mjbresnick@venable.com>
**Subject:** FW: CFPB v. Universal Debt & Payment Solutions, LLC, et al., Case No. 1:15-cv-859-RWS (N.D. Ga.) - Discovery Dispute

Dear Mr. Goss:

I write regarding the discussion currently being entertained by the Court about Rule 30(b)(6) depositions of the CFPB. My client, Global Connect LLC, issued a notice of a 30(b)(6) deposition to the CFPB a week ago, about the same time as we initiated discussions with the CFPB on other discovery issues. As evidenced by the attached e-mail, we held a meet and confer on the other discovery issues and reached potential resolutions on those matters with CFPB.

In that conversation last week, Global Connect and the CFPB briefly discussed our 30(b)(6) notice. We did not complete a "meet and confer" on that issue, and thus neither reached a resolution, nor did we arrive at a standoff. I believe Mr. Engel would agree with me that it is fair to say that the CFPB was *disinclined* at that point to provide a witness. However, in our brief discussion, the CFPB raised the same arguments that they have raised in their current position letter before the Court. Again, I must emphasize that our meet and confer was a cordial and productive discussion on other issues, and an incomplete "meet and confer" on the 30(b)(6) issue. Yet it seems clear from the current filings that the unless either Global Connect or the CFPB changes their position, the same issue might well be before the Court again, and shortly.

Global Connect's 30(b)(6) notice raises another necessarily connected issue, as will other defendants' 30(b)(6) notices of the CFPB. Our 30(b)(6) has been cross-noticed. Yet we will need a full day for our deposition. Other groups of

1

defendants share some issues which might allow management of otherwise duplicative questions. However, Global Connect is unique, sharing issues with no other party: it is neither one of the group of Debt Collectors, nor one of the group of Payment Processors. Global Connect stands in a unique position, charged with unique violations, and thus requires the exploration of unique lines of inquiry.

In closing, I acknowledge that this letter is premature in terms of the Standing Order's procedures. However, after wrestling with the issue, I decided that it was not fair to the Court not to advise of a potential issue identical in part to the one it was now considering.

Brad Elbein
Counsel for Global Connect, LLC

---

**From:** Brad Elbein
**Sent:** Friday, August 19, 2016 5:21 PM
**To:** 'Richard_Goss@gand.uscourts.gov'
**Cc:** jonathan.engel@cfpb.gov; Mitch Williamson; Warren, Mary (CFPB); Thompson, John (CFPB); Lauren Burnette
**Subject:** FW: CFPB v. Universal Debt & Payment Solutions, LLC, et al., Case No. 1:15-cv-859-RWS (N.D. Ga.) - Discovery Dispute

Mr. Goss:

Attorneys for Global Connect and the CFPB conducted a "meet and confer" this afternoon on the matters at issue in the attached notice. We made progress in resolving many of the outstanding issues. Pending proffers by both parties, we will not know for about a week whether or not matters are sufficiently resolved to obviate the court's attention. However, at this point you may take us off your list of pending problems.

Brad Elbein

---

**From:** Brad Elbein
**Sent:** Wednesday, August 17, 2016 10:21 AM
**To:** 'Richard_Goss@gand.uscourts.gov'
**Cc:** Allyson B. Baker - Venable LLP (abaker@Venable.com); Amanti, Lena (USAGAN); Andrew E. Bigart (aebigart@Venable.com); 'bcheesbro@caplancobb.com'; Benjamin Ockner (bockner@bernsockner.com); Black, Lauren (CFPB); Brad Elbein; Brian L. Ponder (brian@brianponder.com); Crittendon, Shira; Dudley, David (CFPB); Dylan W. Howard (dhoward@bakerdonelson.com); Edgecombe, Jason (jedgecombe@bakerdonelson.com); Engel, Jonathan (CFPB); Feinberg, David L.; 'frpratcher@gmail.com'; Horowitz, Benjamin E.; J. Douglas Baldridge (jbaldridge@Venable.com); Joe Gleason; John Da Grosa Smith (jdsmith@smithlit.com); Jonathan E. Green (jegreen@bakerdonelson.com); Joyce Lewis (jlewis@shinglerlewis.com); Kristina Jones (KJones@smithlit.com); Langton, Tori; Lauren Burnette; Leonard L. Gordon (lgordon@Venable.com); Linda Joseph (ljoseph@sjalegal.com); Michael A. Caplan (mcaplan@caplancobb.com); Mohan Bagga; Tiffany Rene Johnson (Trj@phrd.Com); Timothy J. Burson (tjb@boviskyle.com); Tippi Burch (tburch@cpblawgroup.com.); Ungar, Michael; Warren, Mary (CFPB); Allyson B. Baker - Venable LLP (abaker@Venable.com); Amanti, Lena (USAGAN); Andrew E. Bigart (aebigart@Venable.com); 'bcheesbro@caplancobb.com'; Benjamin Ockner (bockner@bernsockner.com); Black, Lauren (CFPB); Brad Elbein; Brian L. Ponder (brian@brianponder.com); Crittendon, Shira; Dudley, David (CFPB); Dylan W. Howard (dhoward@bakerdonelson.com); Edgecombe, Jason (jedgecombe@bakerdonelson.com); Engel, Jonathan (CFPB); Feinberg, David L.; 'frpratcher@gmail.com'; Horowitz, Benjamin E.; J. Douglas Baldridge (jbaldridge@Venable.com); Joe Gleason; John Da Grosa Smith (jdsmith@smithlit.com); Jonathan E. Green (jegreen@bakerdonelson.com); Joyce Lewis (jlewis@shinglerlewis.com); Kristina Jones (KJones@smithlit.com); Langton, Tori; Lauren Burnette; Leonard L. Gordon (lgordon@Venable.com); Linda Joseph (ljoseph@sjalegal.com); Michael A. Caplan (mcaplan@caplancobb.com); Mohan Bagga; Tiffany Rene Johnson (Trj@phrd.Com); Timothy J. Burson (tjb@boviskyle.com); Tippi Burch (tburch@cpblawgroup.com.); Ungar, Michael; Warren, Mary (CFPB)
**Subject:** CFPB v. Universal Debt & Payment Solutions, LLC, et al., Case No. 1:15-cv-859-RWS (N.D. Ga.) - Discovery Dispute

**Dear Mr. Goss:**

2

**On behalf of Defendant Global Connect, LLC, and pursuant to the provisions on discovery disputes in the Court's Standing Order on Civil Litigation, I am contacting you to request the Court's assistance in resolving a discovery dispute. Global Connect seeks to obtain discovery responses from the CFPB beyond the general, non-specific statements that they have provided. Despite numerous efforts to resolve the dispute, including a detailed letter, e-mails, and telephone conferences, CFPB continues to insist that they do not have a duty to provide anything further. This has left Global Connect unable to evaluate CFPB's claims.**

**Global Connect requests a telephonic or in camera hearing with the Court to resolve the dispute. We would like to provide a brief statement of the issues in advance of the call or hearing: there are three major issues involved which can be easily summarized, but they involve multiple subsidiary issues which might muddy the waters if debated orally.**

**Thanking you in advance for your courtesy--**

Bradley M. Elbein, Esq.
Barron & Newburger, PC
1401 Peachtree St. NE, Suite 500
Atlanta, GA 30309
404-870-8077

## Mitch Williamson

| | |
|---|---|
| **From:** | Brad Elbein |
| **Sent:** | Monday, August 29, 2016 3:05 PM |
| **To:** | Mitch Williamson |
| **Subject:** | FW: 1:15-CV-0859, CFPB vs. Global Payments et al: 30(b)(6) deposition issue relating to Global Connect |

**From:** Brad Elbein
**Sent:** Monday, August 29, 2016 1:39 PM
**To:** 'Richard_Goss@gand.uscourts.gov'
**Cc:** 'Amanti, Lena (USAGAN)'; 'Black, Lauren (CFPB)'; 'Dudley, David (CFPB)'; 'Engel, Jonathan (CFPB)'; 'Warren, Mary (CFPB)'; 'Allyson B. Baker - Venable LLP'; 'Andrew E. Bigart'; 'bcheesbro@caplancobb.com'; 'Benjamin Ockner'; Brad Elbein; 'Brian L. Ponder'; 'Crittendon, Shira'; 'Dylan W. Howard'; 'Edgecombe, Jason'; 'Feinberg, David L.'; 'frpratcher@gmail.com'; 'Horowitz, Benjamin E.'; 'J. Douglas Baldridge'; 'Joe Gleason'; 'John Da Grosa Smith'; 'Jonathan E. Green'; 'Joyce Lewis'; 'Kristina Jones'; 'Langton, Tori'; Lauren Burnette; 'Leonard L. Gordon'; 'Linda Joseph'; 'Michael A. Caplan'; 'Mohan Bagga'; 'Tippi Burch'; 'Ungar, Michael'; 'Michael Bresnick'
**Subject:** 1:15-CV-0859, CFPB vs. Global Payments et al: 30(b)(6) deposition issue relating to Global Connect

Dear Mr. Goss:

I write regarding Ms. Warren's August 26, 2016 e-mail, relating to a "meet and confer" call that occurred between Global Connect and the CFPB on 8/17/2016. Only Mr. Engle, I, and my colleague Mitch Williamson* participated in the call, so Ms. Warren cannot be aware of certain details. Unfortunately, her e-mail message unintentionally incorrectly states Global Connect's position, particularly with respect to the 30(b)(6).

Ms. Warren wrote:

> In the case of defendant Global Connect Inc., the meet/confer process has resulted in Global Connect's withdrawing its notice of dispute to the Court (see Aug. 19, 2016 and Aug. 26, 2016 emails of Global Connect's counsel to Mr. Goss) while the Bureau attempts to satisfy Global Connect's Rule 30(b)(6) deposition notice by providing a second supplement to Global Connect's contention interrogatories.

The implication is that Global Connect participated in a "meet and confer" on the 30(b)(6) issue before the Court. There is a further implication in Ms. Warren's e-mail that Global Connect had reached some sort of accommodation with the CFPB by which it provisionally waived its right to a 30(b)(6) deposition pending CFPB "attempt[ing] to satisfy" my client.

This is incorrect.

Global Connect initially detailed our concerns about the CFPB's incomplete discovery through a long and detailed letter that pointed out deficits in CFPB's discovery paragraph by paragraph. After a meet and confer, some progress was made, and Global Connect awaited supplemental discovery responses from the CFPB. When we received a Supplemental Response responding to exactly one of the fifteen Interrogatories we'd

1

highlighted, and not a single one of the Requests for Production at issue (which have still not been supplemented), we wrote to inquire whether we were awaiting additional supplementation or whether that fractional supplement was all we would get. After two e-mails inquiring, Mr. Thompson of the CFPB called me on August 12, 2016 to tell me that the CFPB was not required to, and did not intend to, supplement further. I confirmed this refusal by e-mail; Mr. Thompson confirmed my understanding of his refusal by e-mail. I then sent a letter to you, as required by the Standing Order, requesting Court intervention.

In the meantime, Global Connect filed its notice of a Rule 30(b)(6) deposition of the CFPB. As a result of the CFPB's insistence that it would not provide further discovery, that deposition notice contains an extensive document request that would provide the documents the CFPB failed at that time to either identify or produce. This is relevant to what followed, as you will see.

About a week later, Mr. Engel contacted me by e-mail to suggest that we have a second "meet and confer" to discuss both the written discovery and the 30(b)(6) deposition. I was glad to revisit the issue of supplementation of the written discovery, since that discovery is critical to our case. The written discovery was the subject of the majority of our "meet and confer" call on August 17 with Mr. Engel. Indeed, when I notified you on August 17 that Global Connect and the CFPB had reached an apparent resolution and our dispute could be removed from your docket for now, I was careful to note that the potential resolution (pending discovery responses) involved the written discovery only.

It is true that Mr. Engel raised the issue of the 30(b)(6) with us in that second "meet and confer" on August 17. It may be true that Mr. Engel believed that in offering to provide supplemental discovery, the implied quid pro quo was our giving up a 30(b)(6) deposition, though Mr. Williamson and I made it clear that we were not willing to do so. It is also true that I informed Mr. Engel that the extensive document requests were the result of the CFPB's refusal to provide any discovery as to the Requests for Production and had provided no identification of document sets ambiguously identified in the Responses to Interrogatories; I told him that to the extent the CFPB provided responses that allowed me to identify documents, I could possibly reduce the 30(b)(6) document requests accordingly. The "meet and confer" ended with a potential resolution of the written discovery issues, with a complete discussion of the 30(b)(6) deposition left for later.

We have now received the CFPB's Second Supplemental Answers to Interrogatories and are reviewing them. It is clear that Mr. Engel heard our concerns about the identify of documents and has worked to give more complete responses, and we appreciate his courtesy in this regard. Whether those answers are sufficient to allow us to reduce the document requests in the 30(b)(6) deposition is not yet clear. What is clear is that the supplemental responses do not provide complete responses to Global Connect's Requests for Production, which are still missing. And it is also clear that those responses in no way amount to a satisfaction of the Federal Rules of Civil Procedure's mandate that parties to civil litigation provide a witness under Rule 30(b)(6), whatever the CFPB's position might be. Nor have we waived our rights under that rule.

If the Court is inclined to deal with the 30(b)(6) issue on a global level, rather than for each Defendant separately, Global Connect would not be opposed to this process, obviously. In

2

terms of judicial economy, as well as economy for all the parties, it makes the most sense. However, we do need to remind the Court that Global Connect is not one of the group of Debt Collectors, nor are we one of the group of Payment Processors. While we have a few basic, foundational lines of inquiry in common with all of the other parties defendant, our lines of inquiry are unique among all other defendants. Unlike all other defendants, we will require a full 30(b)(6) deposition to explore the issues unique to Global Connect and the causes of action plead against us. No other defendant will cover the issues unique to the CFPB's case against us.

Nevertheless, we have not completed a "meet and confer" on the 30(b)(6) issue. We have some hope that we might be able to reach agreement with Mr. Engel on terms under which such a deposition might take place, given our previously cordial and useful "meet and confer." And we are aware of our obligations under the Standing Order to "meet and confer" on the 30(b)(6) require a completion of that discussion. We do not think it appropriate to argue our position to the Court on the 30(b)(6) issue prior to completing that specific "meet and confer," and will not do so unless asked to do so. We have poked our head into the fray on the 30(b)(6) only reluctantly, having concluded that to wait until the issue ripened while remaining silent would risk blindsiding the Court in the event we needed to raise in a few days exactly the same issue that is clearly joined before the Court now.

Sincerely,

Bradley M. Elbein, Esq.
Barron & Newburger, PC
1401 Peachtree St. NE, Suite 500
Atlanta, GA 30309
404-870-8077

*I was joined on the call by Mitch Williamson, who whose motion for admission *pro hac vice* has been filed today.


Bradley M. Elbein, Esq.
Barron & Newburger, PC
1401 Peachtree St. NE, Suite 500
Atlanta, GA 30309
404-870-8077

3

**Mitch Williamson**

| | |
|---|---|
| **From:** | Brad Elbein |
| **Sent:** | Friday, September 2, 2016 4:26 PM |
| **To:** | Richard_Goss@gand.uscourts.gov |
| **Cc:** | 'Warren, Mary (CFPB)'; Feinberg, David L.; Mitch Williamson; Baker, Allyson B.; 'Amanti, Lena (USAGAN)'; Bigart, Andrew E.; 'bcheesbro@caplancobb.com'; 'Benjamin Ockner (bockner@bernsockner.com)'; 'Black, Lauren (CFPB)'; 'Brian L. Ponder (brian@brianponder.com)'; 'Crittendon, Shira'; 'Dylan W. Howard (dhoward@bakerdonelson.com)'; 'Edgecombe, Jason (jedgecombe@bakerdonelson.com)'; 'Engel, Jonathan (CFPB)'; 'frpratcher@gmail.com'; Horowitz, Benjamin E.; Baldridge, J. Douglas; 'Joe Gleason'; 'John Da Grosa Smith (jdsmith@smithlit.com)'; 'Jonathan E. Green (jegreen@bakerdonelson.com)'; 'Joyce Lewis (jlewis@shinglerlewis.com)'; 'Kristina Jones (KJones@smithlit.com)'; 'Langton, Tori'; Lauren Burnette; Gordon, Leonard L.; 'Linda Joseph (ljoseph@sjalegal.com)'; 'Michael A. Caplan (mcaplan@caplancobb.com)'; 'Mohan Bagga'; 'Thompson, John (CFPB)'; 'Tiffany Rene Johnson (Trj@phrd.Com)'; 'Timothy J. Burson (tjb@boviskyle.com)'; 'Tippi Burch'; 'Ungar, Michael' |
| **Subject:** | 1:15-CV-0859, CFPB vs. Global Payments et al--Discovery Issue (Rule 30(b)(6) depositions) |

Mr. Goss:

We have heard loud and clear the Court's dislike of discovery disputes. I regret the necessity of bringing one to the Court's attention now. However, circumstances not of our choosing require that we file a short notice of such a dispute.

In the previous e-mails relating to this issue, I stated that Global Connect and the CFPB had not completed a "meet and confer" on two issues: (1) the production by CFPB of a Rule 30(b)(6) witness; and (2) the CFPB providing that witness for a full day's deposition. The latter is a necessity because Global Connect is unique in this litigation, sharing issues with no other defendant. When I sent my last e-mail, I thought that we would be completing our "meet and confer" with CFPB on these issues and perhaps resolve them.

However, I understand that at the omnibus "meet and confer" last Wednesday, the CFPB declined to participate in a substantive "meet and confer" discussion about the 30(b)(6) issue. Given that eventuality, any further "meet and confer" between Global Connect and CFPB is (1) futile, and (2) would disrupt the Court's ability to resolve all of the similar issues at the same time; and (3) would delay the consideration of Global Connect's concerns to the extent that the context of the CFPB's refusal to engage in discussion or discovery would appear completely out of context.

In short, given CFPB's refusal this week to engage in a dialog, we believe that our two issues (taking the Rule 30(b)(6) deposition, and having a full day dedicated to our deposition) are now fully ripe to be considered by the Court. We would ask the Court to consider both of them along with the other 30(b)(6) issues.

Bradley M. Elbein, Esq.
Barron & Newburger, PC
1401 Peachtree St. NE, Suite 500
Atlanta, GA 30309
404-870-8077

1