IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU | : | No. 1:15-CV-0859-RWS |
| Plaintiff | : | |
| v. | : | |
| UNIVERSAL DEBT & PAYMENT SOLUTIONS, LLC; st al.' | : | |
| Defendants | : | |

### AMENDED CROSS-NOTICE OF DEPOSITION OF CONSUMER FINANCIALPROTECTION BUREAU

**TO ALL PARTIES AND COUNSEL OF RECORD:**

  **PLEASE TAKE NOTICE** that pursuant to Rules 26, 30 and 34 of the Federal Rules of Civil Procedure, counsel for Global Connect, LLC ("Global Connect") will take the deposition upon oral examination of Plaintiff the Consumer Financial Protection Bureau (the "CFPB") on the topics listed below, previously noticed by Global Connect for September 14, 2019, at the offices of Venable LLP, 575 Seventh Street NW, Washington, D.C., 20004 to be taken on a date agreed upon by the CFPB, Global Connect and the other parties.

  The CFPB shall designate and produce one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf concerning the topics set forth in Exhibit "A." Global Connect requests that the CFPB identify in writing at least one week before the start of the deposition the person or persons most knowledgeable about each of the topics listed below who will testify on the CFPB's behalf. The deposition will be taken both by videotape and stenographic means and before a Notary Public or other officer authorized to administer oaths.

In accordance with Federal Rules of Civil Procedure 30(b)(2) and 34, the witness(es) shall bring to the deposition each of the documents and things identified in Exhibit "B" and make them available for inspection and copying during the deposition.

Dated: November 23, 2016

        **BARRON & NEWBURGER, P.C.,** by:

        /s/ Mitchell L Williamson
        Mitchell L Williamson
        mwilliamson@bn-lawyers.com
        New Jersey Bar No. 012061989
        458 Elizabeth Ave - Suite 5371
        Somerset, New Jersey 08873
        (732) 328-9480

        Lauren Burnette
        Lburnette@bn-lawyers.com
        Attorney No. MD29597
        450-106 State Road 13 N.
        Suite 326
        St. Johns, FL 32259
        (904) 201-9120

        *Counsel for Defendant Global Connect, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I served all counsel of record with the foregoing Cross-Notice of Deposition by email on this 23rd day of November 23, 2016.

        <u>/s/ Mitchell L Williamson</u>

        **Mitchell L Williamson**

        Counsel for Defendant Global Connect

## EXHIBIT A

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used herein is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used herein, the following terms apply to Exhibits A and B and are to be interpreted in accordance with these definitions:

1. "Broadcast" refers to that activity referred to in Paragraphs 2, 6, 7, 107, 108, 109, 117 to 119, 123, 128, 323, 337, 338, and 341, as well as the subtitled between paragraphs 90 and 91, of Plaintiff's Complaint.

2. "Consumer Complaint" refers to all communications by consumers to any company, agency, complaint compiler (such as CFPB's complaint data base or Consumer Sentinel) or other entity, whether those communications are known as "consumer complaints," "consumer disputes," or "consumer inquiries" or by another name, and has the meaning commonly used in the consumer protection and customer service fields, as well as in Complaint Paragraphs 226, 229, 232, 235, 240, 245 and 263.

3. "Debt Collector(s)" refers to those persons referred to in Plaintiff's Complaint as "Debt Collectors," those persons identified in Plaintiff's pleadings or discovery as "Phantom Debt Collectors," or any other persons who collect debts, as that term is commonly understood.

4. "Red Flag" refers is used as that terms is used in Paragraph 246 of the Plaintiff's Complaint.

5. "Telephone broadcast service" means those goods or services referred to in the Complaint in Paragraph 92, 93, 107, 119, 337, 338, 341, inter alia.

## TOPICS

1. The factual bases, for each and every one of the CFPB's allegations or contentions set out in the Complaint pleaded against Global Connect, including, but not limited to, those in Paragraphs 92, 93, 108, 109, 111-119, and 337-342; including identifying the sources of those facts and whether the source is a written or verbal. For those factual bases where there is a writing evidencing same, said writing should be identified. For those factual bases which rely solely on verbal testimony the identity of the party providing the information should be identified and whether the testimony has been reduced to writing.

2. All facts supporting the CFPB's claims regarding the CFPB's claims regarding Global Connect's provision of "material services," "substantial assistance," or participation in designing, operating, maintaining, managing, directing or participating in the business of any debt collectors or the "scheme" plead in the Complaint, including but not limited to all facts that the CFPB obtained about or concerning Global Connect.

3. The identity of the witnesses and/or potential witnesses the CFPB interviewed or otherwise contacted in connection with the CFPB's investigation of the Debt Collectors and/or Global Connect in this action, and any statements made by the witnesses or potential witnesses relating to Global Connect or services provided by Global Connect to Debt Collectors, including providing the Debt Collectors with "material services" or "substantial assistance" or "materially contribut[ing]" to Debt Collectors' "scheme."

4. Whether any specific complaints relating to Global Connect made by individuals were investigated and the results of same.

5. Any "red flags" the CFPB contends were ignored by Global Connect related to any of the conduct alleged in Plaintiff's Complaint.

6. Any "consumer complaint" naming or referring to any "telephone broadcast service providers" or "telephone service providers" or to Global Connect, including complaints or communications from any third party, if any, that the CFPB received or obtained concerning Global Connect. Where the aforementioned "consumer complaints' have previously been produced, they should be identified and where the "consumer complaints" which the Bureau is relying on are verbal, they must be identified along with the identity of the source.

7. All damages that the CFPB seeks in this matter which it claims Global Connect should be liable for and the components and complete basis for each component of such damages.

8. All equitable relief, including the nature, extent, and, as applicable, a computation of each category of relief, and the basis upon which the CFPB seeks injunctive relief.

9. The specific procedures, actions, or practices that the CFPB contends that Global Connect failed to implement with respect to underwriting, investigating, or auditing its users prior to allowing them to use Global Connect's services, under statutes or regulations in effect at any time during the investigation and litigation of this matter.

10. The specific procedures, actions, or practices that the CFPB contends that Global Connect implemented, engaged in and/or conducted which were contrary to statutes or regulations in effect at any time during the investigation and litigation of this matter.

11. Identify the industry compliance standards, regulatory standards, model or "best practices" or any other suggestions for practices relating to the provision of services by "telephone broadcast service providers" or "telephone service providers," including any procedures for investigating, underwriting or auditing existing or potential users of said "telephone broadcast service providers" or "telephone service providers" that Global failed to meet or violated as a result of the acts or omissions giving rise to the Bureau's complaint against it.

12. Any pronouncements, statements or communications made by the CFPB which the CFPB contends pertain to or tend to provide notice to companies (including Global Connect) which provide telephone broadcast services or telephone service or related practices.

13. Any announced, published, final or proposed rules; notice or advice of contemplated regulatory activity; hearings, workshops, reports, or studies in advance of rulemaking which the CFPB contends pertain to, or tend to provide notice to, companies providing telephone broadcast services or telephone service to third parties.

14. Any comments or requests for information; blog posts; suggestions or guidelines or concerns about industry practice, regarding companies providing telephone broadcast services or telephone service to third parties, including interviews or articles by CFPB personnel on same.

15. The CFPB's Answers and Supplemental Answers and objections to each of Global Connect's First Set of Interrogatories, in this action, including the CFPB's efforts to preserve, search for, and collect facts or data responsive to Global Connect's Requests.

16. The CFPB's responses and objections to each of Global Connect's First Set of Requests for Production of Documents, including all supplemental responses, in this action, including the CFPB's efforts to preserve, search for, and collect documents responsive to Global Connect's Requests.

17. Any Civil Investigative demands issued to any "telephone broadcast service providers" or "telephone service providers" other than Global Connect.

18. The factual basis for the statement Global Connect had experience with other phantom debt collectors, including Travell Thomas, Maurice Sessum, International Recovery Services, Four Star, International Arbitration Services, Check Solution Services, Profile Management, and CFS Associates, who broadcast similar messages, and therefore Global Connect knew or should have known that the messages were illegal.

19. The factual basis for the statement that Global Connect owned or leased the equipment that made the consumers' phones ring.

20. The factual basis for the statement that Global Connect owned or leased all the hardware that the Debt Collectors used to make millions of calls to consumers, using recordings made by Global Connect's "voice talent," including how the number of calls was computed/arrived at.

21. The factual basis for the statement that Global Connect operated the equipment that the Debt Collectors used to make millions of calls to consumers including how the number of calls was computed/arrived at, and that without Global Connect's services, Debt Collectors could have only reached a small fraction of the millions of consumers who received their calls

22.     The identity of any and all documents referred to in Plaintiff's responses to Global Connect's First Set of Requests for Production or Answers to First Set of Interrogatories.

23.     Information or facts that will be the subject of any fact testimony to be adduced by the CFPB at trial of this action.

## EXHIBIT B

*The following document requests do not seek documents withheld under privilege or other objection at this time, but that exclusion from this document request does not waive any rights Global Connect might have to challenge the Plaintiff's assertion of privilege or other objections.*

1. Each and every document containing facts supporting CFPB's allegations in Plaintiff's Complaint, including those contained in paragraphs 92, 93, 108, 109, 111-119, and 337-342

2. Each and every document responsive to Global Connect's First Set of Requests for Production numbers 1, 2, 3, 4, 5, 7, 8, 10, 11, 13, 15, 17 and 18 that has not been identified by Bates number. (This request specifically excludes documents produced by Global Connect.)

3. Each and every document described in the CFPB's Answer to Global Connect's Interrogatory 2 as, "consumer narratives about the Debt Collector's practices," "payment processing statements produced by Global Payments and EMS," "bank statements," and "chargeback narratives" which has not been referenced in Plaintiff's Response to Interrogatory 2 by Bates number. (This document request excludes those documents identified by Bates number or produced by Global Connect).

4. Each and every voice recording described in the CFPB's Answer and Supplemental Answer to Global Connect's Interrogatory 3 which has not been referenced in Plaintiff's Answer or Supplemental Answer to Interrogatory 3 by Bates number. (This document request excludes those documents identified by Bates number or produced by Global Connect).

5. Each and every document described in the CFPB's Answer to Global Connect's Interrogatory 5 as "processing statements and other documents produced by Global Payments and EMS showing the Debt Collectors' transactions with consumers," "payment processor customer service logs," "the Debt Collectors' processing account applications," "bank statements and account records," "account records, call logs, audio recordings obtained from Cellco Partnership, Inc.;" "account records, call logs, audio recordings obtained from Ring Central, Inc.;" and "consumer narratives about the Debt Collectors' practices and the pre-recorded calls they received" which has not been referenced in Plaintiff's Response to Interrogatory 5 by Bates number. (This document request excludes those documents identified by Bates number or produced by Global Connect).

6. Each and every document described in the CFPB's Answer to Global Connect's Interrogatory 7 as "consumer chargeback narratives and related documents that EMS … produced to the Bureau," "consumer chargeback narratives and related documents that EMS, Global Payments … produced to the Bureau," "consumer chargeback narratives and related documents that … Frontline … produced to the Bureau," and "consumer chargeback narratives and related documents that … Pathfinder produced to the Bureau," which has not been referenced in Plaintiff's Response to Interrogatory 7 by Bates number. (This document request excludes those documents identified by Bates number or produced by Global Connect).

7. Each and every document described in the CFPB's Answer to Global Connect's Interrogatory 10 as "consumer narratives about the Debt Collector's practices and the pre-recorded calls they received," "the messages recorded and broadcast by Global Connect," and "chargeback narratives describing the scheme" which has not been referenced in Plaintiff's Response to Interrogatory 10 by Bates number. (This document request excludes those documents identified by Bates number or produced by Global Connect).

8. Each and every document described in the CFPB's response to Interrogatory 11 as "consumer narratives about the Debt Collector's practices and the pre-recorded calls they received," "the messages recorded and broadcast by Global Connect," and "chargeback narratives describing the scheme" which has not been referenced in Plaintiff's Response to Interrogatory 11 by Bates number. (This document request excludes those documents identified by Bates number or produced by Global Connect).

9. Each and every document described in the CFPB's response to Interrogatory 12 as "documents produced by the Simpson Organization," "documents produced by UPS," "documents produced by Regus," "documents, including user agreements, produced by Cellco Partnership;" "documents, including user agreements, produced by … RingCentral;" and "documents, including user agreements, produced by … Vonage" which has not been referenced in Plaintiff's Response to Interrogatory 12 by Bates number. (This document request excludes those documents identified by Bates number or produced by Global Connect).

10. Each and every document described in the CFPB's response to Interrogatory 13 as "documents produced by Lead Publisher," "documents produced by … RSB Equity Group," and "documents produced by … CBC Innovis" which has not been referenced in Plaintiff's Response to Interrogatory 13 by Bates number. (This document request excludes those documents identified by Bates number or produced by Global Connect).

11. Each and every document described in the CFPB's response to Interrogatory 14 as "documents the Bureau obtained in its immediate access of the Debt Collectors' offices," "lists of collectors" or "[lists of] 'collectors'," and "Debt Collectors' bank statements, which identify payments to the collectors," which has not been referenced in Plaintiff's Response to Interrogatory 14 by Bates number. (This document request excludes those documents identified by Bates number or produced by Global Connect).

12. Each and every document described in the CFPB's response to Interrogatory No. 15 which has not already been produced in response to Paragraph 10 above or referenced in Plaintiff's Response to Interrogatory 12 by Bates number. (This document request excludes those documents identified by Bates number or produced by Global Connect).