IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, | : :  : : |
| Plaintiff, | : : |
| v. | : CIVIL ACTION NO. : 1:15-CV-859-RWS |
| UNIVERSAL DEBT SOLUTIONS, LLC, *et al.*, | : : : : |
| Defendants. | : : |

## ORDER

This case comes before the Court on the Consumer Financial Protection Bureau's ("Plaintiff") Motion for Protective Order Against Global Connect's Rule 30(b)(6) Deposition Notice [348]. After reviewing the record, the Court enters the following Order.

On September 21, 2016, the Court overruled Plaintiff's objection to sitting for depositions under Federal Rule of Civil Procedure ("Rule") 30(b)(6) and directed Plaintiff to file motions for protective orders if it objected to specific topics designated by Defendants. (See Sept. 21, 2016 Order, Dkt. [316] at 3.) Plaintiff now seeks a protective order against many topics

designated in Defendant Global Connect, LLC's ("Global Connect") Rule 30(b)(6) deposition notice.  See FED. R. CIV. P. 26(c)(1) (permitting a party from whom discovery is sought to move for a protective order forbidding or specifying terms for that discovery).

The Court has reviewed the topics listed in Global Connect's Amended Cross-Notice of Deposition of Plaintiff [348-2] and the parties' arguments about the appropriateness of those topics.  Having done so, the Court rules on the challenged topics as follows:

Topic 1: Permitted.

Topic 2: This topic is too broad because it calls for all facts that Plaintiff obtained about Global Connect, regardless of their relevance.  As a result, the Court narrows this topic to all facts relevant to Plaintiff's claims against Global Connect, including all facts that Plaintiff could reasonably identify as exculpatory.

Topic 3: Stricken.  This topic is too broad and, even if it were not, the identity of Plaintiff's witnesses or potential witnesses should have been disclosed in Plaintiff's initial disclosures.  Global Connect cannot rely on Plaintiff's interviews—i.e. work product—of those individuals.

Topic 4: Stricken.

Topic 6: The Court narrows this topic to only those consumer complaints naming or referring to Global Connect. If Plaintiff's position is that it may rely on representative consumer complaints to prove its claims against Global Connect, then Plaintiff must identify the specific complaints that it intends to rely on as representative. If that is not Plaintiff's position, then it must prepare to testify about all consumer complaints that refer to or name Global Connect.

Topic 7: Permitted.

Topic 8: Permitted.

Topic 9: Stricken. To the extent this topic seeks testimony about the facts relevant to Plaintiff's claims against Global Connect, that testimony is available through Topics 1 and 2. Any other testimony on this topic is irrelevant.

Topic 11: Permitted, but only insofar as Global Connect is entitled to notice of what industry compliance standards, regulatory standards, or model or "best practices" that Plaintiff alleges it violated. Plaintiff is not testifying as an expert, so Global Connect is not entitled to testimony about industry standards that would usually come only from an expert.

Topic 12: The Court narrows this topic to only official statements that Plaintiff has made.

Topic 13: The Court narrows this topic to only published and final rules.

Topic 14: The Court narrows this topic to only official guidelines about industry practice regarding companies providing telephone broadcast services or telephone service to third parties. The other sources of information that Global Connect identifies, including "comments," "requests for information," "blog posts," "suggestions," "interviews," and "articles" are too nebulous to expect Plaintiff to testify about them. Plaintiff would be overly burdened by having to testify on any industry practice mentioned in any of those sources.

Topic 15: Permitted.

Topic 16: Stricken. The documents that Plaintiff produced in response to Global Connect's requests for production of documents speak for themselves.

Topic 17: Stricken. This topic is too broad and seeks testimony that is irrelevant to this case.

Topic 22: Stricken. The documents referred to in this topic speak for themselves and Plaintiff is not expected to testify about them.

AO 72A
(Rev.8/82)

Topic 23: Stricken.  To the extent this topic seeks testimony about facts that are relevant to Plaintiff's claims against Global Connect, that testimony is available through other topics.  Otherwise, this topic is inappropriate because Plaintiff need not reveal its trial strategy.

In closing, the Court makes two comments.  First, throughout its submissions, Plaintiff raises a number of objections based on privilege.  The proper time for those objections is in response to specific questions during the deposition itself.  See, e.g., S.E.C. v. Merkin, 283 F.R.D. 689, 698 (S.D. Fla. 2012) ("Counsel may protect against the disclosure of work product or privileged information in 30(b)(6) depositions by interposing appropriate objections and giving instructions on a question-by-question basis.").  Second, Plaintiff makes much of the burden it faces in preparing a single witness to testify on its behalf.  But nothing is preventing Plaintiff from preparing multiple witnesses so that each can address specific topics.  See FED. R. CIV. P. 30(b)(6) ("The named organization must then designate *one or more* . . . persons who consent to testify on its behalf.") (emphasis added); 8A Charles Alan Wright *et al.*, Federal Practice and Procedure § 2103 (3d ed.), Westlaw (database updated April 2016) ("In making the selection, the responding entity

5

must designate a person *or persons* who consent to testify on its behalf, and it may set out the matters on which *each person* designated will testify." (internal quotations and citations omitted) (emphasis added)). If preparing multiple witnesses would ease Plaintiff's burden, it may do so.

## Conclusion

As discussed above, Plaintiff's Motion for Protective Order Against Global Connect's Rule 30(b)(6) Deposition Notice [348] is **GRANTED in part and DENIED in part**.

**SO ORDERED**, this 10th day of February, 2017.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)