# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

CONSUMER FINANCIAL
PROTECTION BUREAU,

     Plaintiff,

v.

UNIVERSAL DEBT & PAYMENT
SOLUTIONS, LLC, *et al.*,

     Defendants.

Civil Action No. 1:15-CV-0859-RWS

## FRONTLINE PROCESSING CORP.'S SEPARATE
## REPLY IN SUPPORT OF MOTION FOR RULE 37 SANCTIONS AND
## MEMORANDUM IN SUPPORT

Frontline Processing Corporation ("Frontline") fully joins the Consolidated Reply in further support of the Consolidated Motion for Rule 37 Sanctions, ("Consolidated Motion," ECF No. 397), filed today in response to the CFPB's Opposition to the Consolidated Motion, ("Opposition," ECF No. 404). Frontline replies separately to briefly address issues particularly relevant to Frontline.

Specifically, although the Consolidated Motion has now been joined by five defendants, their motions do not necessarily rise and fall together. Nor must the same sanctions be applied with respect to each Defendant. For example, the Court could find that terminating sanctions are appropriate as requested by Frontline, while finding that re-opening the deposition at the CFPB's expense is appropriate as requested by EMS or Global Connect. The Court can evaluate the CFPB's misconduct in specific depositions, and the relief requested by each Defendant, in determining what sanctions are appropriate for each defendant.

Here, for example, the CFPB improperly objected and instructed its witness not to answer Frontline's actual knowledge/severe recklessness questions *after* the Court's April 12, 2017 hearing specifically ruling that such questions were appropriate. (D.I. 397 at 3-4; 18-19). The timing of these improper objections and instructions not to answer makes it difficult to conclude anything other than that the CFPB acted in bad faith. In this respect, Pathfinder is similarly situated, having asked

similar questions and drawn similar objections and instructions after the Court's April 12, 2017 hearing. (D.I. 397 at 4-5; 19).  The same is not true, however, for Defendants who asked the same questions and received the same objections but did so before the Court's April 12, 2017 hearing. Nor is the same true for other Defendants who later asked the same questions but did not draw an improper objection or instruction not to answer. Given the CFPB's lengthy and extensive course of discovery misconduct, the Court could easily find bad faith in these other Defendants' situations. But Frontline submits that the facts and timing mean that Frontline and Pathfinder have at least a slightly stronger case for a finding of bad faith on these specific, Court-approved knowledge/severe recklessness questions, and are thus in a stronger position to be awarded terminating sanctions as to the CFPB's Count XIII for Substantial Assistance.

With respect to the CFPB's Count IX for Unfair Acts and Practices, Frontline asked several questions concerning the statutory elements of the CFPB's claim which other Defendants did not ask. (*See, e.g.* D.I. 397 at 4; 18-19). Frontline asked these questions *after* the Court's April 12, 2017 ruling that questions going to the statutory elements of the CFPB's claims were fair and must be answered. *Id*. The CFPB's Opposition does not even mention these questions, much less defend its objections and instructions not to answer. On the contrary, the CFPB's Exhibit H concedes that

its objections and instructions not to answer were improper and attempts to withdraw them. (*See* D.I. 404, Exh. H, Rows 69-72; 79-80). That the CFPB's objections to and instructions not to answer these questions are indefensible, even in hindsight, further demonstrates that they were made in bad faith. Again, given the CFPB's lengthy course of extensive misconduct, the Court could easily find bad faith in the case of other Defendants and award terminating sanctions as to Count IXin their favor. But again, on these facts, Frontline is in a slightly stronger position to be awarded terminating sanctions on the CFPB's Count IX for Unfair Acts and Practices.

Finally, in its Exhibit H, the CFPB purports to answer (for the first time) certain of Frontline's unfair acts and practices questions. But allowing the CFPB to avoid answering these questions in a deposition and instead resort to written responses would allow the CFPB to avoid altogether a deposition on these crucial subjects. The CFPB should not be rewarded for interposing admittedly indefensible objections and instructions. Moreover, the CFPB's newly-offered written answers are vague, incomplete and unhelpful. For example, in response to the question, "Which [allegedly unfair] acts are we talking about?," the CFPB purports to answer "*See* Witness Memory Aids (Frontline)." (D.I. 404, Exh. H, Row 79). A generic reference to hundreds of pages of memory aids is not even arguably an answer to the question. Finally, given the statutory requirements of an unfair acts and practices claim –

namely, (i) substantial consumer harm, (ii) which is not reasonably avoidable by consumers, and (iii) which is not outweighed by countervailing benefits to consumers or competition – the CFPB's answers require significant follow-up questioning. Frontline made clear at the deposition that it intended to ask these follow-up questions after the alleged unfair acts and practices were identified. (*See, e.g.*, D.I. 397-3 at 40:2-6 ("Well, Mary, there is [sic] some pretty specific statutory requirements for each act that they have to satisfy in order for the act to be an unfair act. And so I want to take them one at a time."); *id*. at 41:7-13 ("What I am trying to do is get a list of the acts that – I'm trying to get the facts regarding the acts on which the CFPB relies to establish that Frontline engaged in unfair acts. And then I'm going to go through the list, and we are going through each of the statutory requirements for those acts.")). The CFPB's improper objections and instructions not to answer entirely foreclosed this highly relevant line of follow-up questions, and the CFPB's unhelpful written responses cannot mitigate the prejudice Frontline suffered as a result.

## CONCLUSION

Again, Frontline fully joins the Consolidated Reply filed by all Noticing Defendants today. The CFPB engaged in severe misconduct in each of the five Rule 30(b)(6) depositions taken Defendants, and severe sanctions should be awarded to

each Defendant. Nevertheless, certain of the CFPB's objections and instructions not to answer made in Frontline's 30(b)(6) deposition were particularly egregious, and strongly support a finding of bad faith. Frontline submits that, for all of the above and foregoing reasons, Frontline's request for terminating sanctions as to Counts XIII (Substantial Assistance) and Count IX (Unfair Acts and Practices) should be granted.

Respectfully submitted this 23rd day of June 2017.

/s/ Joseph J. Gleason
Joseph J. Gleason
Georgia Bar No. 297202
**GLEASON LAW LLC**
780 Morosgo Drive #14084
Atlanta, Georgia 30324
Telephone: (404) 594-3550
Email: joe@gleason.legal

*Attorney for Defendant Frontline Processing Corporation*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in 14-point Times New Roman typeface.

This the 23rd day of June, 2017.

/s/ Joseph J. Gleason

Joseph J. Gleason
GA Bar No. 297202

## MEET AND CONFER STATEMENT

Pursuant to the Court's Order and the local rules, I hereby certify that the

parties have met and conferred on the discovery dispute described above, and they

were unable to resolve the dispute.

This the 23rd day of June, 2017.

/s/ Joseph J. Gleason
Joseph J. Gleason
GA Bar No. 297202

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed a true and correct copy of the within

and foregoing with the clerk of court using the CM/ECF system which will

automatically send email notification of such filing to all attorneys of record.

This the 23rd day of June, 2017.

/s/ Joseph J. Gleason
Joseph J. Gleason
GA Bar No. 297202