**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL DEBT & PAYMENT SOLUTIONS, LLC, *et al.*,<br><br>Defendants. | Civil Action No. 1:15-cv-0859-RWS |

**REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**

The CFPB's Opposition to (D.I. 421) to Frontline's Motion for Reconsideration (D.I. 409) is most notable for what it does not say. The CFPB does not dispute that it is unable to distinguish which, if any, of the debts at issue in this case are "phantom debts," rather than debts legitimately owed to the Debt Collector defendants. (D.I. 409 at 10). The CFPB does not dispute that it does not know whether any of the cardholders in the 7,640 payment transactions having any relationship to Frontline ever received a harassing, threatening or otherwise illegal telephone call. (*Id*. at 11). The CFPB concedes that it cannot identify a single consumer who was even indirectly harmed by Frontline's alleged misconduct. (*Id*. at 11-12). It is difficult to see how the CFPB's case against Frontline can survive

these devastating concessions. The Court should grant Frontline's Motion for Reconsideration and dismiss the CFPB's claims against Frontline.

## ARGUMENT

The CFPB cannot allege any consumer injury proximately caused by Frontline. In fact, the CFPB cannot allege any relationship at all between Frontline and the consumer injury it alleges.

### A. Proximate Cause is Required for UDAAP Claims under the CFPA

The CFPB's Opposition argues for the first time that it need not plead that any damages were proximately caused by Frontline's alleged unfair acts and practices. But the CFPB has already conceded in this case that proximate cause is required in order to state a claim for Unfair Acts or Practices Causing Substantial Consumer Injury. D.I. 149 at 50. This Court has already correctly found that proximate cause is required under the CFPA. *Id*. There is no reason for the Court to reconsider that holding now. Under the relevant statute, an act or practice cannot be deemed "unfair" unless "the act or practice **causes** or is likely to **cause** substantial injury to consumers." 12 U.S.C. § 5531(c)(1)(a)(emphasis added). Accordingly, the act or practice must **cause** substantial injury to consumers, or else it is not unfair. The same may not be true for deceptive or abusive practices, or even for substantial assistance claims, but causation is a statutory requirement of an unfair acts and practices claim under the CFPA. The Supreme Court has held

that "in all cases of loss, we are to attribute it to the proximate cause, and not to any remote cause." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. _, 134 S. Ct. 1377 (2014). There is no reason that should not be true of a federal cause of action which itself requires causation as a statutory element of a claim.

**B. There is No Relationship Between Frontline's Alleged Misconduct and Any Consumer Harm**

The question of proximate cause is "whether the harm alleged has a sufficiently close connection to the conduct the statute prohibits." D.I. 149 at 51 (quoting *Lexmark*, 134 S.Ct. at 1390). Here, the CFPB effectively concedes that Frontline's alleged misconduct is not the direct, proximate cause of any alleged consumer injury. Specifically, the CFPB does not dispute that ISOs like Frontline do not take money from consumers, or provide money to merchants, because they do not "process payments" in the same way that EMS or Global Payments does. (D.I. 409 at 7-8). The CFPB also does not dispute that there are numerous other intervening causes between Frontline's alleged "shoddy underwriting"[1] and any consumer harm – Global Payments had to review and approve the same UDPS and Credit Power applications as Frontline, the Debt Collectors had to make harassing,

[1] The CFPB's Opposition discusses Frontline's alleged "shoddy underwriting and monitoring" of UDPS and Credit Power, but – as discussed in Frontline's Motion – the CFPB's Complaint does not allege any duty to monitor, or failure in such duty, by Frontline. D.I. 409 at 8. The CFPB's Opposition does not offer any support for its new claim that Frontline somehow failed to monitor UDPS and Credit Power.

threatening or otherwise illegal calls to consumers, consumers had to provide bank card information to the Debt Collectors, the Debt Collectors had to submit that bank card information to "payment processors" like Global Payments and EMS, and those payment processors – not ISOs like Frontline – had to remove money from consumers' accounts and deposit money into the Debt Collectors' accounts. (D.I. 409 at 9). On these facts, Frontline – which did nothing more than refer the UDPS and Credit Power applications to Global Payments – is at best a "remote cause" of any consumer harm.

In its Opposition, the CFPB does argue that Frontline "directly" caused two types of consumer harm. First, the CFPB argues that Frontline "directly caused" illegal phone calls by the debt collectors. (D.I. 421 at 21). To support this argument, the CFPB seems to think that pointing to allegations concerning a large number of "threatening, harassing or otherwise illegal phone calls from the debt collectors" is enough to carry the day (*Id*). But the CFPB has not alleged any connection between Frontline and the telephone calls discussed in the Complaint. The reason is simple – there is no relationship. In fact, the calls referred to in the Complaint were not made on behalf of entities with whom Frontline is even alleged to have had any connection. According to the CFPB's "Global Connect Memory Aid," just under 9,000 phone calls were allegedly made on behalf of UDPS between September and October 2012 (D.I. 425-1 at 6), but Frontline's first

interaction with UDPS did not take place until over six months later in March 2013. The remaining calls identified by the CFPB were made on behalf of "WNY Account Solutions Group" and "Check & Credit Recovery," entities with whom Frontline is not even alleged to have had any relationship. (*Id*.) Credit Power is mentioned in the Memory Aid as well, but there is no allegation that any calls were made on behalf of Credit Power. (*Id*.) It is difficult to comprehend how the CFPB can allege that Frontline "directly caused" phone calls to be made by and on behalf of entities with whom Frontline has had no connection whatsoever.

Second, the CFPB argues that, "for those consumers who made a payment in response to these threats," Frontline "directly caused" "the loss of money from their bank accounts." (D.I. 421 at 21). But, as previously noted, the CFPB admits that it does not know whether any of the cardholders in the 7,640 payment transactions having any relationship to Frontline ever received a harassing, threatening or otherwise illegal telephone call from the debt collectors, much less whether those cardholders "made a payment in response to those threats." The CFPB contends that it "need not identify which particular consumers paid the debt collectors in response to which particular threat" (D.I. 421 at 21), but that is not so. If the CFPB is going to successfully argue that Frontline somehow caused illegal phone calls to be made, and that those illegal phone calls caused consumers to lose money, then the CFPB needs to prove some connection between Frontline, the

phone calls, and the consumers who allegedly lost money. The CFPB has admitted that it cannot even allege such a connection, and its claims should thus be dismissed.

## CONCLUSION

The CFPB's Complaint fails to adequately plead that Frontline proximately caused any consumer injury. The CFPB has now effectively admitted that it cannot identify any consumers who were even indirectly harmed or likely to be harmed by Frontline's alleged conduct. The CFPB's claims against Frontline should be dismissed.

Dated: June 30, 2017

Respectfully submitted,

*/s/ Joseph J. Gleason*

Joseph J. Gleason
Georgia Bar No. 297202
**GLEASON LAW LLC**
780 Morosgo Drive #14084
Atlanta, Georgia 30324
Telephone: (404) 594-3550
Email: joe@gleason.legal

ATTORNEY FOR DEFENDANT FRONTLINE PROCESSING CORPORATION

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2017, I electronically filed the above document with the Clerk of Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

*/s/ Joseph J. Gleason*
Attorney for Frontline Processing Corp.