# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>   Plaintiff,<br><br>v.<br><br>UNIVERSAL DEBT & PAYMENT SOLUTIONS, LLC, *et al.*,<br><br>   Defendants. | Civil Action No. 1:15-CV-0859-RWS |

## JOINT MOTION FOR ORDER CLARIFYING DEADLINES FOR SEEKING ATTORNEYS' FEES AND, IN THE ALTERNATIVE, MOTION FOR ATTORNEYS' FEES AND MEMORANDUM IN SUPPORT

Defendants Global Payments Inc., Frontline Processing Corporation, Pathfinder Payment Solutions, Francis David Corporation dba Electronic Merchant Systems, and Global Connect, LLC, (together, "Dismissed Defendants"), all having been dismissed from the case on August 25, 2017 (ECF No. 436), request the entry of an order confirming that the deadline for filing a motion for attorneys' fees is fourteen (14) days after the entry of a final judgment disposing of all claims and all parties in this matter. A proposed order to this effect is attached hereto.

In the alternative, and in the exercise of caution so as to maximally preserve the right to seek an award of attorneys' fees, Dismissed Defendants move for an award of attorneys' fees pursuant to Federal Rule of Civil Procedure 37 and the Court's inherent powers, and request the opportunity to supplement their motion within thirty (30) days of the entry of an order awarding the right to fees.

I.   **The Obligation to File a Motion for Attorneys' Fees Has Not Accrued.**

Federal Rule of Civil Procedure 54 provides that a party may make a claim for attorneys' fees by filing a motion within fourteen (14) days after the entry of final judgment. Fed. R. Civ. P. 54(d)(2). The Local Rules similarly provide that a party's obligation to file a motion for fees is triggered by the entry of judgment. *See* LR 54, NDGa. In cases involving multiple claims or multiple parties, however, an order or decision that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not constitute a final judgment. *See* Fed. R. Civ. P. 54.

The Court's August 25 Order decided all claims as to the Dismissed Defendants; however, other defendants remain in the case. Thus, there has been no final judgment on the CFPB's claims against these remaining defendants that would trigger the obligation to file a motion for attorneys' fees.

Out of an abundance of caution, and notwithstanding the authorities identified above, the Dismissed Defendants respectfully request that the Court enter an order

confirming that no motion for attorneys' fees is due at this time, and that such an award will not be due until a final judgment is entered disposing of all claims and all parties in this matter. A proposed order to this effect is attached hereto.

**II.     In the Alternative, Attorneys' Fees are Warranted Pursuant to Rule 37 and the Court's Inherent Powers.**

Federal Rule of Civil Procedure 37(b)(2)(C) provides that if a party is found to have failed to comply with a discovery order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Rule 37(d)(3) is similarly worded, and also provides that the payment of attorneys' fees is mandatory where a party fails to attend its deposition absent unjust circumstances. Fed. R. Civ. P. 37(d)(3). Federal courts also possess the inherent power to award fees incurred by an innocent party because of another's litigation misconduct, including the bad faith conduct during discovery. *See Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178 (2017).

Here, all three authorities provide a basis for the Dismissed Defendants to recover attorneys' fees incurred as a result of the CFPB's discovery misconduct. The Court has already held that the CFPB's conduct in connection with its Rule 30(b)(6) depositions violated court orders and amounted to a failure to present a

3

knowledgeable witness.  The Court also expressly held that the CFPB acted in bad faith.  (ECF No. 436 at 17).  Accordingly, the Dismissed Defendants are entitled to the fees incurred as a result of the CFPB's conduct.

If the Court is not inclined to agree that a motion for fees is more appropriately filed after a final judgment is entered disposing of all claims and all parties, the Dismissed Defendants hereby request that the Court grant their alternative motion for fees and allow them to supplement this motion within thirty (30) days of the entry of an order awarding the right to fees.  At that time, per Local Rule 54.2(A)(2), the Dismissed Defendants would file and serve a detailed specification and itemization of the requested award, with appropriate affidavits and other supporting documentation.

WHEREFORE, for the foregoing reasons, Dismissed Defendants respectfully request that the Court enter the attached proposed order, or in the alternative, grant the motion for attorneys' fees with leave to supplement the motion within thirty (30) days of the entry of such an order.

Respectfully submitted this 7th day of September 2017.

[signatures on following pages]

/s/ Michael A. Caplan
Michael A. Caplan
GA Bar No. 601039
Benjamin W. Cheesbro
GA Bar No. 648368
**CAPLAN COBB LLP**
75 Fourteenth Street NE
Suite 2750
Atlanta, GA 30309
Tel: (404) 596-5610
Fax: (404) 596-5604
*mcaplan@caplancobb.com*
*bcheesbro@caplancobb.com*

J. Douglas Baldridge (*pro hac vice*)
Leonard L. Gordon (*pro hac vice*)
David L. Feinberg (*pro hac vice*)
Benjamin E. Horowitz (*pro hac vice*)
**VENABLE LLP**
575 7th Street, NW
Washington, DC 20004
Tel: (202) 344-4000
*jbaldridge@venable.com*
*llgordon@venable.com*
*dlfeinberg@venable.com*
*behorowitz@venable.com*

Counsel for Defendant Global Payments Inc.

/s/ Joseph J. Gleason
Joseph J. Gleason
Georgia Bar No. 297202
**GLEASON LAW LLC**
780 Morosgo Drive #14084
Atlanta, Georgia 30324
Telephone: (404) 594-3550
Email: joe@gleason.legal

*Attorney For Defendant Frontline Processing Corporation*

/s/ John Da Grosa Smith
John Da Grosa Smith
Georgia Bar No. 660946
jdsmith@smithlit.com
Kristina M. Jones
kjones@smithlit.com
Georgia Bar No. 435145
**SMITH LLC**
1320 Ellsworth Industrial Boulevard
Suite A1000
Atlanta, GA 30318
Tel: 404-605-9680
Fax: 404-935-5226

Counsel for Defendant Pathfinder Payment Solutions, Inc.

/s/  Benjamin Ockner
Benjamin Ockner (*pro hac vice*)
**BERNS, OCKNER &
GREENBERGER, LLC**
3700 Park East Drive, Suite 200
Beachwood, OH 44122
(216) 831-8838
(216) 464-4489 (Fax)
Email: bockner@bernsockner.com

Michael N. Ungar (*pro hac vice*)
Dolores Garcia-Prignitz (*pro hac vice*)
**ULMER & BERNE LLP**
Skylight Office Tower
1660 W. 2nd Street, Suite 1100
Cleveland, OH 44113-1448
(216) 583-7000
(216) 583-7001 (Fax)
Email: mungar@ulmer.com
dgarciaprignitz@ulmer.com

Michael D. Flint
GA Bar No. 264725
**SCHREEDER WHEELER &
FLINT, LLP**
1100 Peachtree Street, NE, Suite 800
Atlanta, GA 30309-4516
(404) 954-9820
(404) 681-1046 (Fax)
Email: mflint@swfllp.com

Counsel for Francis David Corporation
dba Electronic Merchant Systems

/s/ Kevin T. Crocker
Kevin T. Crocker (*pro hac vice*)
Texas Bar No. 05087250
Mitchell L. Williamson (*pro hac vice*)
New Jersey Bar No. 012061989
**BARRON & NEWBURGER, P.C**.,
7320 N. MoPac Expy., Ste. 400
Austin, Texas 78731
Telephone: (512) 649-2417
Facsimile: (512) 279-0310
E-mail: kcrocker@bn-lawyers.com
E-mail: mwilliamson@bn-lawyers.com

Counsel for Defendant Global
Connect, LLC

6

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in 14-point Times New Roman typeface.

This the 7th day of September 2017.

/s/ Michael A. Caplan
Michael A. Caplan
GA Bar No. 601039

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed a true and correct copy of the within and foregoing with the clerk of court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

This the 7th day of September 2017.

/s/ Michael A. Caplan
Michael A. Caplan
GA Bar No. 601039
**CAPLAN COBB LLP**
75 Fourteenth Street, NE, Suite 2750
Atlanta, GA 30309
(404) 596-5600 – Office
(404) 596-5604 – Fax
*mcaplan@caplancobb.com*
