**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA,**
**ATLANTA DIVISION**

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL DEBT & PAYMENT SOLUTIONS, LLC; *et al.*<br><br>Defendants. | Civil Action No. 1:15-CV-0859-RWS |

# CONSUMER FINANCIAL PROTECTION BUREAU'S AND VARINDERJIT BAGGA'S JOINT MOTION TO DISMISS THE BUREAU'S CLAIMS AGAINST VARINDERJIT BAGGA WITH PREJUDICE UNDER RULE 41(a)(2) AND MEMORANDUM IN SUPPORT

The Consumer Financial Protection Bureau (Bureau) and Varinderjit Bagga (V. Bagga) jointly request that the Court enter an order under Rule 41(a)(2) of the Federal Rules of Civil Procedure dismissing the Bureau's claims against V. Bagga with prejudice; modifying the preliminary injunction so as to exclude V. Bagga and her assets from its coverage; preserving the cross-claim of Cross-Claim Plaintiff Francis David Corp. d/b/a Electronic Merchant Services (EMS) against V. Bagga; and providing that the Bureau

and V. Bagga will bear their own costs in connection with the prosecution and defense of the Bureau's claims against V. Bagga. In support of this request, the Bureau and V. Bagga respectfully state as follows:

## BACKGROUND

The Bureau filed its Complaint (ECF No. 1) against V. Bagga and several other individual defendants on March 26, 2015. The Complaint alleged that V. Bagga and her individual co-defendants were part of a common enterprise that engaged in unlawful debt collection in violation of the Consumer Financial Protection Act and the Federal Debt Collection Practices Act. Compl. ¶¶ 70-75, 95-106.

Following extensive fact discovery, the Bureau has decided, in its prosecutorial discretion, not to pursue its claims against V. Bagga through summary judgment and, if necessary, trial. The Bureau and V. Bagga therefore request that the Court dismiss the Bureau's claims against V. Bagga with prejudice.

## ARGUMENTS & AUTHORITIES

Rule 41(a)(2) authorizes the Court to grant a plaintiff's motion to dismiss upon such terms and conditions as the court deems proper. Fed. R. Civ. P. 41(a)(2). Whether a dismissal should be granted on a Rule 41(a)(2) motion lies within the sound discretion of the Court. "[I]n most cases, a

voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result."[1] The purpose of the Rule is primarily to prevent voluntary dismissals that will prejudice the opposing party, and to permit the Court to impose conditions on dismissal that will avoid such prejudice.[2] Where, as here, the plaintiff consents to dismissal of its entire case against a defendant with prejudice, the court should grant its request as a matter of course because courts should not conduct useless trials.[3] But in considering such a motion in multiple-party litigation, the interests of parties to claims not subject to the motion should also be considered.[4]

Two conditions of dismissal are warranted here. First, the Court should ensure that dismissal of the Bureau's claims against V. Bagga does not impair or otherwise affect former Defendant/Cross-Plaintiff EMS's cross-

---

[1] *Pontenberg v. Boston Scientific Grp.*, 252 F.3d 1253, 1255-56 (11th Cir. 2001) (citation omitted).

[2] 9 C. Wright & A. Miller, Fed. Prac. & Proc. § 2364 (1971).

[3] *See, e.g., John Evans Sons, Inc. v. Majik-Ironers, Inc.*, 95 F.R.D. 186, 190-191 ("A different situation may be presented where the plaintiff moves to dismiss with prejudice. A trial court may abuse its discretion in denying such a motion where dismissal would terminate the entire action since courts should not conduct useless trials." (quoting 5 Moore's Federal Practice ¶ 41.05[1] at 41–74)).

[4] *See id.* at 191 (quoting 5 Moore's Federal Practice ¶ 41.05[1] at 41-74)).

claim against V. Bagga (ECF No. 87).[5] While EMS was dismissed from this case by the Court's Order on August 25, 2017 (ECF No. 436), dismissal of the Bureau's claims against V. Bagga should carry no claim- or issue-preclusive effect as to EMS's cross-claim against her until the Bureau has either exhausted or waived its appellate rights against EMS.

Second, the Court should condition dismissal on a finding that the Bureau and V. Bagga will bear their own costs in connection with the prosecution and defense of the Bureau's claims against V. Bagga. A voluntary dismissal with prejudice under Rule 41(a)(2) typically deprives a court of the power to award costs and fees, barring exceptional circumstances.[6] Dismissal

---

[5] *See Moll v. Southern Charters, Inc.*, 81 F.R.D. 77, 80–81 (E.D.N.Y 1979) ("[I]t is settled that the voluntary dismissal of an action as against fewer than all defendants will not operate to dismiss previously asserted cross-claims against those defendants, who remain subject to the court's jurisdiction for purposes of those and any other cross-claims that might subsequently be filed"); *Heiser v. Assoc. of Apartments Owners of Polo Beach Club*, 848 F. Supp. 1482, 1488 (D. Haw. 1993) (allowing plaintiff to dismiss under Rule 41(a)(2) with the limitation that cross-claims asserted against dismissed defendants would remain unaffected); *Slotkin v. Brookdale Hosp. Ctr.*, 377 F.Supp. 275, 277–78 (S.D.N.Y 1974) (same).

[6] *See, e.g., Quiilet v. Jain*, No: 6:12-cv-1283—ORL—28TBS, 2014 WL 12632907, at *1 (M.D. Fla. May 27, 2014) ("[A]bsent exceptional circumstances, attorney's fees and costs are not awarded in cases voluntarily dismissed with prejudice.") (slip op.); *Murdock v. Prudential Ins. Co. of Am.*, 154 F.R.D. 271 (M.D. Fla. 1994) (noting that, following a voluntary dismissal with prejudice under Rule 41(a)(2), "attorney's fees have almost never been awarded") (citing *Colombrito v. Kelly*, 764 F.2d 122, 133-34 (2d. Cir. 1985)).

with prejudice will serve the interests of justice and judicial economy and protect V. Bagga from having to re-litigate any previously dismissed claims the Bureau has asserted against her.

## CONCLUSION

For all of the foregoing reasons, the Bureau and V. Bagga request that the Court enter an Order:

- Dismissing the Bureau's claims against V. Bagga with prejudice;
- modifying the Preliminary Injunction so as to exclude V. Bagga and V. Bagga's assets from its coverage;
- preserving EMS's cross-claim against V. Bagga; and
- providing that the Bureau and V. Bagga will bear their own costs in connection with the prosecution and defense of the Bureau's claims against V. Bagga.

Dated: November 15, 2017

Respectfully Submitted,

Attorneys for Plaintiff
Consumer Financial Protection Bureau:

KRISTEN DONOGHUE
Enforcement Director

DAVID RUBENSTEIN
Deputy Enforcement Director for Litigation

THOMAS KIM
Assistant Deputy Enforcement Director
for Litigation

*/s/ Mary K. Warren*
______________________
Mary K. Warren (NY bar #2557684)
John Thompson (NM bar #139788)
Rebecca Coleman (MD)
Maureen McOwen (DC bar # 976749)
ENFORCEMENT ATTORNEYS
1700 G Street NW
Washington, DC 20552
Phone (Warren): 202-435-9284
Phone (Thompson): 202-435-7270
Phone (Coleman): 202-435-7541
Phone (McOwen): 202-435-9553
Email: Mary.Warren@cfpb.gov
Email: John.Thompson@cfpb.gov
Email: Rebecca.Coleman@cfpb.gov
Email: Maureen.Mcowen@cfpb.gov
Fax: 202-435-7722

And

Attorney for Defendant V. Bagga:

*/s/ Tippi Burch*
__________________________
Carolyn "Tippi" Cain Burch
CHALMERS BURCH & ADAMS LLC
75 Fourteenth Street, NE,
Suite 2725
Atlanta, Georgia 30309
678.582.8903 (Phone)
678.582.8913 (Fax)
tburch@cpblawgroup.com

CERTIFICATE OF COMPLIANCE

The undersigned attorney hereby certifies, pursuant to LR 7.1.D, that the foregoing memorandum was prepared in Century Schoolbook 13 point font.

*/s/ Mary K. Warren*
__________________________ Dated: November 15, 2017
Mary K. Warren
Enforcement Attorney

CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on this day a true and correct copy of the foregoing document was filed with the clerk of court using the CM/ECF system, which will automatically send email notification of the filing to all attorneys of record, and was mailed by United Parcel Service to the following defendants that do not have access to the CM/ECF system:

Mohan Bagga
6375 Whitestone Place
Duluth, GA 30097

Sarita Brown
1440 Jefferson Ave., #233
Buffalo, NY 14208-1827

Tasha Pratcher
142 Stratford Avenue
Buffalo, NY 14216

*/s/ Mary K. Warren*
__________________________ Dated: November 15, 2017
Mary K. Warren
Enforcement Attorney