**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA,**
**ATLANTA DIVISION**

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL DEBT & PAYMENT SOLUTIONS, LLC; *et al.*<br><br>Defendants. | Civil Action No. 1:15-CV-0859-RWS |

**DEFENDANTS SUMANT KHAN AND S PAYMENTS PROCESSING & SOLUTIONS, LLC'S STATEMENT OF MATERIAL FACTS PRESENTING A GENUINE ISSUE FOR TRIAL**

1. Whether Defendant Sumant Khan's minimal contacts to the other Individual Defendants and "LLC Defendant's" are such that he can be deemed to have been a member of a "common enterprise" with those defendants presents a genuine issue of disputed fact. Plaintiff contends that Mr. Khan was "involved in the [alleged debt collection] scheme from at least 2011 until the Complaint filing" (Pl. Br. at 42) and, on that basis, asks the Court to deem him jointly and severally

liable for all conduct taking place during this time (*id.*). All of the evidence that Plaintiff has submitted to substantiate its contention of Mr. Khan's involvement in the alleged scheme "from at least 2011" is in dispute:

- Plaintiff contends that Mr. Khan and SPPS shared office space at 1401 Peachtree Street with other LLC Defendants. Mr. Khan denies having shared office space at this location, or having been to it (Second Khan Decl. ¶ 5), and no other witness account disputes his testimony. Mr. Khan moreover has submitted evidence that disputes the authenticity of the two documents Plaintiff has submitted into evidence that purport to show that Mr. Khan or SPPS did business at this location (*compare* SJ 54 and SJ 169 at 495, *with* Second Khan Decl. ¶¶ 10 & 13; *see also* Bagga Aff. ¶ 3), neither of which documents carries any intrinsic suggestion that Mr. Khan authored or authorized them.
- Plaintiff contends that Mr. Khan and SPPS shared "key operational tools" with the other defendants, specifically "telephone and information technology services," yet Plaintiff has not introduced any evidence that even mentions SPPS or Mr. Khan to substantiate this claim. (*See* SJ 2 ¶¶ 5, 8, 10, 12, 14; SJ 27 at 189:23 -194:2; SJ 46 at 016, 019–21; *see also* SJ 2 ¶¶ 8, 10 & 12.)

- Plaintiff contends that Mr. Khan and SPPS commingled funds from illegal activities with other defendants based on evidence of two transactions. (SJ 3 ¶¶ 20–22.) Plaintiff has not submitted any evidence that demonstrates that these transactions represent the transfer of any funds from illegal activities, and Mr. Khan's otherwise undisputed testimony is that these transactions represented compensation for services (Khan Dep. 80:17–25) or other activities he believed were compliant with all relevant consumer protection laws and regulations (SJ 48 at 525; Second Khan Decl. ¶ 18).
- The evidence Plaintiff has submitted as to Mr. Khan's post-May 2014 relationship with defendant Brown is subject to dispute. Mr. Khan testifies that he understood himself to have a legitimate contract with Mr. Brown. (Second Khan Decl. ¶¶ 17–18.) Plaintiff's contentions to the contrary either are not supported by the cited evidence (SJ 55), are disputed by other record evidence (*compare id.*, *with* Khan Decl. ¶ 4), or are based on Plaintiff's subjective interpretation of Mr. Khan's discovery responses that he, as a non-native English speaker, did not intend and disputes (Second Khan Decl. ¶¶ 17–18).

Because Plaintiff has submitted no undisputed evidence to support its contention

that Mr. Khan was involved in the alleged debt collection scheme, a genuine issue of fact exists as to his participation that must be resolved by the finder of fact.

2. Whether Mr. Khan was involved in any alleged common enterprise specifically prior to May 2014 is a genuine issue of disputed fact. Plaintiff's contention that Mr. Khan was involved with, and therefore is jointly and severally liable for, other defendants' conduct between 2011 and May 2014 is based on a single document (SJ 31), the authenticity of which Mr. Khan disputes (Second Khan Decl. ¶ 9; *see also* Bagga Aff. ¶ 3). Plaintiff further contend that Mr. Khan was a "professional reference" for UDPS sometime in 2012, again relying on an unauthenticated document that does not on its face purport to have been authorized by Mr. Khan (SJ 22), and Mr. Khan disputes authorizing UDPS to list him as a "professional reference" (Second Khan Decl. ¶ 14). These disputes of fact preclude any finding that, as a matter of law, Mr. Khan was part of a "common enterprise" between 2011 and May 2014.

3. Whether Mr. Khan knew or should have known that other defendants such as Brown were engaged in alleged wrongful conduct in the post-May 2014 time period presents a genuine issue of disputed fact. While neither party disputes that, through SPPS, Mr. Khan entered into a contract with Brown to process payments for Brown's businesses (SJ 48 at 525–27), Mr. Khan has testified that he

understood that Brown was representing and warranting to him that Brown was in compliance with all applicable laws and regulations (Second Khan Decl. ¶ 18). Plaintiff's purported evidence that Mr. Khan "had actual or constructive knowledge of the illegal activities of the [alleged] debt collection scheme" (Pl. Br. at 34) consists of an alternative interpretation of the language in Mr. Khan's contract with Brown. These conflicting interpretations cannot be resolved as a matter of law and must be presented to the finder of fact.

4. Whether Mr. Khan is jointly and severally liable for the conduct of other defendants presents a genuine issue of disputed fact. The minimal evidence that Plaintiff has submitted to link Mr. Khan to the other defendants (e.g., SJ 19, SJ 22, SJ 31, SJ 50, SJ 54, 169) is subject to authenticity disputes (Second Khan Decl. ¶¶ 5, 6, 7, 10, 12, 13, 14, 17). In addition to authenticity disputes, questions of fact still remain as to whether such evidence would be sufficient to show the high degree of cooperation and coordination necessary to make Mr. Khan jointly and severally liable for the other defendants' conduct.

5. Whether Plaintiff is entitled to the monetary relief sought presents genuine issues of disputed fact. The evidence Plaintiff has submitted in support of its calculations for purported restitution and civil penalties (SJ 3, SJ 4) is unsubstantiated and inadmissible (*see* Defendant. Resp. to Stmt. of Facts ¶¶ 355–

62), and does not fulfill Plaintiff's burden of showing that it is entitled to the requested relief as a matter of law. Accordingly, the amount of Plaintiff's monetary relief (if any) must be decided by the finder of fact.

6. Whether Plaintiff is entitled to the injunctive relief sought presents genuine issues of disputed fact. Even if the Court were to find Plaintiff's evidence admissible and undisputed, given the minimal amount of evidence presented in Plaintiff's motion, whether such limited conduct by Mr. Khan is grounds for expansive, lifetime injunctive cannot be resolved on summary judgment.

Respectfully submitted this 8th day of January, 2018.

**/s/ Jason R. Edgecombe**
Jason R. Edgecombe
Ga. Bar No. 239606
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
3414 Peachtree Road NE
Suite 1600
Atlanta, Georgia 30326
404-577-6000 (ph)
404-221-6501 (fax)
jedgecombe@bakerdonelson.com

**ATTORNEY FOR DEFENDANTS SUMANT KHAN AND S PAYMENT PROCESSING & SOLUTIONS, LLC**

**LR 7.1 D CERTIFICATION**

Counsel hereby certifies that the foregoing was prepared in Times New Roman, 14-point font, in accordance with LR 5.1 C.

**/s/ Jason R. Edgecombe**
Jason R. Edgecombe

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing upon counsel for Plaintiff via the court's CM/ECF system, which will automatically generate a notice of filing to all attorneys of record.

This 8th day of January, 2018.

**/s/ Jason R. Edgecombe**
Jason R. Edgecombe