**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, | : | |
| Plaintiff, | : | CIVIL ACTION FILE NO. |
| vs. | : | 1:15-cv-00859-RWS |
| UNIVERSAL DEBT & PAYMENT SOLUTIONS, LLC, et al., | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS SUMANT KHAN AND S PAYMENT PROCESSING & SOLUTIONS, LLC'S REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendants Sumant Khan and S Payment Processing & Solutions LLC ("SPPS") submit this reply memorandum in support further of their Motion for Summary Judgment on Counts I, II, and III, as asserted in Plaintiff Consumer Financial Protection Bureau's Complaint.

## INTRODUCTION

Mr. Khan and SPPS's motion is premised on a very simple legal basis: Neither Mr. Khan nor SPPS meets the Fair Debt Collections Practices Act's ("FDCPA") definition of a "debt collector." Their motion demonstrated to the Court that, based on the evidence generated during this litigation, there is no legal precedent for liability under the FDCPA for defendants in their position.

Rather than attempt to demonstrate that Mr. Khan meets this strict definition, Plaintiff has used the opportunity to re-litigate its own summary judgment motion pertaining to Consumer Financial Protection Act ("CFPA") claims. But nothing in Plaintiff's opposition shows that Mr. Khan or SPPS's "principal purpose [was] the collection of any debts," and therefore they are entitled to summary judgment on Counts I, II, and III of the Complaint.

## ARGUMENT AND CITATIONS OF AUTHORITIES

### A. Mr. Khan and SPPS Had No Role in the Creation and Formation of the Alleged Debt Collection Enterprise

As demonstrated in Defendants' opposition brief, while Plaintiff continues to characterize Mr. Khan and SPPS as "key participants in an unlawful debt collection enterprise" (Pl. Br. at 4), the evidence on which Plaintiff relies for this claim is ephemeral to non-existent.

As part of his role as a "key participant," Plaintiff claims Mr. Khan and SPPS "purchased financial and contact information of consumers" (*id.*), yet none of the cited evidence indicates that Mr. Khan or SPPS did anything of the sort. (*see id.* (citing Plaintiff's exhibits).) Plaintiff claims Mr. Khan and SPPS opened "a skip tracing" account with "CBC Innovis," citing only a an (unauthenticated) application where someone wrote Mr. Khan's name down as a reference. (*Id*. & SJ 129.) Plaintiff claims Mr. Khan and SPPS opened "telephone broadcasting" accounts with Global Connect and made threatening calls to consumers; again, none of the evidence so much as mentions Mr. Khan or SPPS. (Pl. Br. 5; SJ 23; SJ 159; SJ 143; SJ 46; SJ 138; 46; SJ 1; SJ 5; SJ 7; SJ 8; SJ 9; SJ 11.)[1]

Finally, Plaintiff relies on a November 2011 letter that, not only can Plaintiff not authenticate, the authenticity of which is specifically disputed (*compare* SJ 31, *with* Second Khan Decl. ¶¶ 7&9), and which Plaintiff repeatedly cites in a transparent effort to cast aspersions on Mr. Khan because, despite receiving a JD degree (Second Khan Decl. ¶ 16), he is "not barred in the United States" (Pl. Br. at 9). But given both that Plaintiff has not and cannot authenticate this writing and

[1] With respect to SPPS, the lack of evidence in Plaintiff's citations should not be surprising, as SPPS did not even exist as a corporate entity during the time when these documents were created; nevertheless, Plaintiff apparently has decided that SPPS is an "LLC Defendant," and therefore should be responsible for conduct that pre-dated its existence.

there are substantial reasons to believe it is forged (Second Khan Decl. ¶ 9; *cf.* Baga Aff. ¶ 3), the Court should give this purported letter no credence.

Far from being a "key participant," Plaintiff's opposition brief simply demonstrates that there no evidence that Mr. Khan or SPPS had any role in the critical activities and decisions that supposedly went into the creation of the alleged debt collection enterprise.[2]

### B. Mr. Khan and SPPS's Role As Payment Processors Do Not Create FDCPA Liability

Mr. Khan and SPPS have acknowledged that they processed payments with Brown and his affiliated companies based on the April 2014 contract with Brown wherein Brown represented and warranted that he was compliant with consumer financial protection laws and regulations. (*See* SJ 48 at 525–27.) Plaintiff nevertheless spends pages of its opposition arguing this point that is not in dispute.

In actuality, Plaintiff is re-stating its argument that Mr. Khan was a service provider and provided substantial assistance to the alleged enterprise ***under the CFPA***. But Mr. Khan and SPPS's motion is not based on Plaintiff's CFPA

[2] At the very least, the evidence clearly demonstrates that there is no dispute that there was no connection between Mr. Khan the alleged enterprise prior to May 2014 when SPPS was formed, and Mr. Khan and SPPS are entitled to summary judgment for all conduct that preceded SPPS's formation.

allegations, but on its FDCPA allegations.[3] While denying the substance, Mr. Khan and SPPS acknowledge that Plaintiff has stated a claim under the CFPA; they also have shown that the facts that Plaintiff relies upon for its CFPA allegations argument are disputed, and they are prepared to go to trial on these issues. But as shown in Mr. Khan and SPPS's moving brief, the FDCPA does not provide for substantial assistance or service provider liability. Entirely absent from Plaintiff's brief is any precedent for holding defendants who took the actions that Mr. Khan and SPPS are alleged to have taken—i.e., processing payments for a debt collector—liable under the FDCPA.

In a last-ditch effort, Plaintiff embarks on a tangent to argue that the payment processing business that Mr. Khan and SPPS offered to Brown is "prohibited by the payment processing industry." (Pl. Br. 15.) Irrespective of whether this claim is correct, it is irrelevant. Even conceding that Plaintiff is right, at best, Plaintiff can show that Mr. Khan and/or SPPS violated contractual provisions with processing companies and may be liable to those entities; it does not in any way show that Mr. Khan or SPPS violated the FDCPA.

---

[3] While irrelevant to Plaintiff's FDCPA claims, it needs to be mentioned that Mr. Khan and SPPS do dispute that they provided substantial existence to the alleged enterprise. Further, there is recent evidence in the record that Mr. Khan's name was forged on documents related to the enterprise.

### C. Mr. Khan and SPPS Are Entitled to Summary Judgment on Count III

These Defendants' motion argued that even if Plaintiff can show that Mr. Khan and SPPS qualify as "debt collectors" under the FDCPA, Plaintiff has not produced any evidence that collected debts were not properly validated for purposes of 15 U.S.C. § 1692g.

In response, Plaintiff cites no evidence showing that the alleged debts were not validated (Pl. Br. 20–21) but argues that "debt collectors are liable under the FDCPA even if they outsource certain functions to third parties" (*id.* at 20). The response misses the point.

Plaintiff's complaint makes an affirmative claim that Mr. Khan and SPPS did not validate debts they allegedly collected. (*See* Compl. Count III.) Mr. Khan and SPPS's motion is based on the proposition that there is no evidence for this claim. And as Plaintiff's response cites no record evidence (not even the testimony of alleged participants), the Court should consider the matter undisputed and grant Mr. Khan and SPPS summary judgment on this Count.

## CONCLUSION

For the foregoing reasons, Mr. Khan and SPPS respectfully request that their motion be granted.

Respectfully submitted this 30th day of January, 2018.

/s/ Dylan W. Howard
Dylan W. Howard
Georgia Bar No. 370267
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
3414 Peachtree Road NE
Suite 1600
Atlanta, Georgia 30326
404-577-6000 (ph)
404-221-6501 (fax)
dhoward@bakerdonelson.com

**ATTORNEY FOR DEFENDANTS SUMANT KHAN AND S PAYMENT PROCESSING & SOLUTIONS, LLC**

**LR 7.1 D CERTIFICATION**

Counsel hereby certifies that the foregoing was prepared in Times New Roman, 14-point font, in accordance with LR 5.1 C.

**/s/ Dylan W. Howard**
Dylan W. Howard

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing upon counsel for Plaintiff via the court's CM/ECF system, which will automatically generate a notice of filing to all attorneys of record.

This 30th day of January, 2018.

/s/ Dylan W. Howard
Dylan W. Howard
Georgia Bar No. 370267
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
3414 Peachtree Road NE
Suite 1600
Atlanta, Georgia 30326
404-577-6000 (ph)
404-221-6501 (fax)
dhoward@bakerdonelson.com

*Attorney for Defendants Sumant Khan And S Payment Processing & Solutions, LLC*