## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA,
## ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

AUG 2 1 2019

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

CONSUMER FINANCIAL
PROTECTION BUREAU,

    Plaintiff,

        v.

UNIVERSAL DEBT & PAYMENT
SOLUTIONS, LLC; *et al.*

    Defendants.

Civil Action No.
1:15-CV-0859-RWS

### STIPULATED FINAL JUDGMENT AND ORDER AS TO
### DEFENDANTS SUMANT KHAN AND
### S PAYMENT & PROCESSING SOLUTIONS, LLC

Plaintiff, the Consumer Financial Protection Bureau ("Bureau"),

commenced this action on March 26, 2015, by filing a complaint [ECF No. 1]

("Complaint") against certain individuals and entities ("Defendants," as

further defined below) alleging deceptive and unfair acts and practices in

connection with consumer debt collection in violation of the Consumer

Financial Protection Act, 12 U.S.C. §§ 5531, 5536 ("CFPA"), and various

violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p

("FDCPA").

1

On March 21, 2019, the Court issued a decision [ECF No. 576] (the "March 21, 2019 Decision") on motions for summary judgment filed by the Bureau and by Defendants Sumant Khan ("Khan") and S Payment Processing & Solutions, LLC ("SPPS"), Khan's company (collectively, "Stipulating Defendants"). The Court found Khan liable for providing substantial assistance to other Defendants' CFPA violations and denied the Bureau's motion with regard to the Bureau's seven other CFPA and FDCPA claims against Stipulating Defendants, finding that issues of material fact remained. The Court awarded summary judgment on all of the Bureau's claims against all remaining Defendants, and denied Stipulating Defendants' summary judgment motion.

The Bureau and Stipulating Defendants, by and through their respective counsel, desire to settle this dispute and, as a result, agree to the entry of this Stipulated Final Judgment and Order ("Order").

## FINDINGS

1.      The Court has jurisdiction over the parties and the subject matter of this action.

2.      In the March 21, 2019 Decision, the Court found that the evidence accepted on summary judgment established the existence of an unlawful phantom debt collection scheme among Defendants other than SPPS. ECF No. 576 at 9-12, 25-28, 48-49, 63. The Court found further that

Khan did not dispute that he was subject to the CFPA as a "covered person" and a "service provider" within the meaning of the statute. ECF No. 576 at 47. The Court also found that the evidence accepted on summary judgment established that Khan provided substantial assistance to the other Defendants in carrying out their violations of the CFPA, ECF No. 576 at 52-53, but found issues of material fact with respect to all other claims against Stipulating Defendants.

3.     The Bureau and Stipulating Defendants agree to the entry of this Order to settle and resolve all matters in dispute arising from the conduct alleged in the Complaint.

4.     The Court has found that the Complaint states claims upon which relief may be granted under the FDCPA and the CFPA. ECF No. 149.

5.     The relief provided in this Order is appropriate and available pursuant to sections 1054 and 1055 of the CFPA, 12 U.S.C. §§ 5564 and 5565, and pursuant to the FDCPA, 15 U.S.C. § 1692l.

6.     Stipulating Defendants neither admit nor deny the allegations in the Complaint except as stated in this Order.  For purposes of this Order, Stipulating Defendants admit the facts necessary to establish the Court's jurisdiction over them and the subject matter of this action.

7.     Stipulating Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order.  Stipulating

3

Defendants further waive any claim they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each party will bear its own costs and expenses, including without limitation attorneys' fees.

8. Entry of this Order is in the public interest.

## DEFINITIONS

9. The following definitions apply to this Order:

    a. "Affected Consumers" means Consumers who paid any money to the LLC Defendants between March 1, 2011 and March 31, 2015.

    b. "Consumer" means an individual or an agent, trustee, or representative acting on behalf of an individual. 12 U.S.C. § 5481(4).

    c. "Consumer Financial Product or Service" is synonymous in meaning and equal in scope to the definition of the term, as of the Effective Date, in Section 1002(5) of the CFPA, 12 U.S.C. § 5481(5), and, subject to applicable restrictions contained in the CFPA, includes, but is not limited to:

        i. engaging in deposit-taking activities, transmitting or exchanging funds, or otherwise acting as a custodian of

4

funds or any financial instrument for use by or on behalf of a consumer;

ii. providing payments or other financial data processing products or services to a consumer by any technological means, including processing or storing financial or banking data for any payment instrument, or through any payments systems or network used for processing payments data, including payments made through an online banking system or mobile telecommunications network; or

iii. providing financial advisory services to consumers on individual financial matters or relating to proprietary financial products or services, including providing credit counseling to any consumer or providing services to assist a consumer with debt management or debt settlement, modifying the terms of any extension of credit, or avoiding foreclosure.

d. "Debt" means any obligation or alleged obligation of a Consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or

5

household purposes, whether or not such obligation has been reduced to judgment. 15 U.S.C. § 1692a(5).

e. "Debt Collector" means (i) any Person who uses an instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of Debts or who regularly collects or attempts to collect, directly or indirectly, Debts owed or due or asserted to be owed or due another; (ii) any creditor who, in the process of collecting its own Debts, uses any name other than its own that would indicate that a third Person is collecting or attempting to collect the creditor's Debts; and (iii) any Person to the extent that such Person collects or attempts to collect any Debt that was in default at the time it was obtained by such Person.

f. "Defendants" means all of the Individual Defendants and the LLC Defendants, individually, collectively, or in any combination.

    i. "Individual Defendants" means Mohan Bagga, Marcus Brown, Sarita Brown, Tasha Pratcher, and Sumant Khan, collectively, or in any combination, and each of them by any other names by which they might be known;

ii.  "LLC Defendants" means Check & Credit Recovery,

LLC, Credit Power, LLC, Universal Debt & Payment

Solutions, LLC, Universal Debt Solutions, WNY Account

Solutions, LLC, WNY Solutions Group, LLC, and S

Payment Processing & Solutions, LLC and their

successors and assigns, collectively, or in any

combination;

iii. "Stipulating Defendants" means Sumant Khan and S

Payment Processing & Solutions, LLC, and its

successors and assigns, collectively, or in any

combination.

g.  "Effective Date" means the date on which the Order is issued.

h.  "Enforcement Director" means the Assistant Director of the

Office of Enforcement for the Consumer Financial Protection

Bureau, or his or her delegate.

i.  "Person" means an individual, partnership, company,

corporation, association (incorporated or unincorporated),

trust, estate, cooperative organization, or other entity.

j.  "Related Consumer Action" means a private action by or on

behalf of one or more consumers or an enforcement action by

another governmental agency brought against one or both

7

Stipulating Defendants based on substantially the same facts as this matter.

k. "Relevant Period" means March 1, 2011 through March 31, 2015.

l. "Service Provider" is synonymous in meaning and equal in scope to the definition of the term, as of the Effective Date, in Section 1002(26) of the CFPA, 12 U.S.C. § 5481(26), and, subject to applicable restrictions contained in the CFPA, includes, but is not limited to, any Person that provides material service to a Person that is a "covered person" under the CFPA, 12 U.S.C. § 5481(6), in connection with the offering or provision by such "covered person" of a Consumer Financial Product or Service, including a Person that:

   i. participates in designing, operating, or maintaining the Consumer Financial Product or Service; or

   ii. processes transactions relating to the Consumer Financial Product or Service (other than unknowingly or incidentally transmitting or processing financial data in a manner that such data is undifferentiated from other types of data of the same form as the Person transmits or processes).

8

# ORDER

## CONDUCT RELIEF

## I.

## Permanent Ban on Debt Collection

**IT IS ORDERED that:**

10.    Stipulating Defendants, whether acting directly or indirectly, are permanently restrained and enjoined from:

      a.  acting as a Debt Collector;

      b.  holding any ownership interest in (i) a Debt Collector or (ii) a payment processor to a Debt Collector;

      c.  receiving any remuneration or other consideration from (i) a Debt Collector or (ii) a payment processor to a Debt Collector if the remuneration or consideration relates to the collection of Debts;

      d.  providing services or assistance to, or working in any capacity for, a Debt Collector, including but not limited to acting as a Service Provider, employee, or independent contractor to a Debt Collector; and

      e.  advertising, marketing, promoting, offering for sale, processing payments for, selling, or buying any Debt or consumer information relating to a Debt.

9

Nothing in this Order shall be read as an exception to this Paragraph.

## II.

## Prohibition on Misrepresentations Concerning
## Consumer Financial Products or Services

**IT IS FURTHER ORDERED that:**

11.    Stipulating Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them who have actual notice of this Order, whether acting directly or indirectly, in connection with any Consumer Financial Product or Service, are permanently restrained and enjoined from misrepresenting, omitting, or assisting others in misrepresenting or omitting, expressly or by implication, any material fact, including but not limited to:

      a.  a business name or identity;

      b.  that any Person is an attorney or is barred or licensed to practice law in a particular jurisdiction;

      c.  that any Person who is not associated or affiliated with an attorney or law firm is affiliated or associated with an attorney or law firm;

      d.  that a Consumer will receive legal representation;

      e.  how much a Consumer will save from purchasing, using, or enrolling in a Consumer Financial Product or Service;

    f.  how long it will take to settle any Debts;

    g.  the likelihood of any particular outcome or result from a Consumer Financial Product or Service; or

    h.  the nature or terms of any refund, cancellation, exchange, or repurchase policy, including but not limited to the likelihood of a Consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be provided to the Consumer.

## III.

### Prohibition on Unfair Practices Involving Consumer Financial Products or Services

**IT IS FURTHER ORDERED that:**

12.    Stipulating Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them who have actual notice of this Order, whether acting directly or indirectly, in connection with any Consumer Financial Product or Service,  are permanently restrained and enjoined from:

    a.  Placing telephone calls to consumers without meaningful disclosure of the caller's identity; and

11

b. Concealing their identity by causing "000-000-0000" or any

other false or misleading information to appear on a

consumer's caller identification.

## IV.

## Prohibition on Business Ventures with Other Defendants

**IT IS FURTHER ORDERED that:**

13.     Stipulating Defendants, whether acting directly or indirectly, are

permanently restrained and enjoined from investing in, providing services to,

working for, serving as an officer of, or being otherwise engaged in any

business venture or project involving any other Defendant.

## V.

## Consumer Information

**IT IS FURTHER ORDERED that:**

14.     Stipulating Defendants, and their officers, agents, servants,

employees, and attorneys and all other Persons in active concert or

participation with any of them, who receive actual notice of this Order,

whether acting directly or indirectly, are permanently restrained and

enjoined from using, disclosing, or benefiting from Consumer information,

including the name, address, telephone number, email address, social

security number, other identifying information, or any data that enables

access to a Consumer's account (including a credit card, bank account, or any

financial account) that any Defendant obtained before the Effective Date in connection with any Defendant's activity as a Debt Collector.

## VI.

### Prohibition on Certain Merchant Processing Activities

**IT IS FURTHER ORDERED that:**

15.     Stipulating Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from allowing third parties to use any merchant processing account that Stipulating Defendants own or control to collect consumer payments.

16.     Stipulating Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, who have actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from re-opening and using the following merchant payment processing accounts associated with the unlawful debt collection scheme:  account number 4445017416651 with DBS/Vantiv and account number 564400000641183 with Francis David Corporation d/b/a Electronic Merchant Systems.

## MONETARY PROVISIONS
## VII.
### Order to Pay Redress

**IT IS FURTHER ORDERED that:**

17.     A judgment for equitable monetary relief and damages is entered in favor of the Bureau and against Stipulating Defendants, in the amount of $633,710.00, for the purpose of providing redress to Affected Consumers; however, full payment of this judgment will be suspended upon satisfaction of the obligations in Paragraphs 18 and 20 of this Section and in Sections IX and X, and subject to Section VIII of this Order.

18.     In partial satisfaction of the judgment against Stipulating Defendants:

    a.  Within 10 business days of receipt of a copy of this Order by any means, including but not limited to via facsimile or email, Wells Fargo Bank shall transfer to the Bureau or the Bureau's agent, according to the Bureau's instructions, all funds in the account XXXXXX0830 in the name of Sumant Khan;

    b.  Within 10 business days of receipt of a copy of this Order by any means, including but not limited to via facsimile or email, Branch Banking and Trust Company shall transfer to the Bureau or the Bureau's agent, according to the Bureau's

14

instructions, all funds in account XXXXXX2400 in the name of Sumant Khan, account XXXXXX5141 in the names of Sumant Khan and others, account XXXXXX8141 in the names of Sumant Khan and others, and account XXXXXX8531 in the name of Sumant Khan.

c.  Within 10 business days of receipt of a copy of this Order by any means, including but not limited to via facsimile or email, JPMorgan Chase Bank, N.A. shall transfer to the Bureau or the Bureau's agent, according to the Bureau's instructions, all funds in account XXXXX9239 in the name of Sumant Khan.

d.  Within 10 business days of receipt of a copy of this Order by any means, including but not limited to via facsimile or email, Citibank, N.A. shall transfer to the Bureau or the Bureau's agent, according to the Bureau's instructions, all funds in account XXXX7049 in the name of Sumant Khan.

e.  Within 10 business days of receipt of a copy of this Order by any means, including but not limited to via facsimile or email, Francis David Corporation d/b/a Electronic Merchant Systems shall transfer to the Bureau or the Bureau's agent, according to the Bureau's instructions, all funds held in reserve or as retainage for SPPS.

15

       f. Stipulating Defendants hereby grant to the Bureau all rights and claims they have to the funds in the accounts listed in subsections a through g above, and shall forfeit any rights to those funds.

19.    The Preliminary Injunction [ECF No. 16] is modified to permit the transfers identified in Paragraph 18. Upon completion of those transfers, the Preliminary Injunction's asset freeze as to the Stipulating Defendants is dissolved.

20.    With regard to any redress that Stipulating Defendants pay under this Section, if Stipulating Defendants, or either of them, directly or indirectly, receive any reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, or if Stipulating Defendants, or either of them, secure a tax deduction or tax credit with regard to any federal, state, or local tax, Stipulating Defendants must: (a) immediately notify the Enforcement Director in writing, and (b) within 10 days of receiving the funds or monetary benefit, the Stipulating Defendant who received the funds or monetary benefit must transfer to the Bureau the full amount of such funds or monetary benefit ("Additional Payment") to the Bureau or to the Bureau's agent according to the Bureau's wiring instructions. After the Bureau receives the Additional Payment, the amount of the suspended judgment referenced in Paragraph 17 will be reduced by the

amount of the Additional Payment and the Additional Payment will be applied toward satisfaction of the monetary judgment entered in Paragraph 17.

21.     Any funds received by the Bureau in satisfaction of this judgment will be deposited into a fund or funds administered by the Bureau or to the Bureau's agent according to applicable statutes and regulations to be used for redress for Affected Consumers, including, but not limited to, refund of moneys, restitution, damages or other monetary relief, and for any attendant expenses for the administration of any such redress.

22.     If the Bureau determines, in its sole discretion, that redress to consumers is wholly or partially impracticable or if funds remain after redress is completed, the Bureau will deposit any remaining funds in the U.S. Treasury as disgorgement. Stipulating Defendants will have no right to challenge any actions that the Bureau or its representatives may take under this Section.

23.     Payment of redress to any Affected Consumer under this Order may not be conditioned on that Affected Consumer waiving any right.

## VIII.

## Effect of Misrepresentation or Omission
## Regarding Financial Condition

**IT IS FURTHER ORDERED** that:

24.     The Bureau's agreement to enter into this Order and the
suspension of the monetary judgment entered in Section VII of this Order is
expressly premised on the truthfulness, accuracy, and completeness of
Stipulating Defendants' financial statements and supporting documents
submitted to the Bureau, which Stipulating Defendants have attested,
subject to the penalties imposed by 18 U.S.C. §§ 1001 and 3571, are truthful,
accurate, and complete, and which are:

> a.  Financial Statement of Khan, including any attachments,
> executed on April 7, 2015 and submitted to the Bureau on or
> about that date;

> b.  Updated Financial Statement of Khan, including the
> attachments, signed on August 19, 2019, and submitted to the
> Bureau on or about that date;

> c.  Financial Statement of SPPS, including any attachments,
> executed on April 7, 2015 and submitted to the Bureau on or
> about that date;

    d. Updated Financial Statement of SPPS, including any

       attachments, executed on August 19, 2019 and submitted to

       the Bureau on or about that date.

25.    If upon motion by the Bureau, the Court determines that a Stipulating Defendant has failed to disclose any material asset or that any of their Financial Statements listed in Paragraph 24 contain any material misrepresentation or omission, including materially misstating the value of any asset, the Court shall terminate the suspension of the monetary judgment entered in Section VII of this Order and the full judgment of $ 633,710.00 entered shall be immediately due and payable, less any amounts paid under Paragraphs 18 and 20.

26.    If the Court terminates the suspension of the monetary judgment under this Section, the Bureau will be entitled to interest on the Order, computed from the date of entry of this Order, at the rate prescribed by 28 U.S.C. § 1961, as amended, on any outstanding amounts not paid.

27.    Provided, however, that in all other respects this Order shall remain in full force and effect unless otherwise ordered by the Court; and, provided further, that proceedings instituted under this provision would be in addition to, and not in lieu of any other civil or criminal remedies as may be provided by law, including any other proceedings that the Bureau may initiate to enforce this Order.

19

## IX.
## Order To Pay Civil Money Penalties

**IT IS FURTHER ORDERED** that:

28.     Under section 1055(c) of the CFPA, <u>12 U.S.C. § 5565(c)</u>, by reason of Khan's violation of the CFPA described in the March 21, 2019 Decision and by reason of the other alleged violations of law by Stipulating Defendants described in the Complaint, and taking into account the factors in <u>12 U.S.C. § 5565(c)(3)</u>, each Stipulating Defendant must pay a civil money penalty of $1.00 to the Bureau. This nominal penalty is based on Stipulating Defendants' limited ability to pay as attested to in their financial statements listed in Section VIII above.

29.     Within 10 days of the Effective Date, Stipulating Defendants must pay the civil money penalty by wire transfer to the Bureau or to the Bureau's agent in compliance with the Bureau's wiring instructions.

30.     The civil money penalties paid under this Order will be deposited in the Civil Penalty Fund of the Bureau as required by section 1017(d) of the CFPA, <u>12 U.S.C. § 5497(d)</u>.

31.     Stipulating Defendants must treat the civil money penalty paid under this Order as a penalty paid to the government for all purposes.

32.     Regardless of how the Bureau ultimately uses those funds, Respondent may not:

a. Claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any civil money penalty paid under this Consent Order; or

b. Seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, with regard to any civil money penalty paid under this Consent Order.

## X.

### Additional Monetary Provisions

**IT IS FURTHER ORDERED** that:

33.     In the event of any default on Stipulating Defendants' obligations to make payment under this Order, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding amounts not paid from the date of default to the date of payment, and will immediately become due and payable.

34.     Stipulating Defendants relinquish all dominion, control, and title to the funds paid under this Order to the fullest extent permitted by law and no part of the funds may be returned to Stipulating Defendants.

35.     The facts alleged in the Complaint will be taken as true and be given collateral estoppel effect, without further proof, in any proceeding based on the entry of the Order, or in any subsequent civil litigation by or on

behalf of the Bureau in a proceeding to enforce its rights to any payment or monetary judgment under this Order, such as a nondischargeability complaint in any bankruptcy case.

36.     The facts alleged in the Complaint establish all elements necessary to sustain an action by the Bureau under to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and for such purposes this Order will have collateral estoppel effect against each Stipulating Defendant, even in such Stipulating Defendant's capacity as debtor-in-possession.

37.     Under 31 U.S.C. § 7701, Stipulating Defendants, unless they have already done so, must furnish to the Bureau their taxpayer identifying numbers, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

38.     Within 30 days of the entry of a final judgment, consent order, or settlement in a Related Consumer Action, Stipulating Defendants must notify the Enforcement Director of the final judgment, consent order, or settlement in writing. That notification must indicate the amount of redress, if any, that Stipulating Defendants, or either of them, paid or is required to pay to consumers and describe the consumers or classes of consumers to whom that redress has been or will be paid.

39.     To preserve the deterrent effect of the civil money penalty in any Related Consumer Action, Stipulating Defendants may not argue that they

are entitled to, nor may any Stipulating Defendant benefit by, any offset or reduction of any monetary remedies imposed in the Related Consumer Action because of the civil money penalty paid in this action. If the court in any Related Consumer Action offsets or otherwise reduces the amount of compensatory monetary remedies imposed against any Stipulating Defendant based on the civil money penalty paid in this action or based on any payment that the Bureau makes from the Civil Penalty Fund, Stipulating Defendant must, within 30 days after entry of an Order granting such offset or reduction, notify the Bureau and pay the amount of the offset or reduction to the U.S. Treasury. Such a payment will not be considered an additional civil money penalty and will not change the amount of the civil money penalty imposed in this action.

## COMPLIANCE PROVISIONS

### XI.

### Reporting Requirements

**IT IS FURTHER ORDERED that:**

40.    Stipulating Defendants must notify the Bureau of any development that may affect compliance obligations arising under this Order, including but not limited to, a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor company to SPPS; the creation or dissolution of a subsidiary, parent, or affiliate that engages in

23

any acts or practices subject to this Order; the filing of any bankruptcy or insolvency proceeding by or against Stipulating Defendants or either of them; or a change in Stipulating Defendants' names or addresses. Stipulating Defendants must provide this notice, if practicable, at least 30 days before the development, but in any case no later than 14 days after the development.

41.     Within 7 days of the Effective Date, Stipulating Defendants must each:

      a. Designate at least one telephone number and email, physical, and postal address as points of contact, which the Bureau may use to communicate with Stipulating Defendants;

      b. Identify all businesses for which a Stipulating Defendant is the majority owner, or that a Stipulating Defendant directly or indirectly controls, by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

      c. Describe the activities of each such business, including the products and services offered, and the means of advertising, marketing, and sales.

      d. Identify Khan's telephone numbers and all email, Internet, physical, and postal addresses, including all residences;

24

    e. Describe in detail Khan's involvement in any business for which he performs services in any capacity or which he wholly or partially owns, including Khan's title, role, responsibilities, participation, authority, control, and ownership.

  42. Stipulating Defendants must report any change in the information required to be submitted under Paragraph 41 at least 30 days before the change or as soon as practicable after the learning about the change, whichever is sooner.

  43. Within 90 days of the Effective Date and again one year after the Effective Date, Khan must submit to the Enforcement Director an accurate written compliance progress report sworn to under penalty of perjury ("Compliance Report"), which, at a minimum:

    a. Lists each applicable paragraph and subparagraph of the Order and describes in detail the manner and form in which Stipulating Defendants have complied with each such paragraph and subparagraph of this Order;

    b. Attaches a copy of each Order Acknowledgment obtained under Section XII, unless previously submitted to the Bureau.

## XII.

### Order Distribution and Acknowledgement

**IT IS FURTHER ORDERED** that:

44.     Within 7 days of the Effective Date, Stipulating Defendants must submit to the Enforcement Director an acknowledgment of receipt of this Order, sworn under penalty of perjury.

45.     For 10 years from the Effective Date, Khan must, for any business that provides Consumer Financial Products or Services or acts as a Service Provider for such a business, and for which he is the majority owner or which he directly or indirectly controls, deliver a copy of this Order to any managers, employees, or other agents and representatives who will have responsibilities related to Consumer Financial Products or Services before they assume their responsibilities.

46.     Khan must, through his counsel, deliver a copy of this Order to the bar of any State of the United States to which he has applied or will apply for admission to practice as an attorney, in addition to any disclosure requirements of such bar.

47.     Stipulating Defendants must secure a signed and dated statement acknowledging receipt of a copy of this Order, ensuring that any electronic signatures comply with the requirements of the E-Sign Act, 15

U.S.C. § 7001 *et seq.*, within 30 days of delivery, from all persons receiving a copy of this Order under this Section.

## XIII.

## Record-keeping

**IT IS FURTHER ORDERED** that:

48.     Stipulating Defendants must create, or if already created, must retain for the duration of the Order, all documents and records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Bureau.

## XIV.

## Notices

**IT IS FURTHER ORDERED** that:

49.     Unless otherwise directed in writing by the Bureau, Stipulating Defendants must provide all submissions, requests, communications or other documents relating to this Order in writing, with the subject line, "In re CFPB v. Universal Debt & Payment Solutions LLC, et al., ENF Matter No. 2013-0916-2," and send them by overnight courier or first-class mail to the below address and contemporaneously by email to Enforcement_Compliance@cfpb.gov:

> Assistant Director for Enforcement
> Consumer Financial Protection Bureau
> ATTENTION:  Office of Enforcement

1700 G Street, N.W.
Washington, D.C. 20552

## XV.

## Cooperation with the Bureau

**IT IS FURTHER ORDERED** that:

50.     Stipulating Defendants must cooperate fully to help the Bureau determine the identity and location of, and the amount of injury sustained by, each Affected Consumer. Each Stipulating Defendant must provide such information in its or its agents' possession or control within 14 days of receiving a written request from the Bureau.

51.     Stipulating Defendants must cooperate fully with the Bureau in this matter and in any investigation related to or associated with the conduct described in the Complaint, the March 21, 2019 Decision, or Section I herein. Stipulating Defendants must provide truthful and complete information, evidence, and testimony. Khan must appear and SPPS must cause its officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that the Bureau may reasonably request upon 10 days written notice, or other reasonable notice, at such places and times as the Bureau may designate, without the service of compulsory process.

## XVI.

## Compliance Monitoring

**IT IS FURTHER ORDERED that**, to monitor Stipulating Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended:

52.     Within 14 days of receipt of a written request from the Bureau, Stipulating Defendants must submit requested non-privileged information related to requirements of this Order, which must be made under penalty of perjury; provide sworn testimony related to requirements of this Order and Stipulating Defendants' compliance with those requirements; or produce non-privileged documents related to requirements of this Order and Stipulating Defendants' compliance with those requirements.

53.     For purposes of this Section, the Bureau may communicate directly with Stipulating Defendants, unless Stipulating Defendants retain counsel related to these communications.

54.     Stipulating Defendants must permit Bureau representatives to interview about the requirements of this Order and Stipulating Defendants' compliance with those requirements any employee or other person affiliated with Stipulating Defendants who has agreed to such an interview. The person interviewed may have counsel present.

55.     Nothing in this Order limits the Bureau's lawful use of civil investigative demands under 12 C.F.R. § 1080.6 or other compulsory process.

## XVII.

### Miscellaneous

**IT IS FURTHER ORDERED** that:

56.     If any clause, provision, or section of this Order shall, for any reason, be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other clause, provision, or section of this Order and this Order shall be construed and enforced as if such invalid, illegal, or unenforceable clause, provision, or section had not been contained herein.

57.     Nothing contained herein shall be construed as to deprive any Person, not a party to this case, of any private right under the law.

58.     The Bureau may serve Stipulating Defendants, directly or through their attorneys, via electronic mail any written notices required or permitted to be served pursuant to this Order.

## XVIII.

### Entry of Judgment

**IT IS FURTHER ORDERED** that:

59.     There is no just reason for delay of entry of this judgment, and under Federal Rule of Civil Procedure 54(b), the Clerk immediately shall

30

enter this Order as a final judgment as to Stipulating Defendants Sumant

Khan and S Payment Processing & Solutions, LLC.

## XIX.

### Retention of Jurisdiction

**IT IS FURTHER ORDERED** that:

60.    This Court will retain jurisdiction of this matter for purposes of

construction, modification, and enforcement of this Order.

**IT IS SO ORDERED**, *August 21*      , 2019.


The Honorable Richard Story
United States District Judge