**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL DEBT & PAYMENT SOLUTIONS, LLC; *et al.*<br><br>Defendants. | Civil Action No. 1:15-CV-0859-RWS |

**CONSUMER FINANCIAL PROTECTION BUREAU'S RESPONSE IN OPPOSITION TO DEFENDANT TASHA PRATCHER'S <u>MOTION TO VACATE SUMMARY JUDGMENT ORDER</u>**

# TABLE OF CONTENTS

**I.** Summary of Argument .......... 1

**II.** The Motion is Procedurally Barred .......... 4

**III.** The Motion is Substantively Meritless .......... 5

A. Pratcher shows no fraud, misrepresentation, or misconduct by the Bureau .......... 5

1. The Bureau produced Defendants' bank-account records in discovery .......... 7
2. There is nothing improper in the Bureau's not naming other purported debt collectors as defendants in this action .......... 7

B. No other reason justifies the relief Pratcher seeks .......... 11

**IV.** Conclusion .......... 11

# TABLE OF AUTHORITIES

Cases

*Brown v. Wal-Mart Stores East, L.P.*, No. 1:16-cv-111-WSD, 2017 WL 3608186, (N.D. Ga. Aug. 22, 2017) .......... 4

*Bryan v. Murphy,* 246 F. Supp. 2d 1256, (N.D. Ga. 2003) .......... 4

*Coleman v. Clayton Cnty.*, No. 1:06-CV-1207-JEC, 2007 WL 757812, (N.D. Ga. Mar. 7, 2007) (citing *Linet v. Vill. of Wellington,* 408 F.3d 757, 763 (11th Cir. 2005) .......... 5

*FTC v. Nat'l Urological Group*, No. 1:04-CV-3294-CAP, 2014 WL 12797855, (N.D. Ga. 2014) (citing *Rease v. AT&T Corp.*, 358 Fed. App'x 73, 75 (11th Cir. 2009) .......... 11

*Linet v. Vill. of Wellington,* 408 F.3d 757 (11th Cir. 2005) .......... 5

*Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) .......... 8

*Thornton v. Unified Government of Athens-Clarke County*, No. 3:17-CV-112 (CDL), 2018 WL 2728030, (M.D. Ga. June 6, 2018) .......... 4

*Waddell v. Hendry Cty Sheriff's Offic*e, 329 F.3d 1300, 1309 (11th Cir. 2003) 6

Federal Rules

Fed. R. Civ. P. 59(e) .......... 4

Fed. R. Evid. 401 .......... 10

Plaintiff, the Consumer Financial Protection Bureau ("Bureau"), responds to Defendant Tasha Pratcher's Motion to Vacate Summary Judgment Order [ECF No. 595] ("Motion"), directed at the Court's March 21, 2019 Opinion and Order [ECF No. 576] ("Order")[1] as follows:

## I. Summary of Argument

The Motion is procedurally deficient and substantively meritless. Pratcher asks the Court to reconsider the Order granting summary judgment against her. Yet Pratcher's Motion does not mention that she failed entirely to respond to the Bureau's Motion for Summary Judgment[2] or that the Court denied her request to file an out-of-time response.[3] Having raised no arguments in opposition to summary judgment before the Order was entered, Pratcher's attempt to travel back in time and litigate summary judgment should be rejected.

Pratcher's main contentions are that (i) she did not receive $120,000 from Defendants' debt-collection scheme because some of the money she received from Defendant and debt collector WNY Account Solutions

---

[1] Pratcher filed a similar motion earlier this year [ECF No. 589] but withdrew it [ECF No. 593] after the Bureau filed its opposition brief [ECF No. 590].
[2] ECF No. 541.
[3] ECF No. 576 at 24.

(WNYAS) was rental income or financial support from her husband;[4] (ii) the Bureau wrongly failed to disclose that other individuals who are not defendants used some of the Defendants' merchant accounts to collect debts;[5] (iii) Pratcher's company, RX Office Solutions LLC, was not the subject of consumer complaints summarized by the Bureau in connection with the Motion for Summary Judgment and its merchant account had different chargeback rates than did Defendants such as Credit Power LLC;[6] and (iv) the Preliminary Injunction[7] was "administered in a discriminatory manner"[8] because the Bureau did not name certain individuals as defendants in this action and because another Defendant obtained leave to collect certain rents.

On a substantive level, Pratcher's arguments are conclusory, unsupported by evidence, and irrelevant. Pratcher's filing is neither sworn nor signed under penalty of perjury in conformity with 28 U.S.C. § 1746. She attaches a purported 2015 affidavit from a Tabitha Wright that appears to be manufactured and in any case is irrelevant to the legal standards for reconsideration of the Order. Pratcher's protestations that the Bureau

---

[4] Mot. 1-2. (The Motion's pages are not numbered, so the Bureau refers to the page numbers created by ECF when the document was filed.)
[5] Mot. 2.
[6] *Id.*
[7] ECF No. 16.
[8] Mot. 2.

mischaracterized the amounts she received from Defendants' debt-collection scheme are both conclusory and wrong. Her complaints that other individuals were not named as defendants and that her company's chargeback rates were not compared to certain Defendants' rates are irrelevant. And her accusation that the Bureau concealed bank-account or other information during discovery is false.

Finally, the Bureau objects to the repeated scandalous filings by Pratcher and her husband, Defendant Marcus Brown.[9] These Defendants irresponsibly fling accusations of bad faith and misconduct against named Bureau employees in public documents, without any procedural or substantive basis.

---

[9] *See* ECF Nos. 550 (Marcus Brown Motion to Depose and Sanction CFPB) (filed on 9/18/18, more than one year after the close of discovery); 571 (Marcus Brown's Statement in Support of Tasha Pratcher's Motion for an Extension of Time to Reply to Plaintiff Consumer Financial Protection Bureau's Motion for Sanctions); 574 (Marcus Brown's Affidavit in Support of Motion to Depose and Sanction CFPB) (filed more than 10 weeks after due date and making new allegations unrelated to his original motion); 589 (Tasha Pratcher's Motion to Vacate Summary Judgment Order) (withdrawn after Bureau filed its opposition brief); 595 (Tasha Pratcher's Motion to Vacate Summary Judgment Order). Each filing accuses named Bureau attorneys and staff of misconduct without any basis other than the Defendants' own assertions.

## II. The Motion is Procedurally Barred

Pratcher appears to premise the relief she seeks on Rule 60(b) of the Federal Rules of Civil Procedure or as a motion for reconsideration. Either way, Pratcher's failure to respond to the Motion for Summary Judgment is fatal. With respect to relief under Rule 60(b), Pratcher's Motion offers no reason at all for her failure to respond to the Motion for Summary Judgment. Consequently, she has not demonstrated excusable neglect under Rule 60(b)(1), as she must to prevail under that rule.[10]

To the extent the Motion is construed as seeking reconsideration under Rule 59(e), it is not only untimely under Local Rule 7.2(E) and Federal Rule of Civil Procedure 59(e),[11] but it is also entirely without basis. Reconsideration is called for only where there is: "1) newly discovered evidence; 2) an intervening development or change in controlling law; or 3) a need to correct a clear error of law or fact."[12] All of the Motion's arguments

---

[10] *Brown v. Wal-Mart Stores East, L.P.*, No. 1:16-cv-111-WSD, 2017 WL 3608186, at *2 (N.D. Ga. Aug. 22, 2017) (holding that failure to raise argument in summary-judgment brief bars relief under Rule 60(b)(1)); *Thornton v. Unified Government of Athens-Clarke County*, No. 3:17-CV-112 (CDL), 2018 WL 2728030, at *2 (M.D. Ga. June 6, 2018) (*pro se* litigant failed to show excusable neglect under Rule 60(b)(1) for not answering counterclaim).

[11] Fed. R. Civ. P. 59(e) (requiring motions for reconsideration to be filed within 28 days of entry of order or judgment); L.R. 7.2(E) (same).

[12] *Bryan v. Murphy,* 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003).

could have been presented in summary-judgment briefing. None of them rely on newly discovered evidence, a change in the law, or an error in the Order. Parties cannot use a motion for reconsideration to "relitigate old matters" or "raise argument[s] . . . that could have been raised prior to the entry of judgment."[13] Yet that is exactly what Pratcher attempts here—to litigate arguments that she could have raised, but did not, during summary judgment briefing. For the foregoing reasons alone, the Court should deny the Motion.

## III. The Motion is Substantively Meritless

Of the remaining Rule 60(b) grounds that Pratcher may be relying on, subparts (b)(2), (b)4), and (b)(5) must be eliminated. Pratcher does not rely on newly discovered evidence, does not assert the Order is void, and does not claim the Order is satisfied or otherwise inapplicable. That leaves the Motion to rest on Rule 60(b)(3) or (b)(6).

### A. Pratcher shows no fraud, misrepresentation, or misconduct by the Bureau.

Rule 60(b)(3) permits relief where the movant shows fraud, misrepresentation, or misconduct by an opposing party. "[T]he moving party

[13] *Coleman v. Clayton Cnty.*, No. 1:06-CV-1207-JEC, 2007 WL 757812, at *1 (N.D. Ga. Mar. 7, 2007) (citing *Linet v. Vill. of Wellington,* 408 F.3d 757, 763 (11th Cir. 2005)).

must prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct. The moving party must also demonstrate that the conduct prevented them from fully presenting his case."[14]

In the Motion, Pratcher accuses the Bureau of the following misconduct: (i) failing to produce bank records and checks of certain Defendant entities during discovery;[15] (ii) "inflating" the amount that Pratcher received from the debt-collection scheme;[16] (iii) failing to tell the Court that there were other "users" of Pratcher's and other Defendants' merchant accounts and to perform a calculation of how much money those users received from Defendants;[17] and (iv) failing to disclose the content of communications that Pratcher speculates occurred between the Bureau and those other "users."[18] Those assertions, however, are unsupported by any admissible evidence, belied by the record, and irrelevant to Pratcher's liability.

---

[14] *Waddell v. Hendry Cty Sheriff's Offic*e, 329 F.3d 1300, 1309 (11th Cir. 2003) (citation omitted); *Palumbo v. Weill*, No. 1:11–CV–2466–RWS–SSC, 2013 WL 1136842, at *1 (N.D. Ga. Mar. 18, 2013) (Story, J.) (*pro se* litigant failed to show fraud or misconduct under Rule 60(b)(3)).
[15] Mot. 1, 10, 12, 14.
[16] *Id.* at 2, 12.
[17] *Id.* at 2, 5-12.
[18] Mot. at 7, 12.

**1. The Bureau produced Defendants' bank-account records in discovery.**

Pratcher's accusation that the Bureau did not produce check images and other bank-account information is unsupported by any sworn affidavit or duly executed declaration, and it is false. The Bureau produced the records to Pratcher's then-attorney, Etido Udousoro, on February 22, 2016.[19] If Pratcher had wanted to persuade the Court during summary-judgment briefing that the $122,910 she received from Defendant WNYAS was attributable to rental income[20] or sources other than debt collection, she could have attempted to do so. But she did not.

**2. There is nothing improper in the Bureau's not naming other purported debt collectors as defendants in this action.**

[19] Ex. 1, Decl. of Douglas Lohr dated Sept. 9, 2019; Attach. A to Ex. 2, Decl. of Chanea Montgomery-Jones dated Sept. 9, 2019 (Bureau cover letter to Ms. Udousoro).

[20] Pratcher's claim to be entitled to rental income from the real property at 150 Parkridge, Mot. 3, 15, is also false. Erie County records show that the owner is Defendant WNY Solutions Group, LLC (WNYSG). Attach. B to Ex. 2, Montgomery-Jones Decl. The Bureau has filed a motion for additional contempt sanctions against Pratcher based on her violations of the Preliminary Injunction's asset freeze in connection with real properties that she and other Defendants own or owned. *See* ECF No. 551 (Bureau's Supplemental Motion for Contempt Sanctions Against Defendant Tasha Pratcher).

The Bureau was under no obligation to sue every individual who may have engaged in misconduct in connection with Defendants' debt-collection scheme. "It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."[21] Indeed, the Order does not presume that the unlawful debt-collection scheme involved *only* the named Defendants. To the contrary, the Order and the evidence submitted by the Bureau both refer to others— including managers;[22] collector employees;[23] Jamarrow West;[24] and Robert Whitaker,[25] (two of the "users" mentioned in Pratcher's Motion) who were involved in Defendants' phantom-debt-collection activities.

As to Pratcher's apparent theory that other users of Defendants' merchant accounts were debt collectors whose financial benefit from the scheme should reduce any judgment against her, Pratcher had several means at her disposal during discovery and summary-judgment briefing to pursue that argument. She could have sought discovery from those individuals. She

---

[21] *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990).
[22] ECF No. 452, Bureau's Statement of Material Undisputed Facts ("SMUF"), (Nov. 15, 2017), ¶ 84.
[23] Order at 6, 9-11, 27; SMUF ¶¶ 84, 211-13, 219, 228, 299, 310, 338-39.
[24] ECF No. 13-1, Declaration of Lauren Black executed April 6, 2015, ¶¶ 3, 11-12.
[25] SMUF ¶¶ 100-02.

could have filed a third-party complaint against those individuals. She could have responded to the Motion for Summary Judgment with evidence about how much money those individuals allegedly received from debt collection.[26] Those actions were within Pratcher's control, not the Bureau's.[27]

In addition, Pratcher's contentions about the role of other users of the Defendants' merchant accounts are irrelevant to whether she herself violated

---

[26] Pratcher could also have submitted the purported 2015 Tabitha Wright affidavit, Mot. Ex. I, to the Court. However, this affidavit is suspect on its face. The purported affidavit was never disclosed to the Bureau during discovery or otherwise and has never been submitted to the Court until now. The bottom one-third of the document, which contains the signature of Wright and the notarization stamp and date is identical to an affidavit of Tabitha Wright that Marcus Brown submitted as part of his initial disclosures in this case. In addition, the two affidavits address the same event — Ms. Wright's questioning during law enforcement's access of Defendants' offices — but the content of the affidavits are otherwise substantively different. *Compare* Mot. Ex. I *with* pdf pages 4-5 of Attach. C to Montgomery-Jones Decl. (Marcus Brown's Amended Initial Disclosures under Rule 26(a)(1) and Local Rule 26.1, dated Sept. 22, 2016). The Bureau reserves its right to seek sanctions or other relief based on this apparent forging and manufacture of the "new" Wright affidavit. For purposes of the instant Motion, the Wright affidavit adds nothing to Pratcher's meritless arguments.

[27] Pratcher now claims to have substantive knowledge of the debt collectors' operations and the actions of individuals associated with the scheme, Mot. 2-11, but she previously testified that she was uninformed about the business of Defendants WNYSG, WNYAS, and Universal Debt Solutions LLC and wasn't aware of any employees, partners, or owners of those Defendants other than Marcus Brown. Attach. D to Montgomery-Jones Decl., Pratcher Dep. Tr. (Apr. 10, 2015) at 27:7-29:10, 77:15-24, 88:6-89:7. Pratcher's contradiction of her prior sworn testimony is another reason to view the Motion with skepticism.

the CFPA and the FDCPA. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[28] The acts Pratcher claims were done by others do not change Pratcher's own liability. Similarly, Pratcher's assertion that the Bureau should have calculated and compared chargeback rates for her company, RX Office Solutions, with those of other Defendants' merchant accounts, is a red herring. The Court found Pratcher liable based on a variety of her own actions and her coordination with Defendant Marcus Brown to further the debt-collection scheme.[29] None of Pratcher's arguments call into question those findings.

Finally, Pratcher's complaint that the Preliminary Injunction was enforced unfairly as to her[30] is incorrect, irrelevant to the findings in the Order, and not a basis for relief. After entry of the Preliminary Injunction, Marcus Brown filed a motion requesting that the Court allow him to continue receiving rents from the Real Estate of Distinction properties purchased

---

[28] Fed. R. Evid. 401.
[29] ECF No. 576 at 8-9, 30-31.
[30] Mot. 2, 13.

before the scheme started.[31] The Court granted that request.[32] Pratcher never filed such a motion and cannot now be heard to complain that the Preliminary Injunction was enforced unfairly.

### B. No other reason justifies the relief Pratcher seeks.

Should the Motion be construed as a petition for relief under Rule 60(b)(6), Pratcher has failed to carry her burden under that rule. Rule 60(b)(6) allows relief from a final judgment or order for "any other reason that justifies relief." The Eleventh Circuit has held that "[r]elief under Rule 60(b)(6) 'is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances,' and that, 'absent such relief, an extreme and unexpected hardship will result.'"[33] The Motion presents no unusual circumstances; it is simply an attempt to litigate now matters that the movant could have litigated during summary-judgment briefing.

## IV. Conclusion

For the reasons stated, the Court should deny the Motion.

---

[31] ECF No. 72.
[32] ECF No. 143.
[33] *FTC v. Nat'l Urological Group*, No. 1:04-CV-3294-CAP, 2014 WL 12797855, at *1 (N.D. Ga. 2014) (citing *Rease v. AT&T Corp.*, 358 Fed. App'x 73, 75 (11th Cir. 2009) (internal quotation omitted)).

Dated: November 4, 2019

Respectfully Submitted,

Attorneys for Plaintiff
Consumer Financial Protection Bureau:

CARA PETERSEN
Acting Enforcement Director

DAVID RUBENSTEIN
Deputy Enforcement Director

THOMAS KIM
Assistant Deputy Enforcement Director

*/s/ Mary K. Warren*
_________________________________
Mary K. Warren (NY bar #2557684)
Rebecca J. Coleman (MD)
Maureen McOwen (DC bar # 976749)
ENFORCEMENT ATTORNEYS
1700 G Street NW
Washington, DC 20552
Phone (Warren): 202-435-9284
Phone (Coleman): 202-435-7541
Phone (McOwen): 202-435-9553
Email: Mary.Warren@cfpb.gov
Email: Rebecca.Coleman@cfpb.gov
Email: Maureen.Mcowen@cfpb.gov
Fax: 202-435-7722

and

Local Counsel

KURT ERSKINE, FIRST ASSISTANT
U.S. ATTORNEY

LORI BERANEK
ASSISTANT U.S. ATTORNEY

Georgia Bar No. 666825
600 Richard B. Russell Federal Bldg.
75 Spring Street, S.W.
Atlanta, GA 30303
Telephone: (404) 581-6225
Facsimile: (404) 581-6163
Email: lori.beranek@usdoj.gov

CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on this day a true and correct copy of the foregoing document was filed with the clerk of court using the CM/ECF system, which will automatically send email notification of the filing to all attorneys of record, and was mailed by United Parcel Service to the following defendants that do not have access to the CM/ECF system:

Mohan Bagga
6375 Whitestone Place
Duluth, GA 30097

Marcus Brown
142 Stratford Road
Buffalo, NY 14216

Sarita Brown
1440 Jefferson Ave., #233
Buffalo, NY 14208-1827

Tasha Pratcher
1070 Chestnut Ridge Road
Amherst, NY 14228

WNY Account Solutions
c/o Marcus Brown
142 Stratford Road
Buffalo, NY 14216

*/s/ Mary K. Warren*

November 4, 2019

Enforcement Attorney