UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CONSUMER FINANCIAL
PROTECTION BUREAU,

              Plaintiff,        Case No.: 1:15-CV-00859-RWS

vs.

UNIVERSAL DEBT & PAYMENT
SOLUTIONS, LLC, *et al.*,

              Defendants.
_____/

### RECEIVER'S MOTION TO COMPEL FRONTLINE PROCESSING CORP. TO COMPLY WITH RECORDS SUBPOENA

MARK J. BERNET (the "Receiver"), as receiver for Universal Debt & Payment Solutions, LLC, Universal Debt Solutions, LLC, Check & Credit Recovery, LLC, Credit Power, LLC, WNY Account Solutions, LLC, WNY Solutions Group, LLC, Real Estate of Distinction, LLC, and Rx Office Solutions, LLC (collectively the "Receivership Entities"), moves the Court for entry of an order compelling FRONTLINE PROCESSING CORP. ("Frontline") to comply with the Receiver's records subpoena and provide information relating to the

Receivership Entities. As set forth in further detail below, Frontline has refused to respond to the Receiver's records subpoena in any fashion, and has ignored the Receiver's repeated requests that it provide the requested documents, necessitating that the Receiver proceed with this motion under Rule 37(a), Fed. R. Civ. P., and under the Court's Receivership Order.

In support of its motion the Receiver submits the accompanying memorandum.

## MEMORANDUM

A.   The Receiver Issues a Records Subpoena to Frontline.

On May 29, 2020, the Receiver issued a subpoena *duces tecum* addressed to Frontline, commanding it to produce records on June 19, 2020, at a court reporter's office located within 100 miles of Frontline's home office in Montana. *See* Exhibit "1." On June 1, 2020, the Receiver sent a courtesy copy of the records subpoena to Joseph Gleason, Frontline's attorney herein. *See* Exhibit "2." The subpoena was duly served by a process server on June 8, 2020. *See* Exhibit "3."

On June 19, 2020, Mr. Gleason sent an e-mail to the Receiver advising that Frontline was working on its response and needed an additional week to produce documents. The Receiver agreed with Mr. Gleason's request and extended the deadline to June 26, 2020. *See* Exhibit "4."

Unfortunately, Frontline did not respond to the subpoena by the extended deadline. On June 29, 2020, the Receiver sent an e-mail letter asking Mr. Gleason to contact him to let him know when Frontline intended to respond to the subpoena. *See* Exhibit "5." There was no response to the June 29, 2020 letter. On July 1, 2020, the Receiver sent a second letter to Mr. Gleason concerning Frontline's failure to respond. *See* Exhibit "6." There was no response to the July 1, 2020 letter. As of the date of this motion Frontline continues to ignore its obligation to produce records in response to the Receiver's records subpoena.

B. The Documents the Receiver Seeks.

The Receiver's records subpoena requests that Frontline provide documents in two general categories: Documents to enable the Receiver to identify consumer-victims of the underlying debt-collection scam (requests 1 – 3), and documents pertaining to $179,352.06 of credit card reserves Frontline refuses to turn over to the Receiver (requests 4 & 5).

1. Identifying Consumer-Victims.

In its February 19, 2020 *Order* (doc. no. 624) ("Receivership Order"), among other things the Court appointed the Receiver and directed him to "protect the interests of Affected Consumers and creditors who have transacted business with the Receivership Entities." Receivership Order, Ex. A, Section III. g

(beginning on p. 35 of the docketed entry).[1]  The Court also directed the Receiver to "[t]ake all steps necessary or advisable, including issuing subpoenas, to identify Affected Consumers, including name, address, telephone number, e-mail address, total amount paid, amount of any full or partial refund or chargeback, and payment information."  Receivership Order, Ex. A, Section III. p. (beginning on p. 38 of the docketed entry).

Consistent with the Court's Receivership Order, the Receiver is attempting to locate records sufficient for him to identify the Affected Consumers so that he can communicate with them and, at the appropriate time, provide consumer redress.  Frontline is an independent sales organization ("ISO") that worked with payment processor Global Payments to process credit card payments for the benefit of the Receivership Entities, as merchants, prior to the commencement of this case.[2]  The records subpoena to Frontline seeks documents that would enable the Receiver, potentially, to create a database identifying Affected Consumers.  Frontline's refusal to comply with the records subpoena is hindering the Receiver's ability to create the database.

---

[1] The term "Affected Consumer" is defined in the Receivership Order as "an Consumer who paid money to the [Debt Collection Defendants] between March 1, 2011, and March 31, 2015."

[2] The Receiver served similar records subpoenas to Global Payments, Francis David Corp., and Pathfinder Payment Solutions.  Each of these parties has duly responded to their records subpoenas.

4

2.      The Missing $179,352.06 in Credit Card Reserves.

In the Receivership Order the Court directed the Receiver to "[t]ake exclusive custody, control, and possession of all Assets and Documents of . . . the Receiver Entities, wherever situated" and it also provided that "[t]he Receiver shall have full power to . . . collect, receive, take into possession, hold, and manage all Assets . . . of the Receivership Entities. . . ."  Receivership Order, Ex. A, Section III. b (beginning on p. 33 of the docketed entry).  The Court also directed the Receiver to "[c]onserve, hold, and manage all Assets of the Receivership Entities, and perform all acts necessary or advisable to preserve the value of those Assets. . . ." Receivership Order, Ex. A., Section III. d (beginning on p. 35 of the docketed entry).

On April 9, 2015, and as directed by the Court's April 7, 2015 *Preliminary Injunction with Asset Freeze, Expedited Discovery and other Equitable Relief* ("Preliminary Injunction") (doc. no. 16), Kori Marolf of Frontline executed an affidavit stating in part:

> 5.      Frontline identified the following accounts held by the Debt Collectors as identified [in the Preliminary Injunction]:
>
> a.      UDPS:
>
> i.      Universal Debt & Payment Solution, reserve account for merchant account 8788370013623.  Reserve balance is currently $98,437.83.

      b.    Credit Power

         i.    Credit Power LLC, reserve account for merchant account 8788370013280. Reserve balance is currently $80,914.23.

The Receiver has confirmed that on April 15, 2015, and despite the asset freeze provisions of the Court's TRO and Preliminary Injunction, Global Payments transferred the credit card reserves referenced in the Marolf Affidavit to Frontline. By his subpoena, the Receiver is seeking documents from Frontline pertaining to these missing reserves. Frontline's refusal to comply with the records subpoena is hindering the Receiver's ability to take possession of these credit card reserves.

    C.    <u>The Receiver is Entitled to Records from Frontline</u>.

In Section VII of the Receivership Order (beginning on p. 48 of the docketed entry), the Court authorized the Receiver to engage in limited expedited discovery. Specifically, the Court authorized the Receiver (i) to take depositions on three days' notice, (ii) serve document requests requiring compliance within three calendar days, and (iii) serve records subpoenas requiring compliance within five calendar days. The records subpoena to Frontline, which was served June 8, 2020, afforded Frontline 11 calendar days to respond. The Receiver subsequently agreed to Frontline's request for a one-week

extension and likely would have agreed to additional reasonable extension requests if asked. Frontline has had ample time to provide the requested documents but, unfortunately, is unwilling to do so.[3]

Section IV of the Court's Receivership Order (beginning on p. 40 of the docketed entry) requires all persons with possession, custody or control of property or records relating to the Receivership Entities to cooperate with the Receiver by providing information to the Receiver that the Receiver deems necessary to exercise his authority under the Receivership Order. Frontline therefore is required to provide the requested records, even without any records subpoena. Frontline's refusal to provide the documents requested in the records subpoena, and its subsequent refusal even to acknowledge the Receiver's letters attempting to get it to comply, most decidedly are not consistent with the Court's cooperation directive.

Under the circumstances, the Receiver must request that the Court enter an order compelling Frontline to respond to the subpoena and produce the requested records. Frontline, as a party in this lawsuit, is subject to the jurisdiction of this Court, and so the Court may proceed under Rule 37, Fed. R. Civ. P. That rule authorizes a court to enter an order compelling discovery

---

[3] Frontline has never objected to the records subpoena. At this point any objections it may have had are waived.

against a party that has failed to respond adequately (or at all) to a proper discovery request. Alternatively, the Court may proceed under the provisions of the Receivership Order requiring all persons (i) to turn over relevant records concerning the Receivership Entities, and (ii) cooperate with the Receiver.[4] Regardless of the approach, Frontline should be directed to provide the requested information.

The Receiver certifies that, prior to filing this motion, he attempted in good faith to resolve the issues raised herein without the necessity of involving the Court. Specifically, the Receiver granted Frontline's request for additional time to provide the records, and also sent two letters to Frontline's attorney after the deadline passed attempting to get Frontline to respond to the records subpoena. However, despite those efforts, Frontline continues to ignore the Receiver's records subpoena, and it refuses to provide the requested records.

D.   Conclusion.

The Receiver served Frontline with a records subpoena commanding it to provide certain records relating to the Receivership Entities. The Receiver needs those records to assemble a database containing the names and contact information of the Affected Consumers who were injured by reason of the debt-

---

[4] At this time the Receiver does not request a contempt finding, but instead merely requests an order directing Frontline to provide the requested records.

collection scam that is the subject of this lawsuit. The Receiver also needs those records so that he can seek to recover credit card reserves. Frontline did not provide the requested documents, even after the Receiver granted its request for additional time. Frontline's counsel has not responded to the Receiver's letters reminding him that Frontline's response was overdue. Frontline's refusal to provide the subpoenaed records or cooperate with the Receiver violates (i) Rule 37, Fed. R. Civ. P., and (ii) the Court's Receivership Order. The Court therefore should enter an order directing Frontline to produce the requested documents immediately, and reserve jurisdiction to enter further orders as may be necessary to compel compliance and to compensate the receivership estate for the expense of this and any subsequent motion.

Dated:     July 10, 2020

                              */s/ Mark J. Bernet*
                              Mark J. Bernet, Receiver
                              Akerman LLP
                              401 E. Jackson Street, Suite 1700
                              Tampa, Florida  33602
                              Telephone:  (813) 223-7333
                              Facsimile:  (813) 218-5495
                              Email:  mark.bernet@akerman.com
                              Secondary:  brooke.rollins@akerman.com

CERTIFICATE OF SERVICE

I CERTIFY that on July 10, 2020, a copy of the foregoing was served by mail or e-mail to all parties on the attached service list.

/s/ *Mark J. Bernet*
Mark J. Bernet, Receiver

## SERVICE LIST

<u>Plaintiff</u>

John David Thompson, Esquire
Email: john.thompson@cfpb.gov

Mary Katharine Warren, Esquire
Email: mary.warren@cfpb.gov

Maureen Elin McOwen, Esquire
Email: maureen.mcowen@cfpb.gov

Rebecca J. Coleman, Esquire
Email: rebecca.coleman@cfpb.gov

Thomas Hyunchin Kim, Esquire
Email: thomas.kim@cfpb.gov

Lena Amanti, Esquire
Office of the United States Attorney-
    ATL600
Northern District of Georgia
Email: lena.amanti@usdoj.gov

<u>Defendants</u>

WNY Account Solutions, LLC
c/o Marcus Brown
142 Stratford Avenue
Buffalo, NY 14216

WNY Solutions Group, LLC
c/o Brian L. Ponder, Esquire
Brian Ponder LLP
Email: brian@brianponder.com

Marcus Brown
142 Stratford Avenue
Buffalo, NY 14216

Sarita Brown
1070 Chestnut Ridge Road
Amherst, NY 14228

Tasha Pratcher
1070 Chestnut Ridge Rd.
Amherst, NY 14228

Kevin Thomas Crocker, Esquire
Mitchell Lee Williamson, Esquire
Bradley M. Elbein, Esquire
Lauren Marshall Burnette, Esquire
Barron & Newburger, PC
Emails: kcrocker@bn-lawyers.com
           mwilliamson@bn-lawyers.com
           Belbein@culhanemeadows.com
           lburnette@messerstrickler.com

Francis David Corp.
c/o Benjamin Ockner, Esquire
Berns, Ockner & Greenberger, LLC
Email: bockner@bernsockner.com

Dolores Garcia-Prignitz, Esquire
Michael N. Ungar, Esquire
Ulmer & Berne, LLP
Emails: dgarciaprignitz@ulmer.com
           mungar@ulmer.com

Michael David Flint, Esquire
Email: mflint@swfllp.com
Schreeder Wheeler & Flint, LLP

Frontline Processing Corp.
Joseph John Gleason, Esquire
Gleason Law LLC
Email: joe@gleason.legal

Allyson B. Baker
Venable, LLP-DC
Email: abbaker@venable.com

Benjamin Eric Horowitz
Venable, LLP-DC
Email: behorowitz@venable.com

David Lee Feinberg
Venable, LLP-DC
Email: dlfeinberg@venable.com

James Douglas Baldridge
Venable, LLP-DC
Email: jdbaldridge@venable.com

Leonard L. Gordon
Venable, LLP-NY
Email: lgordon@venable.com

Michael J. Bresnick
Venable, LLP-DC
Email: mjbresnick@venable.com

53801479;1